**11 CIV. 8365**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter Lindner, pro se plaintiff

2011 NOV 16 P 5:12

U S DISTRICT COURT SDNY

*(In the space above enter the full name(s) of the plaintiff(s).)*

**COMPLAINT**

-against-

Court Security Officer (CSO) Newell, CSO Muschitello,
CSO John Doe #1, CSO John Doe #2, 2nd Circuit Court of Appeals
Clerk Margaret Lain, Assistant US Marshal (USM) James Howard,
USM Brian Murphy, USM Betty Ann Pascarella, Witness Security S. Jones
Congressional Affairs Chief D. Disrud, USM Joseph R. Guccione,
US Attorney for the SDNY Preet Bharara,
and the firm that subcontracted the CSO's to the US Marshal at SDNY

Jury Trial: ☒ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name         Peter Lindner
             Street Address    1 Irving Place, Apt. G-23-C
             County, City    NY, NY
             State & Zip Code    NY 10003
             Telephone Number    home/fax: 212-979-9647  cell: 917-207-4962  email: nyc10003@nyc.rr.com

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name    CSO Newell (aka Newel)
                   Street Address    c/o SDNY US Marshal, Suite 400, 500 Pearl St


RECEIVED
NOV 17 2011
PRO SE OFFICE

*Rev. 05/2010*

County, City <u>NY, NY</u>
State & Zip Code <u>NY 10007</u>
Telephone Number <u>(212) 331-7200</u>

Defendant No. 2    Name <u>All other defendants are at same address (Suite #'s may differ, as may phone #'</u>
Street Address <u>(See attached separate sheet B 2)</u>
County, City _____
State & Zip Code _____
Telephone Number _____

Defendant No. 3    Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

Defendant No. 4    Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

II.   **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions     ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? <u>(see attached II, B)</u>
_____
_____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?
Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

III.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? 2nd Circuit

B. What date and approximate time did the events giving rise to your claim(s) occur? Aug 2010 and following months through Dec 2010 and beyond

C. Facts: (see Attached III, C.)

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. (See attached IV)

*Rev. 05/2010*

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

I wish each of the Defendants to pay $100,000 for their part in the conspiracy, and the two CSO's who acted in concert to cover up after CSO Newel allegedly hit me, and allegedly apologized to me in front of CSO Muschitello, to both be sanctioned for $1millions dollars each, along with their firm that hired them as CSO's for the US Marshal, for failure to find out the truth, and perhaps destroy the video tape evidence. I wish to have the video tapes made public (ala Rodney King videos), and an investigation under oath of all the facts of this complex case, which may have involved violations of 18 USC1512(b)(3), and with CSO Newel of 18 USC1512(a), along with conspiracy to deprive me of my civil rights as a gay man in NYC, and as a victim of discrimination and retaliation under the OWBPA.

I also seek a permanent injunction that each such complaint be taken seriously, and reported via a list to a special prosecutor, and that the attempted subornation of perjury to harm me via CSO &/or USM to an individual labeled (anonymously) as Fred Friend who was approached, but that the tapes were not "found" nor were the suspects given to a line-up in front of Mr. Friend to corroborate his alleged tale that those 2 CSO's said they could help him if he could help them, whilst he was testifying as an undercover informant under protections of immunity from the Government.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 16th day of November, 20 11.

Signature of Plaintiff     _[signature]_

Mailing Address     1 Irving Place, Apt. G-23-C

NYC, NY 10003

email: nyc10003@nyc.rr.com

Telephone Number     home 212-979-9647 cell: 917-207-4962

Fax Number *(if you have one)*     home/fax: 212-979-9647

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*

Peter Lindner, pro se plaintiff

-against-

Court Security Officer (CSO) Newell, CSO Muschitello,
CSO John Doe #1, CSO John Doe #2, 2nd Circuit Court of Appeals
USM Brian Murphy, USM Betty Ann Pascarella, Witness Security S. Jones,
Congressional Affairs Chief D. Disrud, USM Joseph R. Guccione,
US Attorney for the SDNY Preet Bharara,
and the firm that subcontracted the CSO's to the US Marshal at SDNY

Jury Trial: _Y_ Yes __ No

I. B 2 Names and addresses of the defendants:

Court Security Officer (CSO) Newell, CSO Muschitello,
CSO John Doe #1, CSO John Doe #2, 2nd Circuit Court of Appeals
USM Brian Murphy, USM Betty Ann Pascarella, Witness Security S. Jones,
Congressional Affairs Chief D. Disrud, USM Joseph R. Guccione,
US Attorney for the SDNY Preet Bharara,
and the firm that subcontracted the CSO's to the US Marshal at SDNY

all of the defendants do business at 500 Pearl St, NYC, NY 10007  phone 212-331-7200

II.B:
Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.
B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

I was not allowed to complain about a perhaps criminal act of delay of information about a possible federal crime to a federal Law Enforcement Officer and/or to Federal Judge(s): Chief Judge Preska of the SDNY and the 2nd Circuit Court of Appeals Judges for the appeal of 06cv4751 *Lindner v IBM, et al.*, which involved not only matters of right of employment, violation of NYC, NY State and Federal Laws on retaliation, specifically Title VII of the Civil Rights Act of 1964 and the Human Rights Laws of NYC and NY State for my being gay. The acts against me by CSO Newell/Newel (Spelling?) amounted to attempted intimidation, as well as physically touching me, and then also covering up the incident by lying to the US Marshal Investigator, who did not properly conduct the cross-examination nor safeguard the tapes of evidence, in what has to be one of the most secure Courthouses in the USA, since President Obama and Attorney General Eric H. Holder, Jr designated this very court house at 500 Pearl Street to be used in trying the 9/11 Guantanamo Bay Prisoners / Suspects, until the US Congress voted to not allow President Obama to do so. Thus, there must have been video tapes of the incident and the aftermath / apology by CSO Newell which would have been witnessed by not only me, but also CSO Muschitello. That the Clerks' Offices did not secure the peaceful passage for me, a natural born NYC citizen is cause for concern, as is the failure of the US Attorney in SDNY to take the calls and evidence, which I had to procure a lawyer in order to speak to the US Marshal, despite my being frequently unemployed. The suit against IBM is an EEOC / employment suit.

. III. Statement of Claim:
State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events

C Facts: I was assaulted by CSO Newel, and then this was covered up by the US Marshal in concert with the CSO and their employer (a private contractor, name unknown). I also had previously submitted documents in this case to the Chief Judge Preska, who did not get them, which at the time I did not realize was a violation of law.

1

I was denied the ability to question the alleged perpetrators, nor view the video tape of the events.

I attach a copy of an affidavit I submitted Dec2010 which was not answered, nor was the person (pseudonym John Smith) ever questioned as to his veracity where Smith claims 2 CSO's or USM's approached him at the 500 Pearl St Courthouse to falsely testify against me in exchange for items of value.

IV. Injuries: Nothing major, but if it had been done to a woman, an elder person (I was about 60 at the time), or a lawyer or officer, it would have had the alleged perpetrator CSO Newell arrested.

**V. Relief:**
State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation

I wish each of the Defendants to pay $100,000 for their part in the conspiracy, and the two CSO's who acted in concert to cover up after CSO Newel allegedly hit me, and allegedly apologized to me in front of CSO Muschitello, to both be sanctioned for $1millions dollars each, along with their firm that hired them as CSO's for the US Marshal, for failure to find out the truth, and perhaps destroy the video tape evidence. I wish to have the video tapes made public (ala Rodney King videos), and an investigation under oath of all the facts of this complex case, which may have involved violations of 18 USC1512(b)(3), and with CSO Newel of 18 USC1512(a), along with conspiracy to deprive me of my civil rights as a gay man in NYC, and as a victim of discrimination and retaliation under the OWBPA.

I also seek a permanent injunction that each such complaint be taken seriously, and reported via a list to a special prosecutor, and that the attempted subornation of perjury to harm me via CSO &/or USM to an individual labeled (anonymously) as John Smith who was approached, but that the tapes were not "found" nor were the suspects given to a line-up in front of Mr. Smith to corroborate his alleged tale that those 2 CSO's said they could help him if he could help them, whilst he was testifying as an undercover informant under protections of immunity from the Government.

2

```
UNITED STATES COURT OF APPEALS FOR THE
SECOND CIRCUIT
------------------------------------X
PETER W. LINDNER,
                        Plaintiff,            Case 10-0653-cv
                                              This is not an ECF Case
        -against-
                                              SEALED PLAINTIFF AFFIDAVIT
INTERNATIONAL BUSINESS MACHINES               OF SDNY ATTEMPTED DELAY
CORPORATION, ROBERT VANDERHEYDEN,             AND INTIMIDATION OF A
HEATHER CHRISTO HIGGINS, JOHN DOE #1,         WITNESS BY GOVERNMENT
and JOHN DOE #2,                              AGENTS
                        Defendants.
------------------------------------X
```

Sunday, December 19, 2010 9:47 PM

STATE OF NEW YORK    )
                     :   SS.:
COUNTY OF NEW YORK   )

PETER LINDNER, being duly sworn, says:

1. I am the Plaintiff in this action.

2. **I wish this affidavit to be sealed**, since the life of a Government Confidential Informant may be at risk by revealing any part of this information, especially by phone or by computer or by fax, since some of the people under investigation are employed by the government or are part of the US Government, to wit: USDJ Sullivan, the Court Security Officers, the Clerk's Office, the Second Circuit Court of Appeals and the SDNY US Marshal's Office. I know this makes me sound paranoid, but that does not mean that there is no corruption in the SDNY or in the US Government.

3. I make this affidavit on personal knowledge and from conversations with an alleged Government Confidential Informant, whose name is redacted, but is known in my filings with The Court and with the SDNY US Marshal's Office.

4. I spoke with said witness whom I have known for a substantial time and whose identity has been confirmed to me by my seeing his (her) passport, but whom I shall call John Smith to preserve that person's identity, whether or not he/she is a male or female.

5. This affidavit notes an event of several months ago, and a second, more insidious attempt this week, and revealed to me with the greatest of reluctance, for fear he may be killed to silence him.

1

6. Smith did reveal to me that he was approached by one or more SDNY Court Security Officers (CSO's) while he was on a smoking break at SDNY, when Smith did testify for the government on a personally scary case, which may result in his death at the hands of the people against whom he was testifying.

7. On that day, the CSO's did attempt to solicit perjury from Smith.

8. Specifically, the CSO's asked Smith whether I (Peter Lindner) did make a threat of violence against USDJ Sullivan.

9. Moreover, when Smith answered "No", they tried to convince Smith that it would be in his interest to do so.

10. When Smith answered that I (Lindner) did not ever make a threat of violence against USDJ Sullivan, they then went on to say that he wasn't too smart. When Smith asked what they meant, they said "You're dumb."

11. I recall that phrase, perhaps exactly but maybe approximately, since Smith is learning disabled and was called dumb as a child, and it made him close to tears to have him called that hateful, emotion-filled name again.

12. The CSO's further indicated that they would help him if he did as they asked, and he said that he noticed that he was subject to further, more detailed screening by the CSO's after that event, perhaps as a subtle or not-so-subtle form of retaliation.

13. After a number of days or weeks, Smith reported to me this attempt to have him give false witness under oath. The reason Smith gave for this delay is that they scared him.

14. I had previously told Smith of my intention to impeach USDJ Sullivan for His Honor's attempted violation of 18 USC §1512 (b)(3), which makes if a federal crime punishable by 20 years in prison for even attempting to hinder, delay or influence a potential witness about a possible federal crime from reporting it (or not reporting it) to authorities such as specifically a federal judge or a federal law enforcement officer.

15. I had informed Smith as well as my lawyer friend Robert S. Ellenport, Esq. that I wish no harm to USDJ Sullivan, but that under the law, I wish His Honor to be impeached for what I consider to be an attempted violation of 18 USC §1512 (b)(3). I always use the example that in the 1950's and 1960's, several right wing people wanted to impeach Chief Justice Earl Warren, but this is not a crime. In fact, it is quite lawful under the very US Constitution that gives the Courts power, that the Judges serve upon good behavior, and can be removed from office via impeachment.

16. I asked Smith for an affidavit, and arranged for a Court Stenographer to tape record, notarize and swear in Smith without me being present, at great cost to me.

17. However, Smith was (and is under my belief) a CI, and they ("the boys" as Smith calls them) had instructed him not to make any legal statements without their "okaying" it.

2

18. Smith then revealed that the boys told Smith that they would take the statement, and I found that to be quite agreeable, since that would remove any assertion that I was either pressuring or influencing Smith's testimony, or taking advantage of Smith's learning disability.

19. I asked Smith this week on Monday, December 13, 2010 to make a notarized statement with the boys. (Today is Sunday, December 19, 2010 10:07 PM.)

20. I believe, after consulting with my notes, that Smith said he'd make a statement on Tuesday, Dec. 14 with the boys.

21. Smith neither confirmed nor denied that he made a statement to the boys on Wed-Fri, Dec 15 -17, 2010 and was elusive to me.

22. Tonight, on Sunday, December 19 at about 5pm to 8pm, Smith met me so that I could give him an Xmas gift.

23. Then Smith pulled me aside and informed me that he had been told by the boys not to make a statement, and to avoid me.

24. I told Smith that they can advise him, but they can't tell him what to do, and that besides, I am asking Smith to tell the truth.

25. Smith told me that the boys now did not want to take down a statement by Smith, and moreover, Smith got the impression that they were being influenced by USDJ Sullivan.

26. Smith said that the boys asked whether I made a threat upon USDJ Sullivan. This is a repeat of what the CSO's did to Smith this summer, which made it eerie, especially for me, since Smith has had a great rapport with the boys, at least one of which is a better friend to Smith than I am.

27. Worse, the boys were (as best I recall from several hours ago) trying to stop him from meeting me, and were "worried" that I would take advantage of his learning disability to make a statement.

28. I told Smith (as I recall) that the boys could have taken the statement themselves, without me around which I agreed with, so clearly I was not influencing the truth of what Smith would be testifying to.

29. Smith asked if I believed him, and I said I wasn't sure.

30. Smith then, with reluctance, said he could show me the messages on his cell phone from the boys that told him to avoid me and which asked if I threatened violence against USDJ Sullivan.

31. I note that to threaten violence against USDJ Sullivan is a criminal offense under many city, State and federal laws. And that again: I swear I do not threaten any violence upon USDJ Sullivan or any US official. But I do seek to have the law applied to USDJ

3

Sullivan when it is clear to me that USDJ Sullivan did knowingly attempt to hinder or delay my communications to the SDNY US Marshal in Oct 2010 via Pacer Number 130 filed Oct 8 2009 "USDJ Sullivan order to show cause for sec 401 sanction contempt for communication to US Marshal includes letter to USM".

32. Smith said he did not want me to look at the phone numbers, and I told Smith to cover them (the phone numbers) with his finger.

33. However, I did observe the phone numbers, and noticed a lot of "2"s in them, which I immediately told Smith, who asked me fearfully not to call that number. I said that I had not seen the phone numbers, but just noticed that characteristic. This evidence should confirm that I am telling the truth.

34. I observed at least 2-3 messages on Smith's cell phone.

35. One message did indeed ask if Smith heard me threaten violence upon USDJ Sullivan, while another message did indeed ask Smith to avoid me if possible.

36. I consider both of these **attempts** to influence Smith.

37. I consider at least one of these messages to be an attempt to hinder or delay Smith's testimony, which I would forward to Robert S. Ellenport, Esq. who represents me in dealing with the SDNY USM, specifically to USM Howard.

38. I feel quite strongly that someone is thus violating the law by attempting to sway, hinder, delay or influence or impede Smith from making a timely notarized statement that points to the CSO's attempt to suborn perjury from Smith.

39. Given that the boys are ostensibly friendly with Smith, and that they boys are a different agency than both the US Courts, and the US Marshal and the CSO's, it is scary that they now wish to align themselves with the corruption that I am reporting.

40. There is doubt (not by me, but by others) as to whether USDJ Sullivan **knowingly** issued the OSC (Order to Show Cause) why I should not be held in contempt in violation to 18 USC §1512(b)(3). I feel that it is "knowingly", since after I informed His Honor of that law, USDJ Sullivan did not modify the OSC for several months, and that even Scott Benjamin, Esq. my lawyer at the time who defended me, told me to wait a few months. I pointed out to Mr. Benjamin that to do so would "delay" my communication, which is one of the things that is a violation of 18 USC §1512(b)(3).

41. However, given now that my witness, who is a CI, has been told to put off his sworn declaration, which was supposed to have been completed this week, it is clear that there has been and is still a violation of 18 USC §1512(b)(3), and perhaps also a criminal conspiracy to do so, and worse, to violate the part of the law relating to criminal violence to hinder or delay testimony, specifically: 18 USC §1512(a).

4

42. I assert that Smith is afraid that "the boys" will cooperate with the CSO's and leak his identity to the convicted criminals against whom Smith testified, and that those convicted criminals will seek to have Smith injured, tortured or killed.

43. Smith is concealing his location from me, since I said I yield information under torture quite easily, and that I should not have that information in case someone were to leak my affidavit to the aforesaid criminals or their gangs.

44. I told Smith that I had seen a movie that made me think that someone would try to kill him before he could write the sworn statement.

45. Smith said "thanks", being sarcastic as if the only thing I cared about was getting the statement, and cared little for Smith's life.

46. The opposite is true, and I care for Smith, and moreover fear that he will be tortured by others, just as it was revealed this week (in the NY Times) the US spy which perhaps our allies in Pakistan may have made his identity known. The Pakistani government denied it. But this shows that it does not take much work to make a person's life in danger, and I fear that the boys and USDJ Sullivan and the CSO's all know that, and fear for their being indicted for their criminal acts, and instead would rather have Smith's identity be made known and have Smith thus be killed.

47. The movie I was referencing in ¶44 is called "Cocaine Cowboys II: Hustlin' with the Godmother" (2008) Showtime, 1 hour, 40 min. At 1:24 in the movie out of 1:40, the informant tells that to reveal his social security number would reveal his identity, which could be used to "murder" him. Actually, the movie also shows how the drug gangs tortured people with heated screwdrivers. Later the Godmother gets off, since there was misconduct in the Florida District Attorney's office by two women who slept with and/or had phone sex with 2 of the criminals giving depositions, thus ending a case that would have put the death penalty upon Griselda Blanco, and had the newspaper headline "Controversy hits the State Attorney's Office", of Florida State Attorney Katherine Fernandez Rundle. The criminal was Jorge Ayala, see also

   http://www.miaminewtimes.com/content/printVersion/239037/

48. I note that the movie showed that this drug gang had planned to kidnap John F. Kennedy, Jr. for $5million. It is made more credible, since it is confirmed by People magazine, as per the next sentence. What the movie said was that Cocaine billionaire druglord Griselda Blanco (movie1:17) did tell her lover/black/criminal that she had a way to get out of jail, and wrote a note that said: "JFK 5M NY"

49. "The late John Kennedy Jr. was the target of at least three different kidnapping attempts, according to sketchy and heavily censored FBI files released yesterday. The last attempt came four years before his death in a plane crash last July. As revealed in documents obtained by the Associated Press through the Freedom of Information Act, someone allegedly called the FBI's New York office in 1995 with a tip about a plan by a South American group to kidnap JFK Jr., who was known to ride his bike around Manhattan without bodyguards. The bureau apparently found the message credible enough to contact the Kennedy clan's security firm, which said it would

5

notify John Jr." ["JFK Jr.: Kidnap Threats," By Stephen M. Silverman, Thursday September 03, 1998 12:00 AM EDT]

http://www.people.com/people/article/0,,617942,00.html

50. Smith said that I should not speak about this on my phone or on his phone, by voice or by text, since it is his knowledge that his phone is monitored as a Government CI, and that he has learned about me from the boys telling Smith that a different agency had noticed that I communicated with Smith, via a list of monitored phone calls. This information, too, is supposedly secret. I consider this an invasion of privacy, and is a misuse of the laws passed after 9/11 against foreign threats to the US, especially since I am not a threat nor am I foreign (I was born in NYC).

51. If indeed my communications to and from my lawyer, my witness and others are being monitored and delayed (I asserted that my filings to the Second Circuit Court of Appeals were delayed by passing through the SDNY Pro Se Office on at least 2 separate times), then I wish to note that I seek that those involved in such law violations be charged with criminal conspiracy.

52. That exhausts my information and my patience for tonight.

53. **I request again that no part of this information be discussed over the phone, by email, by fax, since it is clear that some rogue elements of the SDNY have sought to intimidate me and witnesses in my case against IBM**, and against USDJ Sullivan who decided against me, perhaps at IBM's bidding.

Sworn as true,

By: _____          Dated: New York, NY on December ___, 2010

Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax:   212-979-9647              Sworn to before me
Cell:             917-207-4962              December _____, 2010

                                                    _____
                                                    Notary Public

cc:   Robert Ellenport, Esq.

6