USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PETER LINDNER,

                Plaintiff,

    -against-

COURT SECURITY OFFICER (CSO) NEWELL;
CSO MUSCHITELLO; CSO JOHN DOE #1;
CSO JOHN DOE #2; 2ND CIRCUIT COURT OF
APPEALS CLERK MARGARET LAIN;
ASSISTANT US MARSHALL (USM) JAMES
HOWARD; USM BRIAN MURPHY;
USM BETTY ANN PASCARELLA; WITNESS
SECURITY S. JONES; CONGRESSIONAL
AFFAIRS CHIEF D. DISRUD; USM JOSEPH R.
GUCCIONE; US ATTORNEY FOR THE SDNY
PREER BHARARA; AND THE FIRM THAT
SUBCONTRACTED THE CSO'S TO THE US
MARSHAL AT SDNY,

                Defendants.

----------------------------------------------------------X

ORDER

11 Civ. 8365 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, brings this *pro se* action, alleging that he was assaulted by Court Security Officer Newell and that the matter has been covered up by the United States Marshal in concert with Court Security Officers and their employer. Plaintiff sues several Court Security Officers, members of the United States Marshal's Office, a Deputy Clerk of the United States Court of Appeals for the Second Circuit and the United States Attorney for the Southern District of New York. The Court grants Plaintiff's request to proceed *in forma pauperis*. The Court further grants non-party Movant International Business Machine Corporation's ("IBM") Motion to Quash Plaintiff's subpoena, declines to sanction Plaintiff and denies Plaintiff's Motion to Show Cause and Informal Request for a list of Defendant's attorneys and preservation of records. The Court also dismisses Defendant Deputy Clerk Margaret Lain and United States Attorney Preet Bharara from this action.

ORDER MAILED BY PRO SE OFFICE ON 2/15/12

**STANDARD OF REVIEW**

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**BACKGROUND**

A.   Plaintiff's Complaint

Plaintiff alleges that in August 2010, he was assaulted by Court Security Officer ("CSO") Newell when he came to the courthouse for proceedings at the Second Circuit Court of Appeals in his appeal of his employment discrimination case, Lindner v. IBM, No. 06 Civ. 4751 (S.D.N.Y. Jan. 21, 2010). Plaintiff alleges that CSO Newell attempted to intimidate him, physically touched him and then tried to coverup the incident by lying about it. Plaintiff also alleges a conspiracy to coverup the alleged assault by officials in the United States Marshal's Office, several CSOs and their employer. He alleges that the United States Marshal's Investigator failed to conduct a proper investigation and to safeguard videotapes of evidence. Plaintiff also alleges that the Clerk's Office failed to "secure [a] peaceful passage" for him and that the United States Attorney failed to respond to his telephone calls and accept his evidence, requiring him to hire an attorney although he was unemployed at the time. He also alleges that Defendants may have tampered with a witness in violation of a criminal statute, 18 U.S.C. § 1512, and that Defendants have conspired to violate his civil rights as a gay man and have

retaliated and discriminated against him in violation of the Older Workers Benefit Protection Act, 29 U.S.C. § 623 (f). Plaintiff seeks monetary damages and injunctive relief.

B.   Plaintiff's Subpoena on IBM

After filing the Complaint, Plaintiff served on IBM a subpoena dated December 22, 2011, to produce documents, information or objects or to permit inspection of premises in a civil action. On December 27, 2011, IBM moved to quash the subpoena on the ground that it is unduly burdensome because it sought materials that were irrelevant to the underlying lawsuit and was served for the purpose of harassment. IBM also seeks imposition of sanctions against Plaintiff, including attorneys' fees. On December 27, 2011, in an apparent response to IBM's failure to produce the information requested in the subpoena, Plaintiff filed a "Motion to Show Cause Why IBM Should Not Be Held In Contempt of Court." On December 28, 2011, in response to IBM's Motion to Quash, Plaintiff filed a Reply to the Motion to Quash stating that the Motion to Quash the subpoena was without merit since the request was not burdensome to the company.

C.   Plaintiff's Request for Attorneys' Name and Preservation of Records

On December 28, 2011, Plaintiff also filed with the Court a document entitled "Informal Request As to Representation By Lawyer, Demand For Records Preservation and Objectives of Lawsuit." In the request, addressed to Joseph Guccione, the United States Marshal for the Southern District of New York, and his fellow Defendants, Plaintiff asks for a list of lawyers who would be representing the Defendants and preservation of all evidence relating to his claims.

## DISCUSSION

A.   Motion to Quash

Under Rule 26(b) of the Federal Rules of Civil Procedure parties in a civil action are allowed to obtain relevant, non-privileged matter from both parties and non-parties. Rule 45 outlines the procedures by which a party may issue a subpoena seeking discovery from a non-

party.  The Federal Rules also provide protection for non-parties from whom discovery is sought.  Rule 45(c)(3)(A)(iv) permits a court to quash or modify a subpoena where it "subjects a person to undue burden."  It is within the Court's discretion to determine whether production would be unduly burdensome.  <u>Jones v. Hirschfield</u>, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003).  In determining whether a subpoena imposes an undue burden, the Court must consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  <u>Griffith v. United States</u>, No. M8-85 (JFK), 2007 WL 1222586, at 82 (S.D.N.Y. Apr. 25, 2007) (citation omitted).  A subpoena seeking materials "with little apparent or unlikely relevance to the subject matter" of the underlying lawsuit "is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."  <u>Kirschner v. Klemons</u>, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at * 2 (S.D.N.Y. May 19, 2005).

   Non-party IBM moves to quash the subpoena on the basis that Plaintiff is seeking materials that are irrelevant to the subject matter of this action.  Plaintiff alleges that he was assaulted by a CSO in this action, yet seeks to compel IBM to produce materials related to its shareholder's meeting and Plaintiff's employment discrimination action, <u>Lindner v. IBM</u>, No. 06 Civ. 4751 (S.D.N.Y. Jan. 21, 2010).  The Court agrees with IBM that the information requested by Plaintiff are materials with little apparent or likely relevance to the subject matter of this action.  Because Plaintiff's requests to IBM are not pertinent to his underlying assault claim, the Court finds that production of the information would subject IBM to an undue burden under Rule 45(c)(3)(A)(iv).  Movant IBM's Motion to Quash is granted, and Plaintiff's Motion for an Order to Show Cause is denied.  The Court declines, however, to sanction Plaintiff as requested by IBM.

B.      Claims under Bivens and the FTCA

Plaintiff's allegations of assault and violation of his civil rights may be read liberally as tort claims under the Federal Tort Claims Act ("FTCA"),[1] 28 U.S.C. § 2671 et seq., and as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[2] alleging that persons acting under color of federal law violated his civil or constitutional rights. Plaintiff's claims against Deputy Clerk Margaret Lain and United States Attorney Preet Bharara are construed as claims under Bivens and must be dismissed. 1987).

1.      Claims Against Deputy Clerk Margaret Lain

Plaintiff does not allege facts suggesting that Deputy Clerk Margaret Lain violated his rights. As a prerequisite to a damage award in a Bivens action, a plaintiff must allege the defendants' direct or personal involvement in the alleged constitutional deprivation, see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), or that they had actual or constructive notice of the deprivation, see Glendora v. Pinkerton Sec. & Detective Servs., 25 F. Supp.2d 447, 453 (S.D.N.Y. 1998) (personal involvement element required in 42 U.S.C. § 1983 claims applicable to Bivens actions). Liability for damages in a Bivens action may not be based on the *respondeat superior* or vicarious liability doctrines. Id.; see Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Although Plaintiff alleges that the Clerk's Office had a responsibility to provide him safe passage, he fails to allege Defendant Lain's direct involvement with, knowledge of, or

---

[1] While the FTCA contains a general exception for assault and battery, it states that "with regard to acts or omissions of investigative or law enforcement officers in the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault [or] battery. 29 U.S.C. § 2680(h).

[2] Federal courts have analogized Bivens claims to ones brought under the civil rights law, 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a right created by the United States Constitution or certain federal statutes. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. N.Y. 1987). Thus, the case law addressing issues brought under § 1983 may be used to address issues raised in Bivens cases. Butz v. Economou, 438 U.S. 478, 498-99 (1978); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam).

5

responsibility for any constitutional deprivations. Plaintiff's claim against Defendant Lain must be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

    2.    <u>Claims Against United States Attorney Preet Bharara</u>

Plaintiff's claims that United States Attorney Preet Bharara failed to take action on his grievances must also be dismissed. A prosecutor's decision not to initiate an investigation or prosecution is protected by absolute immunity. <u>Schloss v. Bouse</u>, 876 F.2d 287, 290 (2d Cir. 1989); see also <u>Doe v. Phillips</u>, 81 F.3d 1204, 1209 (2d Cir. 1996); <u>Ying Jing Gan v. City of New York</u>, 996 F.2d 522, 530 (2d Cir. 1993) (absolute immunity for "prosecutor's decisions with regard to whether or not to institute a prosecution"). The Supreme Court has emphasized that prosecutors operate entirely free from scrutiny "both in deciding which suits to bring and in conducting them in court." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 424 (1976). Thus, United States Attorney Bharara's failure to respond to Plaintiff's telephone calls or accept his evidence about the alleged assault is protected by absolute immunity, and Plaintiff's claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

    3.    <u>Violations of Criminal Statutes</u>

Insofar as Plaintiff seeks to assert that Defendants violated the provisions of 18 U.S.C. § 1512 prohibiting tampering with a witness, his claims must also be dismissed. A claim premised on violation of criminal statutes is an allegation of a criminal offense, not a basis for civil liability. A private citizen cannot prosecute criminal actions in federal court. See <u>Connecticut Action Now, Inc. v. Roberts Plating Co.</u>, 457 F.2d 81, 86-87 (2d Cir. 1972); <u>United States ex rel. Farmer v. Kaufman</u>, 750 F. Supp. 106, 108 (S.D.N.Y. 1990); see also <u>Dugar v. Coughlin</u>, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (plaintiff cannot use federal criminal statutes as a predicate for a civil rights action); 28 U.S.C. § 547(1).

C.     Older Workers Benefit Protection Act

Plaintiff also asserts that Defendants have discriminated and retaliated against him in violation of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 623(f). In 1990, Congress enacted the OWBPA to ensure that older workers were not coerced or manipulated into waiving their rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. See Oubre v. Entergy Operations, Inc., 522 U.S. 422, 427 (1998). Because Plaintiff was not employed by Defendants and the Complaint does not allege facts implicating his rights under the ADEA, it is clear that Plaintiff cannot pursue a cause of action under the OWBPA. Plaintiff's claims of discrimination and retaliation under the OWBPA are dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

D.     Informal Discovery Request

Plaintiff's informal request for a list of attorneys who will be representing Defendants and demand for preservation of records is also denied. Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff filed this action without payment of the filing fee or a Request to Proceed *In Forma Pauperis* ("IFP application"). By Order dated December 7, 2011, the Court directed Plaintiff Rivers to pay the $350.00 filing fee or, in the alternative, to submit a completed IFP within thirty (30) days. See 28 U.S.C. § 1915(a)(2), (b). Plaintiff submitted an IFP application to the Court on December 22, 2011. Given that Plaintiff had not been granted *in forma pauperis* status and a summons has not been issued in this case to notify Defendants of this action, it was premature for Plaintiff to submit discovery requests to Defendants. Therefore, Plaintiff's informal request for information from Defendants and for preservation of records is denied without prejudice. Plaintiff may later resubmit his request to Defendants in accordance with Rule 26(d)(1).

## CONCLUSION

The Court grants Plaintiff's requests to proceed *in forma pauperis* but dismisses Plaintiff's claims against Defendants Deputy Clerk Margaret Lain and United States Attorney Preet Bharara. See 28 U.S.C. § 1915(e)(2)(B) (ii), (iii). The Court also dismisses Plaintiff's claims concerning violation of criminal statutes and under the Older Workers Benefit Protection Act. The Court grants non-party Movant IBM's Motion to Quash the subpoena and denies Plaintiff's Motion for an Order to Show Cause and Informal Request for list of attorneys and preservation of records. The Court further directs the Clerk of Court to reassign this case to a district judge in accordance with the procedures of the Clerk's office.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief United States District Judge

Dated: FEB 15 2012
New York, New York