UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER LINDNER,
                              Plaintiff

-against-

COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD, USM BRIAN MURPHY, USM BETTY ANN PASCARELLA, WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,
                              Defendants

Civil Action No. 11 cv 08365 (AJN)

**MOTION DROP DIRECT FEDERAL LAW ENFORCEMENT OFFICER COMMUNICATIONS WHO SHALL PRESUMABLY SHALL BE OR IS REPRESENTED BY COMPETENT ATTORNEY(S)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/13/2012

Tuesday, March 13, 2012 11:13 AM

To the Honorable USDJ Nathan,

I wish to protest the direct communication to me (Plaintiff Pro Se Peter Lindner) by a federal Law Enforcement Officer, to wit USM James Howard, via email on 3/2/2012 5:08 PM, which contradicts an agreement* said Marshal imposed upon me with my ad hoc lawyer Robert Ellenport, Esq. I hereby request an in-person, sworn hearing on this contentious issue, which may amount to badgering me in violation of law.

Normally I encourage direct communications between plaintiff and defendant(s), but in this situation, I was directed that I was to only communicate via Mr. Ellenport, and (either stated or implied) that I would be arrested / in trouble were I not to do so. USM Howard's self-serving letter is attached as Exhibit 1. Unlike most defendants, there is a power difference between a federal Law Enforcement Officer and a civilian, which cannot be ignored, especially in the Courthouse setting.

Mr. Ellenport is expensive to retain (he charges me hourly) and I am in forma pauperis. I would not have used him if I were not ORDERed to by the US Marshal's office, whom I assumed (and USM Howard implies wrongly assumed) was acting under ORDERs from USM Guccione, in line with USM Guccione's involvement with USDJ Sullivan . USM Guccione **himself** handed the Judge my written communication alleging witness tampering 18 USC § 1512(b)(3), and saying that it may be connected to USDJ Sullivan, whereupon USDJ Sullivan, I believe also contrary[1] to said statute[2], attempted to find me in Contempt of Court for that suggestion).

---

[1] The law is quite clear, not only was I protected from an OSC from USDJ Sullivan which may **attempt** " hinder, delay, or prevent the communication to a law enforcement officer " about a **possible** federal crime, but also USDJ Sullivan did not withdraw even after I pointed that out via a written reply within 24 hours. I am not a lawyer, but in my opinion it also applies to USM Guccione and USM Howard as "Harassing conduct has been defined as that intended to badger ". What I'm saying USDJ Sullivan did was against "18 U.S.C. § 1512(b)(3) [which] proscribes interference with "the communication to a (Federal) law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense." There is nothing to indicate that Congress intended to depart from the generally accepted meaning of "law enforcement" as criminal law enforcement and of "offense" as criminal violation. See 18 U.S.C. § 1515(4); 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982). ":

1

If there's any question that USM Guccione handed my private letter to the subject of a possible criminal inquiry, here's the excerpt taken from USDJ Sullivan's ORDER to Show Cause (OSC) on Pacer:

Via fax#212-637-6131 and/or USPS<br>
Friday, October 2, 2009

To The Honorable US SDNY Marshal Joseph R. Guccione,

  I wish to report a crime of 18 U.S.C. §1512 by IBM and by the Pro Se Office and I believe if you follow it, you will see that it leads to USDJ Sullivan violating 18 U.S.C. §1512(b)(3).

[06cv4751 *Lindner v IBM, et al,* Pacer Number 130 Filed Oct 8 2009 USDJ Sullivan order to show cause for sec 401 sanction contempt for communic to US Marshal includes letter to USM.pdf]

I note that Mr. Ellenport wrote me that he was packing for a vacation that he was leaving for that day when I contacted him, but that I could respond, which I am so doing. Ordinarily, I would leave the response to Mr. Ellenport, as per the requirement imposed upon me against my will by USM Howard (whom I saw as a proxy for USM Guccione, but perhaps I'm wrong and the US Marshals are not the hierarchical, quasi-militaristic organization I assumed it to be).

---

"Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers. It applies to proceedings before Congress, executive departments, and administrative agencies, and to civil and criminal judicial proceedings, including grand jury proceedings.
[…]
Section 1512 protects potential as well as actual witnesses. With the addition of the words "any person," it is clear that a witness is "one who knew or was expected to know material facts and was expected to testify to them before pending judicial proceedings." United States v. DiSalvo, 631 F.Supp. 1398 (E.D. Pa. 1986), aff'd, 826 F.2d 1054 (3d Cir. 1987). Under § 1512, an individual retains his/her status as a witness even after testifying. United States v. Wilson, 796 F.2d 55 (4th Cir. 1986), cert. denied, 479 U.S. 1039 (1987) (protection of witness under § 1512 continues throughout the trial); ...
Section 1512 of Title 18 contains two significant additions to the types of tampering barred by Federal law. First, it forbids "misleading conduct," as defined in 18 U.S.C. § 1515. Such conduct was not covered in those circuits that had narrowly construed the omnibus clauses of 18 U.S.C. §§ 1503 and 1505 under the rule of ejusdem generis. See United States v. Metcalf, 435 F.2d 754 (9th Cir. 1970); United States v. Essex, 407 F.2d 214 (6th Cir. 1969). see generally, 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982). Second, 18 U.S.C. § 1512 makes intentional harassment a misdemeanor. This offense is intended to reach conduct less egregious than the corrupt, threatening or forceful conduct required for a violation of former 18 U.S.C. §§ 1503 and 1505. Harassing conduct has been defined as that intended to badger, disturb or pester. Wilson, supra. ...
18 U.S.C. § 1512(b)(3) proscribes interference with "the communication to a (Federal) law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense." There is nothing to indicate that Congress intended to depart from the generally accepted meaning of "law enforcement" as criminal law enforcement and of "offense" as criminal violation. See 18 U.S.C. § 1515(4); 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982). "
["1729 Protection of Government Processes—Tampering with Victims, Witnesses, or Informants—18 U.S.C. § 1512", US Attorneys > USAM > Title 9 > Criminal Resource Manual 1729]
http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/crm01729.htm

---

[2] See Exhibit 2

2

I also take issue with the casual, and I feel false, statements:

> " During this interview you made numerous false allegations against Deputy United States Marshals and Court Security Officers. ... This agreement was made to prevent future false allegations and to address any concerns you had with dealing with other members of the Marshals Service and Court Security Officers. "
> [Exhibit 1 from USM Howard]

That is the point of this lawsuit 11 cv 08365 (AJN) *Lindner v CSO Newell, et al.*, since it is highly unlikely that CSO Newell acted on his own, but rather as part of a group. It is not, for instance, a "false allegation" that CSO Newell placed his nameplate inches from my eyes, and then continued the movement to hit me on the head with it. I was there: I was hit. And not only that, but CSO Muschitello not only witnessed it, but I know for a fact that CSO Muschitello heard CSO Newell apologize twice: once for not giving me his name, and when I said that was not the reason I was angry, he then apologized for hitting me with his nameplate. And of course, there's the matter of this being videotaped in one of the most secure Courthouses in the USA (since President Obama and US Attorney General Holder both felt, contrary to Congress' later overruling, that the 9/11 terrorists from Guantanamo could be "safely" tried here). The US Marshal(s) (falsely?) alleged to Mr. Ellenport that no such videotape exists. That is why I need the rule of law by the Court to get this evidence, which is now clearly a conspiracy to deprive me of my civil rights and to intimidate me whilst in the course of filing with the Court, both in SDNY and in the 2nd Circuit Court of Appeals.

I wager that had the reverse happened, and had I hypothetically struck the CSO, video tape would have been shown instantly to all, including Your Honor. I also cannot attest for Ms. Mary Smith being approached by Officers of the Court (it is hearsay that I heard from Ms. Smith) while she was present at the request / ORDER of the US Attorney as a CI (Confidential Informant) to testify where the criminal defendants allegedly made a death threat upon Ms. Smith (including a visit to NYC for that purpose), and that both the US Attorney and "the boys" (as Ms. Smith names her federal(?) handlers whom she must report all official / police / lawyer contacts were unaware of said attempt at bribery and intimidation. This is especially true since had Ms. Smith acquiesced to the perjury, it would have affected adversely the criminal cases the US Attorney had against those now-convicted criminals and hit-men. As Sherlock Holmes[3] said in the case of the missing bark from the dog, that oddly enough no videotape exists at that approach on Ms. Smith at the Courthouse Smoking area, and since then, in the past few weeks, Ms. Smith has been allegedly instructed by "the boys" not to discuss this with me.

I wish Your Honor to rule that US Marshal should not contact me unless as a defendant, he is representing himself, or that Your Honor ORDER that US Marshal Howard's restrictions on my communications only through Mr. Ellenport be immediately lifted, subject to an in-person hearing, so that USM Howard does not perjure himself by misstating, as I believe he did, the facts of the meeting between Mr. Ellenport, USM Howard and me.

---

[3] " 'The dog that didn't bark' is an expression from a Sherlock Holmes mystery. It was an important clue that led to identifying the criminal. It seems that the killer entered and left the estate grounds one night but without the guard dog barking an alarm at the intruder's presence as expected. From this non—event Holmes reasoned that the dog must have known the killer and that clue led to solving the case. "
[August 24, 2004, "The dog that didn't bark," By Rachel Neuwirth]
http://www.americanthinker.com/2004/08/the_dog_that_didnt_bark.html

3

Respectfully submitted,

*[signature]*

Peter Lindner, Litigant Pro Se
1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax: 212-979-9647
Cell:      917-207-4962
Email:     nyc10003@nyc.rr.com

dated the 13th day of March 2012

STATE OF NEW YORK
COUNTY OF NEW YORK
Sworn as true on the 13th day of March, 2012 by

_____
(notary)

ANTHONY SPOONER
Notary Public, State of New York
No. 01SP6203301
Qualified in New York County
COMMISSION EXPIRES 04/06/2013

cc:   2nd Circuit Court of Appeals Clerk M. Lain ⎫
      US Attorney SDNY Preet Bharara              ⎬  via US Marshal Guccione*
      CSO Newell, *et al*                         ⎭
      ad hoc Attorney Robert S. Ellenport, Esq. of NY/NJ

*Note: US Marshal Guccione forbade me from contacting anyone in the Courthouse without going through him, and doing so via ad hoc Attorney Robert S. Ellenport, Esq. of NY/NJ. This is another reason for using PACER for filing. This footnote was also in my previous filing of Tuesday, February 28, 2012.

4

### Exhibit 1: Letter from USM Howard of 3/2/2012 5:08 PM

**From:** Howard, James (USMS)
**Sent:** Friday, March 02, 2012 5:08 PM
**To:** nyc10003@nyc.rr.com
**Subject:** Court Filings

Mr. Lindner,

I am in receipt of your letter dated 28 February 2012. In this letter you write "US Marshal Guccione forbade me from contacting anyone in the Courthouse without going through him." Your statement is not accurate, in fact, you have never spoken with or communicated directly with Marshal Guccione.

On September 29, 2010, you were interviewed by myself and Deputy Brian Murphy in the presence of your attorney Robert S. Ellenport. During this interview you made numerous false allegations against Deputy United States Marshals and Court Security Officers. As a result of these allegations I told you that I would be your point of contact for any business or dealings you have with the Marshals Service. You were never told to go through Marshal Guccione and you were never forbidden from contacting anyone in the courthouse. At the conclusion of this interview your attorney, Mr. Ellenport, agreed that inquiries made to the Marshals Service would be directed by him, on your behalf, to me. This agreement was made to prevent future false allegations and to address any concerns you had with dealing with other members of the Marshals Service and Court Security Officers.

Since September 29, 2010, and as recently as February 28, 2012, you have submitted numerous filings and made a number of contacts with the Court in the two case you have in this district, 10cv02228 and 11cv08365. Therefore, you are clearly aware you are not forbidden from making contact with anyone in the courthouse.

I continue to request that any communication with the Marshals Service or Court Security Officers be directed to me by yourself or through your attorney. I will be happy assist you. If you require additional information feel free to call, email or fax me as you have done in the past.

James M. Howard
Supervisory Deputy U.S. Marshal
Protective Intelligence Unit
USMS SDNY
ofc: 212-331-7206
fax: 212-637-6131

5

**Exhibit 2:  Excerpt of 18 USC § 1512(b)**

# "U.S. Code collection

TITLE 18 > PART I > CHAPTER 73 > § 1512

## § 1512. Tampering with a witness, victim, or an informant

....
(b)  Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
> (1)  influence, delay, or prevent the testimony of any person in an official proceeding;
>
> (2)  cause or induce any person to—
>> (A)  withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>>
>> (B)  alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>>
>> (C)  evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>>
>> (D)  be absent from an official proceeding to which such person has been summoned by legal process; or
>
> (3)  hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both."

http://www.law.cornell.edu/uscode/18/usc_sec_18_00001512----000-.html

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br><br>                              Plaintiff<br>-against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD, USM BRIAN MURPHY, USM BETTY ANN PASCARELLA, WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br>                              Defendants | **Civil Action No. 11 cv 08365 (AJN)**<br><br>AFFIRMATION OF SERVICE |

I, Peter W. Lindner, declare that I have served a copy of the attached "Motion Drop Direct Federal Law Enforcement Officer Communications Who Shall Presumably Shall Be Or Is Represented By Competent Attorney(S)" dated Tuesday, March 13, 2012 upon the following, whose addresses are:

USDJ Nathan
US SDNY Marshal Guccione, et al.
2nd Circuit Court of Appeals M. Lain
US Attorney SDNY Preet Bharara
The SDNY Pro Se Office
US District Court SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
USDJ Nathan Office: 212-805-4505

Peter T. Barbur
PBarbur@Cravath.com
Member of the Firm
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

Via fax, email, hand-delivery and/or USPS.

*[signature]*                    Dated  3/13/2012 .

**Peter Lindner**
Plaintiff *pro se*
1 Irving Place
Apt. G-23-C
NY, NY 10003
   Home/fax:   212-979-9647
   Cell:          917-207-4962
   Email:       nyc10003@nyc.rr.com

To the Pro Se Office:
- Please time stamp the extra original and send it back to me.

Thanks, Peter Lindner