UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER LINDNER,

Pro Se Plaintiff,

-against-

CSO NEWELL; CSO MUSCHITIELLO; JAMES
HOWARD (ASST. US MARSHAL); USM BRIAN
MURPHY; USM BETTY ANN PASCARELLA;
WITNESS SECURITY S. JONES; D. DISRUD
(CONGRESSIONAL AFFAIRS CHIEF); USM
JOSEPH R. GUCCIONE; THE FIRM THAT
SUBCONTRACTED THE CSOS TO THE USM AT
SDNY (a.k.a. AKAL SECURITY, INC.),

Defendants.

Case No. 11-CV-8365 (AJN) (MHD)

**DEFENDANTS CSO NEWELL, CSO MUSCHITIELLO, AND
AKAL SECURITY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

LITTLER MENDELSON, P.C.
Kurt Peterson, Esq.
3344 Peachtree Road, N.E., Ste. 1500
Atlanta, GA 30326-4803
Tel: (404) 760-3910
Email: Kpeterson@littler.com

Jennie Woltz, Esq.
900 Third Avenue, 8th Floor
New York, NY 10022
Tel: (212) 583-9600
Email: Jwoltz@littler.com

*Attorneys for the CSO Defendants*

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

I.   PLAINTIFF'S FEDERAL TORT CLAIMS ACT CLAIMS SHOULD BE
     DISMISSED BECAUSE THE CSO DEFENDANTS CANNOT BE SUED
     UNDER THAT STATUTE. ................................................................................................ 5

II.  PLAINTIFF'S BIVENS CLAIMS SHOULD BE DISMISSED. ........................................ 6

     A.   The CSO Defendants are Not "Federal Actors" Subject to Bivens Liability ....... 6

          1.   Akal is not a "Federal Actor." .................................................................... 6

          2.   CSOs Newell and Muschitiello are not "Federal Actors." ......................... 7

     B.   Plaintiff has not Adequately Alleged Any Constitutional Violations. ................. 9

     C.   Plaintiff has not Alleged any "Individual Action" Undertaken by CSO
          Muschitiello ........................................................................................................ 10

III. PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED. ............................. 11

     A.   Plaintiff's Assault, Battery, and Conspiracy Claims are Time-Barred. ............ 11

     B.   Alternatively, Plaintiff's Assault Claim Against CSO Newell Must Fail as
          a Matter of Law. ................................................................................................. 12

     C.   Plaintiff's Battery Claim Against CSO Newell Must Fail as a Matter of
          Law ..................................................................................................................... 14

     D.   Plaintiff's Conspiracy Claims Against the CSO Defendants Must Fail as a
          Matter of Law ..................................................................................................... 15

CONCLUSION ............................................................................................................................ 18

i.

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Aderonmu v. Heavey*,
No. 00 Civ. 9232, 2001 U.S. Dist. LEXIS 640 (S.D.N.Y. Jan. 25, 2001)..............15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................4, 10, 13, 17

*Banks v. United States*,
10 Civ. 6613, 2011 U.S. Dist. LEXIS (S.D.N.Y. Sept. 15, 2011)..............5

*Baptiste v. Warden at Ottisville*,
No. 09 Civ. 5923, 2010 U.S. Dist. LEXIS 81291 (S.D.N.Y. Aug. 11, 2010)..............7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................4, 13, 16, 17

*Bender v. GSA*,
539 F.Supp.2d 702 (S.D.N.Y. 2008)..............................................7

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388 (1971)..............................................6, 7, 11

*Bloom v. United States*,
No. 02-cv-2352, 2003 U.S. Dist. LEXIS 18087 (S.D.N.Y. Oct. 7, 2003)..............passim

*Brady v. Lynes*,
No. 05 Civ. 6540, 2008 U.S. Dist. LEXIS 43512 (S.D.N.Y. May 31, 2008)..............16

*Castro v. Local 1199, Nat'l Health & Human Servs. Emp. Union*,
964 F.Supp. 719 (S.D.N.Y. 1997)..............................................12

*Charkhy v. Altman*,
252 A.D.2d 413, 678 N.Y.S. 2d 40 (1st Dep't 1998)..............................................13, 14

*Correctional Services Corp. v. Malesko*,
534 U.S. 61 (2001)..............................................12

*Espinoza v. Lindsay*,
No. 11-891, 2012 U.S. Dist. LEXIS 21327 (W.D. Pa. Jan 31, 2012)..............6

*Feldman v. Lyons*,
3:12-cv-0041, 2012 U.S. Dist. LEXIS 53766 (N.D.N.Y Apr. 4, 2012)..............7, 8, 10

**TABLE OF AUTHORITIES**
(CONTINUED)

**PAGE**

*Germany v. N.Y.S. D.O.C.S.,*
No. 03 Civ. 148, 2003 U.S. Dist. LEXIS 16640 (S.D.N.Y. Sept. 22, 2003) .......... 17

*Greenfield v. City of New York,*
99 Civ. 2330, 2000 U.S. Dist. LEXIS 1164 (S.D.N.Y. Feb. 3, 2000) .......... 6

*Hayes v. Schultz,*
150 A.D.2d 522, 541 N.Y.S.2d 115 (2d Dep't 1989) .......... 13

*Holland v. Pinkerton Security,*
68 F.Supp.2d 282 (S.D.N.Y. 1999) .......... 7

*In re Elevator Antitrust Litig.,*
502 F.3d 47 (2d Cir. 2007) .......... 4

*JBP Acquisitions, LP v. FDIC,*
224 F.3d 1260 (11th Cir. 2000) .......... 5

*Johnson v. Suffolk County Police Dept.,*
245 A.D.2d 340, 665 N.Y.S.2d 440 (2d Dep't 1997) .......... 14

*Kramer v. City of New York,*
No. 04 Civ. 106, 2004 U.S. Dist. LEXIS 21914 (S.D.N.Y. Oct. 29, 2004) .......... 15

*Laffey v. Plousis,*
No. 05-cv-2796, 2008 U.S. Dist. LEXIS 7528 (D.N.J. Jan. 30, 2008) .......... 7, 11

*Landy v. Irizarry,*
884 F.Supp. 788 (S.D.N.Y. 1994) .......... 14

*Lewis v. Rosenfeld,*
138 F.Supp.2d 466 (S.D.N.Y. 2001) .......... 15, 16

*Lindner v. IBM,*
No. 06 Civ. 4751 (S.D.N.Y. Jan 21, 2010) .......... 2

*Lucas v. South Nassau Cmty. Hosp.,*
54 F.Supp. 2d 141 (E.D.N.Y. 1998) .......... 15

*Makarova v. United States,*
201 F.3d 110 (2d Cir. 2000) .......... 3

*Marsden v. Federal Bureau of Prisons,*
856 F.Supp. 832 (S.D.N.Y. 1994) .......... 10, 11

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Megna v. FDA.,*
No. 08-cv-1435, 2009 U.S. Dist. LEXIS 21359 (E.D.N.Y. Mar. 17, 2009) .......... 8

*Minneci v. Pollard,*
132 S. Ct. 617 (2012) .......... 8, 9

*Morlise v. United States,*
102 F.3d 693 (2d Cir. 1996) .......... 5

*Orellana v. World Courier, Inc.,*
No. 09-cv-576, 2010 U.S. Dist. LEXIS 102695 (E.D.N.Y. Sept. 28, 2010) .......... 7

*Pasternack v. Laboratory Corp. of Am.,*
No. 10 Civ. 4426, 2011 U.S. Dist. LEXIS 88311 (S.D.N.Y. Aug. 1, 2011) .......... 6

*Shannon v. General Electric Co.,*
812 F.Supp. 308 (N.D.N.Y. 1993) .......... 9

*Shaw v. Lopez,*
No. 04-CV-787, 2004 U.S. Dist. LEXIS 11163 (D. Conn. June 17, 2004) .......... 11

*Taggart v. Moody's Investors Serv. Inc.,*
No. 06-cv-3388, 2007 U.S. Dist. LEXIS 52765 (S.D.N.Y. July 16, 2007) .......... 7

*Tavarez v. Reno,*
54 F.3d 109 (2d Cir. 1995) .......... 6

*Thomas v. Ashcroft,*
470 F.3d 491 (2d Cir. 2006) .......... 7, 10

*United National Ins. Co. v. Waterfront N.Y. Realty Corp.,*
994 F.2d 105 (2d Cir. 1993) .......... 12

*Wilkie v. Robbins,*
551 U.S. 537 (2007) .......... 8

*Williams v. Port Authority of N.Y. & N.J.,*
880 F.Supp. 980 (E.D.N.Y. 1995) .......... 12, 13

*Zgraggen v. Wilsey,*
200 A.D.2d 818, 606 N.Y.S.2d 444 (3d Dep't 1994) .......... 14

STATUTES

18 U.S.C § 1512 .......... 3

**TABLE OF AUTHORITIES**
(CONTINUED)

**PAGE**

28 U.S.C. § 1346(b) ................................................................................................... 5

28 U.S.C. § 2671 ......................................................................................................... 5

28 U.S.C. § 2680(h) .................................................................................................... 1

42 U.S.C. § 1983 ......................................................................................................... 5

Federal Tort Claims Act ............................................................................................. 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ............................................................................................... 1, 2, 4, 5

N.Y. C.P.L.R. §215 ............................................................................................... 1, 3, 4, 5

............................................................................................................................ 11

v.

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants CSO Newell, CSO Muschitiello and Akal Security, Inc. (hereinafter "Akal," and collectively with CSOs Newell and Muschitiello, the "CSO Defendants") hereby submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint.

## INTRODUCTION

On or about November 16, 2011, *pro se* Plaintiff Peter Lindner ("Plaintiff") filed his Complaint ("Complaint") in this case. *See* Dkt. 1.[1]  In his Complaint, Plaintiff alleges that various CSOs, members of the United States Marshal Service ("USMS"), and others working at the Second Circuit Court of Appeals Courthouse[2] engaged in a conspiracy to cover up an alleged incident in August 2010 wherein Plaintiff claims CSO Newell intended to intimidate Plaintiff through unspecified acts, hit him, allegedly apologized in front of CSO Muschitiello, and, along with CSO Muschitiello, the USMS, and Akal, perhaps destroyed the video tape evidence of this incident.  Compl., p. 4.  Although it is not clear under which laws Plaintiff brings his action, this Court has recognized that the Complaint can be liberally construed to allege tort claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that persons acting under color of federal law violated his civil or constitutional rights.  *See* Order of Judge Preska dated February 15, 2012, Dkt. 13, p. 5.  The language used in Plaintiff's Complaint also suggests allegations of state law claims for assault, battery, and conspiracy.

---

[1] Plaintiff's Complaint initially named as additional defendants Deputy Clerk and Margaret Lain, and United States Attorney Preet Bharara.  Dkt. 1.  By order dated February 15, 2012, this Court dismissed Plaintiff's claims against these individuals.  Dkt. 13.

[2] The remaining defendants in this action are Court Security Officers ("CSO") Newell and Muschitiello, United States Marshals ("USM") James Howard, Brian Murphy, Joseph R. Guccione and Betty Ann Pascarello, Witness Security S. Jones, Congressional Affairs Chief D. Disrud, and the firm that subcontracted the CSOs to the United States Marshal Service (a.k.a. Akal).

With respect to the CSO Defendants, however, these claims are precluded by statute and case law. Specifically, the FTCA does not support a private cause of action against Akal or the CSOs it employs. Similarly, the *Bivens* claim is inapplicable to private actors like the CSO Defendants. Further, Plaintiff's *Bivens* claim cannot succeed because Plaintiff has failed to allege any constitutional violations. Moreover, a *Bivens* claim is inapplicable to CSO Muschitiello because Plaintiff has not attributed any individual action to him. Finally, Plaintiff's state law actions are barred by the applicable 1-year statute of limitations, and in any event, Plaintiff's factual allegations supporting his claims of assault, battery and civil conspiracy are insufficient to state a claim upon which relief can be granted. Accordingly, the CSO Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety as to these defendants.

## FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges that he was assaulted by CSO Newell while he was in the United States Court of Appeals for the Second Circuit courthouse for a proceeding in connection with his appeal of his employment discrimination case, *Lindner v. IBM*, No. 06 Civ. 4751 (S.D.N.Y. Jan 21, 2010). Compl., p. 5; *see also* Dkt. 13, p. 2. Plaintiff alleges that CSO Newell attempted to intimidate him, physically touched him, apologized to him, and then tried to cover up the incident by lying about it. Compl., p. 5. He further alleges that the USMS, CSO Muschitiello, and CSOs Newell and Muschitiello's employer (a.k.a. Akal) covered up the incident. Compl., p. 5.

Plaintiff also makes a number of supplemental claims, including that he "was not allowed to complain about a perhaps criminal act of delay of information about a possible federal crime to a federal Law Enforcement Officer and/or to Federal Judge(s)" (Compl., p. 5); that the Clerks' Offices did not secure a peaceful passage for him (*Id.*); that the US Attorney in SDNY

2

failed to "take the calls and evidence" (*Id.*); that the "previously submitted documents in this case to the Chief Judge Preska, who did not get them, which at the time I did not realize was a violation of law" (*Id.*); and that he was subjected to witness tampering under 18 U.S.C § 1512 (*Id.*). Compl., pp. 6-12.  Plaintiff further claims he was denied the ability to question the defendants in this action, and was not allowed to view video tape of the events.  Compl., p. 6.  He claims that all defendants engaged in a conspiracy[3] and specifically faults the USMS and Akal for failure "to find out the truth, and perhaps destroy the video tape evidence." Compl., p. 6.[4]

Plaintiff has not alleged that he suffered any physical or emotional injuries in connection with the events described, nor has he clearly articulated what, if any, civil or constitutional rights he believes were violated.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed when the district court lacks the statutory or constitutional power to adjudicate it.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*

Under Federal Rule of Civil Procedure Rule 12(b)(6), a claim will be dismissed when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

---

[3] As described below, the actions upon which Plaintiff claims an alleged "conspiracy" is unclear.  However, Plaintiff's witness tampering claims have been dismissed. *See* Dkt. 13, p. 6. Therefore, the CSO Defendants interpret Plaintiff's conspiracy claims no broader than as referring to the alleged cover up of the alleged "assault.'"

[4] Plaintiff attaches to his Complaint an affidavit describing an alleged attempt by certain CSOs and USMs to engage in witness tampering. *See* Dkt. 1, p. 7 et seq.  There are no allegations in the Complaint that suggest the identities of the CSOs or USMs described in the affidavit are the same as those named in the Complaint.  In addition, this Court has dismissed Plaintiff's claims of witness tampering in the current case. *See* Dkt. 13.  Therefore, this Motion will not address these claims.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotations marks omitted)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Further, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," rather, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, *see id.* at 678, and all reasonable inferences are drawn in favor of the plaintiff. *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).

As discussed more fully below, the Court should dismiss Plaintiff's claims, construed as violations under the FTCA and *Bivens*, as well as Plaintiff's state law claims for assault, battery, and civil conspiracy, against the CSO Defendants.

4

**I.    PLAINTIFF'S FEDERAL TORT CLAIMS ACT CLAIMS SHOULD BE DISMISSED BECAUSE THE CSO DEFENDANTS CANNOT BE SUED UNDER THAT STATUTE.**

The Federal Tort Claims Act provides a limited waiver of sovereign immunity making the United States liable for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment. 28 U.S.C. § 1346(b). By its own terms, therefore, the FTCA is an inappropriate vehicle for a plaintiff seeking to hold *private* actors liable for torts. *Banks v. United States*, 10 Civ. 6613, 2011 U.S. Dist. LEXIS, 104684, at *39 (S.D.N.Y. Sept. 15, 2011) ("The only proper defendant, however, in an FTCA action is the United States.

Accordingly, to the extent Banks has alleged FTCA claims against the individually named Federal Defendants, these claims must be dismissed pursuant to Rule 12(b)(1)."). Nowhere in Plaintiff's Complaint has he alleged that the CSO Defendants are federal agents of the United States, nor can he. Akal, as a private corporate entity, and CSOs Newell and Muschitiello, as Akal's employees, are simply improper defendants for such a claim.[5]

_____

[5] Defendants note that even if Plaintiff could argue that the CSO Defendants *were* federal government actors, Plaintiff's claims should still be dismissed because of the nature of the claims alleged: First, the FTCA's limited waiver of sovereign immunity does not extend to claims for assault and battery—in other words, notwithstanding the FTCA, the United States is still immune from suits premised on assault and battery, like the claims here. 28 U.S.C. § 2680(h). Even if Akal was a part of the United States (which it was not), Plaintiff would still be prevented from bringing allegations premised on assault and battery against it. *See e.g. Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996) (dismissing claim against the government based on assault as barred for lack of jurisdiction). Further, although federal "investigative or law enforcement officers" *can* be sued under the FTCA for claims arising out of assault and battery, this exception would not extend to CSOs Newell and Muschitiello, because Plaintiff has not alleged that CSOs Newell and Muschitiello are "investigative or law enforcement officers." 28 U.S.C. § 2680(h). Second, to the extent Plaintiff's conspiracy claims are premised on a misrepresentation or the erroneous transmission of information made by CSO Defendants, such a claim is precluded under 28 U.S.C. § 2680(h), which bars any claim "arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). *See JBP Acquisitions, LP v. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) ("having found that these claims arise solely out of misrepresentations by the Government, they must be dismissed pursuant to § 2680(h)").

II.    **PLAINTIFF'S *BIVENS* CLAIMS SHOULD BE DISMISSED.** [6]

A.    **The CSO Defendants are Not "Federal Actors" Subject to *Bivens* Liability.**

A plaintiff who brings a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority. *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001); *see also Bender v. GS4*, 539 F.Supp.2d 702, 707 (S.D.N.Y. 2008) ("The elements of a *Bivens* claim are: (1) "that a defendant acted under color of federal law" (2) "to deprive plaintiff of a constitutional right.""); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (same). Thus, in order to make even a *prima facie* case under *Bivens*, Plaintiff must establish that the CSO Defendants are federal actors. Plaintiff has not alleged that any of the CSO Defendants are federal actors, nor can he.

1.    **Akal is not a "Federal Actor."**

As stated, Plaintiff has not alleged in his Complaint that Akal is a federal actor, nor *can* he allege that Akal is a federal actor, since it is undisputed that Akal is a privately owned and operated corporation. [7] This fact is dispositive under *Correctional Services Corp.*, 534 U.S. 61 (2001), which held that *Bivens* is wholly inapplicable to private corporate entities, even if they are acting under color of federal law. Courts within this circuit have strongly upheld the corporate restriction on the reach of plaintiffs' *Bivens* actions. *See e.g. Pasternack v. Laboratory Corp. of Am.*, 10 Civ. 4426, 2011 U.S. Dist. LEXIS 88311, *41 (S.D.N.Y. Aug. 1, 2011)

_____

[6] The CSO Defendants note that Plaintiff had not alleged, nor has this Court construed Plaintiff's claims to allege, that the CSO Defendants acted under color of state law to deprive Plaintiff of a right created by the Constitution or certain federal statutes, under 42 U.S.C. § 1983. Were Plaintiff to allege such a claim, however, it would fail for the same reasons that his *Bivens* claims fail. *See Greenfield v. City of New York*, 99 Civ. 2330, 2000 U.S. Dist. LEXIS 1164, at *16-17 (S.D.N.Y. Feb. 3, 2000) ("The Second Circuit has instructed that the elements of the state torts and the constitutional violations required to impose § 1983 liability are the same"); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts typically analogize claims under § 1983 with *Bivens* actions.").

[7] Plaintiff implicitly acknowledges that Akal is not a federal actor, but rather a government *contractor* by referring to Akal in his Complaint as "the firm that subcontracted the CSO's to the US Marshal at SDNY." *See* Compl., p. 1 (caption).

(dismissing Bivens/1983 action brought against private entity); *Holland v. Pinkerton Security*, 68 F.Supp.2d 282, 284 (S.D.N.Y. 1999) (granting defendant's motion for summary judgment on plaintiff's attempt to apply *Bivens* to a claim against a corporation alleged to be acting under federal law); *Orellana v. World Courier, Inc.*, No. 09-cv-576, 2010 U.S. Dist. LEXIS 102695, at *6 (E.D.N.Y. Sept. 28, 2010) ("*Bivens* only provides a cause of action against individual federal officers, not private entities." (citations omitted)); *Bender v. GSA*, 539 F.Supp.2d 702, 708 (S.D.N.Y. 2008) ("*Bivens* actions may not be brought against private corporations, even when they act under the color of federal law."); *Taggart v. Moody's Investors Serv, Inc.*, No. 06-cv-3388, 2007 U.S. Dist. LEXIS 52765, at *11-12 (S.D.N.Y. July 16, 2007) (dismissing constitutional claims as brought against a private corporation).[8] In at least one factually analogous scenario, a court from the Third Circuit dismissed a *Bivens* action against a security staffing company that contracted with the federal marshals to provide security officers to courthouses, on the basis that a private corporation is not a proper defendant in a *Bivens* action. *See e.g. Laffey v. Plousis*, No. 05-cv-2796 (JAG), 2008 U.S. Dist. LEXIS 7528, at *19 (D.N.J. Jan. 30, 2008).

2. **CSOs Newell and Muschitiello are not "Federal Actors."**

Similarly, Plaintiff has not alleged that either CSO Newell or Muschitiello was acting in a governmental role, such that either could be said to be acting "under color of federal law." *See e.g. Feldman v. Lyons*, 3:12-cv-0041, 2012 U.S. Dist. LEXIS 53766, at *10 (N.D.N.Y Apr. 4, 2012) (dismissing a *Bivens* claim against a Filipino immigration police officer because

---

[8] Further, Akal is also not a proper defendant under a *Bivens* action premised on CSO Newell's alleged assault and battery, or the alleged "conspiracy," as the doctrine of *respondeat superior* does not apply in *Bivens* actions. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (holding *respondeat superior* does not apply to *Bivens* actions, but remanding on supervisor's liability because complaint could be read to allege sufficient individual action of supervisors); *Baptiste v. Warden at Ottisville*, No. 09 Civ. 5923, 2010 U.S. Dist. LEXIS 8129l, at *18 (S.D.N.Y. Aug. 11, 2010) (*Bivens* claim dismissed against alleged actor's supervisor because *respondeat superior* bars vicarious liability of *Bivens* claims).

"In the first instance, according to plaintiff's own allegations [the defendant] is not an officer of the United States and therefore cannot be sued under *Bivens*."); *Megna v. FDA*, No. 08-cv-1435, 2009 U.S. Dist. LEXIS 21359, at *23 n.8 (E.D.N.Y. Mar. 17, 2009) (dismissing *Bivens* claim against private individual where plaintiff *failed to allege* the individual was under contract with a federal agency or acting under the federal agency's direction in any way). As a matter of proper pleading the elements of a *Bivens* action, therefore, Plaintiff's claim fails.

Moreover, *Bivens* liability *cannot* lie with CSOs Newell and Muschitiello in light of the recent Supreme Court precedent *Minneci v. Pollard*, 132 S. Ct. 617 (2012), which closed the circuit split regarding private non-corporate individual defendants' liability under *Bivens*. [9] In *Minneci*, a prisoner in a privately operated federal prison brought a *Bivens* action in federal court against individual prison employees, alleging that the employees deprived the prisoner of adequate medical care in violation of his 8th Amendment rights. *Id.* at 620.

In dismissing the plaintiff's *Bivens* claims, the Supreme Court reflected on the policy served by allowing *Bivens* actions to proceed—to afford a "necessary relief" where sovereign immunity would otherwise preclude suit. *Id.* at 621. In holding that it would not extend *Bivens* liability to the plaintiff's asserted claims against private individuals, the Supreme Court relied upon its approach in *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007), concluding that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Minneci*, 123 S. Ct. at 623. The existence of that alternative here constitutes a 'convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Wilkie*, 551 U.S. at 550.

---

[9] *See also Feldman v. Lyons*, No. 3:12-cv-0041, 2012 U.S. Dist. LEXIS 53766, at *18 (N.D.N.Y Apr. 4, 2012) (following the holding in *Minneci*, and holding Bivens claim could not be brought against individual defendant who was not a federal official).

Plaintiff can—and has—alleged state law assault, battery, and conspiracy charges against CSOs Newell and Muschitiello. Thus, this Court is not faced with a "*Bivens* or nothing" situation warranting an extension of the *Bivens* liability.[10]

Accordingly, Plaintiff's *Bivens* claim against CSOs Newell and Muschitiello must be dismissed.

**B.     Plaintiff has not Adequately Alleged Any Constitutional Violations.**

Even if CSOs Newell or Muschitiello were proper defendants, Plaintiff has not stated a sufficient *Bivens* claim because he has not clearly alleged what, if any, constitutional violations he has suffered.

Plaintiff's failure to "allege anything but conclusory, non-specific allegations of constitutional violation[s], without indicating what constitutional rights is/are violated" dooms his Complaint. *Shannon v. General Electric Co.*, 812 F.Supp. 308, 322-323 (N.D.N.Y. 1993) (dismissing *Bivens* claims where plaintiff failed to allege specific constitutional violations, and also because plaintiff did not allege constitutional violations against an individual, as opposed to corporate, defendant); *see also Espinoza v. Lindsay*, No. 11-89J, 2012 U.S. Dist. LEXIS 21327, at *11 (W.D. Pa. Jan 31, 2012) (dismissing *Bivens* claim where plaintiff failed to raise a plausible constitutional violation).  Moreover, "The Supreme Court has cautioned the *Bivens* remedy is an extraordinary one, which should 'rarely if ever be applied in new contexts.'"

_____

[10] The CSO Defendants note that the *Minneci* court was not asked to review the lower court's determination that the individual prison guards there acted pursuant to color of law; so "federal action" was assumed. *Minneci*, 132 S. Ct. at 627 (J. Ginsburg, dissenting).  Because providing security services—whether for a courthouse or any other establishment—cannot be considered "powers traditionally exclusively reserved to the government" the way that prison management is, the Supreme Court's dismissal of the charges in *Minneci* against individuals assumed to be acting under federal law provides an even more compelling reason for the Court to dismiss the instant action, where the "federal actor" requirement is by no means clearly met.

*Feldman v. Lyons*, 3:12-cv-0041, 2012 U.S. Dist. LEXIS 53766, at *10 (N.D.N.Y Apr. 4, 2012) (quotations omitted). The *Feldman* court recognized that *Bivens* claims only exist to cure three narrow constitutional violations—those relating to 4th Amendment search and seizure, employment discrimination under the Due Process Clause, and 8th Amendment violations by persons in custody. *Id.* Even broadly construed, Plaintiff's Complaint does not allege a violation of any of these amendments, and has provided this Court with no basis for extending *Bivens* liability here.

Accordingly, Plaintiff's *Bivens* claims should be dismissed.

C.  **Plaintiff has not Alleged any "Individual Action" Undertaken by CSO Muschitiello.**

The CSO Defendants deny that *any* actions were taken in violation of Plaintiff's constitutional rights. However, even if this Court finds that CSOs Newell and Muschitiello are proper *Bivens* defendants, and that Plaintiff's constitutional rights were somehow violated, it cannot find CSO Muschitiello liable.

Plaintiff has not alleged any facts to show that Plaintiff was deprived of any rights through CSO Muschitiello's own "individual actions," which effectively preclude a *Bivens* claim against him in his personal capacity. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 835 (S.D.N.Y. 1994) ("Under *Bivens*, as under § 1983, a defendant's 'personal involvement' in an alleged deprivation of constitutional rights is a prerequisite to an award of damages."); *see also*

10

*Laffey v. Plousis*, No. 05-2796, 2008 U.S. Dist. LEXIS 7528, at *19 (D.N.J. Jan. 30, 2008) (*Bivens* claim dismissed against individual U.S. Marshal where individual had no part in the alleged constitutional violation).

Plaintiff's Complaint cannot be construed to suggest that CSO Muschitiello is in any way liable for (or indeed, involved in) the alleged assault and battery perpetrated by CSO Newell. Moreover, Plaintiff has not made any factual allegations concerning CSO Muschitiello's alleged role in the conspiracy to "cover up" the alleged assault and battery— indeed, the only role CSO Muschitiello appears to have had in the events as alleged is the passive witnessing of CSO Newell's alleged apology to Plaintiff. Compl., p. 4. Failure to plead specific facts showing CSO Muschitiello's actions contributed to any constitutional deprivation is fatal to Plaintiff's claim against him. *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 835 (S.D.N.Y. 1994) (failure to allege defendant's personal involvement was fatal to plaintiff's claim against her); *Shaw v. Lopez*, No. 04-CV-787, 2004 U.S. Dist. LEXIS 11163, at *10 (D. Conn. June 17, 2004) ("The absence of any facts from which the court could infer a claim against defendant Menefee requires the court to dismiss all claims against defendant Menefee.").

## III.   PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED.

### A.   Plaintiff's Assault, Battery, and Conspiracy Claims are Time-Barred.

Liberally construed, Plaintiff's Complaint alleges claims for state law assault and battery. Under the N.Y. C.P.L.R. §215(3), however, claims for assault and battery must be brought within one year. *Bender v. GSA*, 539 F.Supp.2d 702, 706 (S.D.N.Y. 2008) (dismissing claims for assault and battery brought more than one year after the events in question occurred). It is undisputed that the incident Plaintiff describes in his Complaint concerning CSOs Newell and Muschitiello occurred in August 2010 (Compl., p. 3) and that the current lawsuit was not filed with this Court until November 16, 2011 (Compl., p. 1). Akal and CSOs Newell and

11

Muschitiello were not served until May 15 and 16, 2012 (Dkt. 22 and 27), significantly more than one year after the date of the alleged interaction. Therefore, Plaintiff's state law claims for assault and battery against Akal and CSOs Newell and Muschitiello should be dismissed.

Furthermore, the statute of limitations for civil conspiracy is the same as that for the underlying tort. *Brady v. Lynes*, No. 05 Civ. 6540, 2008 U.S. Dist. LEXIS 43512, at *28 (S.D.N.Y. May 31, 2008). In the case at bar, since the underlying tort (assault and battery) is barred, the claim for conspiracy is likewise barred. *Id.* Thus, this court need not reach the merits of these claims.

> **B.    Alternatively, Plaintiff's Assault Claim Against CSO Newell Must Fail as a Matter of Law.**[11]

Assault under New York law requires "an intentional attempt, displayed by violence or threatening gesture, to do injury to, or commit a battery upon," the plaintiff. *Williams v. Port Authority of N.Y. & N.J.*, 880 F.Supp. 980, 994 (E.D.N.Y. 1995); *see also United National Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (An assault is an intentional placing of another person in fear of imminent harmful or offensive contact); *Charkhy v. Altman*, 252 A.D.2d 413, 414, 678 N.Y.S. 2d 40, 41 (1st Dep't 1998) ("A civil assault is an intentional placing of another person in fear of imminent harmful or offensive contact."). Plaintiff's Complaint does not specify any physical conduct that caused Plaintiff to imminently apprehend any harmful contact, so his assault claim must fail.

Plaintiff's Complaint makes the vague and conclusory allegation that CSO Newell "assaulted" Plaintiff (Compl., p. 5) and that unspecified "acts" by CSO Newell amounted to attempted intimidation. *Id.* The allegation that CSO Newell "assaulted" Plaintiff must be

---

[11] The CSO Defendants do not read the Complaint as alleging assault and battery claims against CSO Muschitiello or Akal; accordingly, any defenses CSO Muschitiello or Akal may have to these claims are not addressed here. Should the Court construe Plaintiff's Complaint to allege otherwise, the CSO Defendants reserve their rights to put forth appropriate defenses to this claim at a later date.

disregarded under *Iqbal* pleading standards as conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

The allegation of vague "acts" tell this Court nothing about what, if any, *physical* actions were taken by CSO Newell, as required for an assault charge. Since the word "acts" may refer to physical as well as non-physical acts, Plaintiff has not met his required burden of pleading the existence of factual *physical* acts that placed him, or could place a reasonable person, in apprehension of imminent battery. Plaintiff's failure to describe the nature of these "acts" is crucial to his claims, given that non-physical acts, in contrast, are de facto non-actionable. *Williams*, 880 F. Supp. at 994 (holding words not accompanied by circumstances inducing a reasonable apprehension of bodily harm, such as movements of drawing back a fist, aiming a blow, or the show of a weapon, do not constitute an assault); *Castro v. Local 1199, Nat'l Health & Human Servs. Emp. Union*, 964 F.Supp. 719, 732 (S.D.N.Y. 1997) (dismissing assault claim where "the actions that plaintiff asserts constitute an assault— plaintiff's interpretation of Frankel's remarks as a threat, Frankel 'slamming' the table with his hand and moving his chair closer to plaintiff during the course of the exchange—were 'forward-looking' and were not accompanied by gestures that would cause plaintiff to reasonably believe that she was in danger of imminent bodily harm. Furthermore, plaintiff's own admission indicates that her apprehension of bodily harm was not imminent.'").

Plaintiff's failure to provide detail on the "acts" complained of also preclude this Court from determining whether such acts created a "reasonable" apprehension of imminent harmful or offensive contact. *Id.; Hayes v. Schultz*, 150 A.D.2d 522, 541 N.Y.S.2d 115, 116 (2d Dep't 1989) (modifying judgment awarding damages for assault where plaintiff failed to establish that any of the actions of the defendant Schultz, although arguably discourteous, put her

in "imminent apprehension" of "harmful or offensive contact"). Plaintiff has not alleged anywhere in his Complaint that he was *in fact* afraid of any imminent harmful or offensive contact. All he alleges was that the "acts" were "aimed" at attempted intimidation—and "intimidation" is not analogous to apprehending an "imminent harmful or offensive contact."

*See Castro*, 964 F.Supp. at 732 (*supra*).

Plaintiff's limited description of his interaction with CSO Newell tells the court nothing about how a reasonable person might interpret any of the "acts" witnessed by Plaintiff. Without a description of the physical conduct undertaken by CSO Newell, this Court has no basis for inferring that any conduct complained of is capable of being interpreted to impart such an impression. The elements of assault simply have not been pled here.

C. **Plaintiff's Battery Claim Against CSO Newell Must Fail as a Matter of Law.**

To recover damages for battery, plaintiff must prove that there was bodily contact, that the contact was harmful or offensive, and that the defendant intended to make contact without the plaintiff's consent. *See Johnson v. Suffolk County Police Dept.*, 245 A.D.2d 340, 665 N.Y.S.2d 440 (2d Dep't 1997). Plaintiff's Complaint, however, does not provide any facts to show that any contact made by CSO Newell was harmful or offensive, so his battery claim must fail as a matter of law.

Plaintiff's Complaint makes vague and conclusory allegations that CSO Newell hit Plaintiff (Compl., p. 4) and "physically touch[ed] me" (Compl., p. 5). But nowhere in his Complaint does Plaintiff describe the nature of these "hit[s]" or "touch[es]." *Zgraggen v. Wilsey*, 200 A.D.2d 818, 606 N.Y.S.2d 444, 445 (3d Dep't 1994) (dismissing battery claim because it could not be shown as a matter of law that the contact complained of was "offensive.").

Moreover, the fact that no injury is alleged casts doubt on the true nature of the alleged contact. *See Landy v. Irizarry*, 884 F.Supp. 788, 800 n.16 (S.D.N.Y. 1994) (finding plaintiff's failure to

allege any injury doomed his excessive force claim, since "the severity of his injury could shed some light on the amount of force that was used"). Of course, not all touches in polite society, such as taps on shoulders, or handshakes, can or should be deemed batteries. *Cf. Lucas v. South Nassau Cmty. Hosp.*, 54 F.Supp. 2d 141, 151 (E.D.N.Y. 1998) (dismissing plaintiffs' claim of battery on summary judgment when the alleged touching was "momentary in duration and innocuous in nature," and when nothing in the record indicated that defendant threatened plaintiff with physical harm or that plaintiff was in fear of such harm). Plaintiff must allege *some facts* to show that the physical touches taken by CSO Newell were in fact intended to be "harmful or offensive." *See Kramer v. City of New York*, No. 04 Civ. 106, 2004 U.S. Dist. LEXIS 21914, at *35 (S.D.N.Y. Oct. 29, 2004) (noting New York State law regarding assault and battery parallels federal laws regarding excessive force, and dismissing assault and battery claims where plaintiff's admission that she sustained no injuries as a result of the alleged battery "strongly imply" that no excessive force was used); *Aderonmu v. Heavey*, No. 00 Civ. 9222, 2001 U.S. Dist. LEXIS 640, at *10 (S.D.N.Y. Jan. 25, 2001) (plaintiff's failure to allege that any physical force was used against him during his interrogation, or that any injuries resulted from defendants' allegedly unconstitutional conduct, barred his excessive force claim). As the Complaint currently stands, Plaintiff has alleged *none*.

        **D.      Plaintiff's Conspiracy Claims Against the CSO Defendants Must Fail as a
                  Matter of Law.**

        While New York law does not contain an actionable tort of conspiracy alone, a plaintiff may still plead the tort of civil conspiracy in order to connect someone to an otherwise actionable tort committed by another and establish that those actions were part of a common scheme. *Lewis v. Rosenfeld*, 138 F.Supp. 2d 466, 479 (S.D.N.Y. 2001). Thus, to state a claim for conspiracy a plaintiff must allege both a primary tort and also show the four elements of a

15

conspiracy, namely: (1) a corrupt agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury. *Id.*

Plaintiff has not alleged facts to support any of these elements in his Complaint.

Plaintiff's civil conspiracy claim against Akal, broadly construed, consists of the allegation that Akal participated in the "cover up after CSO Newel [sic] allegedly hit [Plaintiff], their failure to find out the truth, and perhaps destroy the video tape evidence." Compl., p. 6. Plaintiff's civil conspiracy claim against CSOs Newell and Muschitiello consists primarily of the vague and conclusory allegation that they "acted in concert to cover up" the events as alleged, but this description, even with the unfounded "guess" that tapes were destroyed is devoid of facts that can reasonably sustain an action for conspiracy. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Plaintiff's allegations indicate no "corrupt agreement" between anyone. A greater factual "link" beyond a conclusory claim is required to show a willful agreement to perform any "overt acts" in furtherance of the conspiracy. *Bloom v. United States*, No. 02-cv-2352, 2003 U.S. Dist. LEXIS 18087 (S.D.N.Y. Oct. 7, 2003) (dismissing claims for conspiracy where complaint contained no facts establishing how the alleged actors willfully entered into a corrupt agreement to commit the acts complained of).

The "overt act"—Plaintiff's speculation that video tape evidence was destroyed— is moreover unsupported by any facts other than that he was allegedly not permitted to view any video tapes of the events. Compl., p. 4. But ***Plaintiff has not established that any video tape capturing the alleged events ever existed.*** Plaintiff's guess that video tapes exist or ever existed

appear solely founded on the notion that "there must have been video tapes of the incident and the aftermath." Compl., p. 5. This does not pass muster even under the most liberal reading of Plaintiff's Complaint.

Moreover, even if video tapes of the event did exist, it requires an additional leap of logic to conclude that because Plaintiff was not permitted to view them, that they were intentionally destroyed, or, more to the point, that "destroying" them was in any way wrongful or "in furtherance of a plan" or other unlawful purpose.

Although a plaintiff's pleadings on a motion to dismiss should be read in the light most favorable to him, this Court need not credit those allegations which are not plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 577 (2007)); *see also id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Germany v. N.Y.S. D.O.C.S.*, No. 03 Civ. 148, 2003 U.S. Dist. LEXIS 16640, at *24 (S.D.N.Y. Sept. 22, 2003) ("While the Court has an obligation to construe a *pro se* complaint to state every argument which it could fairly be read to propose, the Court cannot supply featureless allegations . . . with the specificity necessary to avoid dismissal.").

Accordingly, Plaintiff's civil conspiracy claims against the CSO Defendants must be dismissed.

17

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the CSO Defendants, and award such further relief as the Court deems proper.

Dated: July 13, 2012

Respectfully Submitted,

Kurt Peterson, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Ste. 1500
Atlanta, GA 30326-4803
Tel: (404) 760-3910

Jennie Woltz, Esq.
900 Third Avenue, 8th Floor
New York, NY 10022
Tel: (212) 583-9600

*Attorneys for the CSO Defendants*

18