**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
PETER LINDNER,                                    :
                                                  :
                              Plaintiff,          :
                                                  :       Case No.:  11 Civ. 8365 (AJN)
                              v.                  :
                                                  :       ECF Case
COURT SECURITY OFFICER (CSO)                      :
NEWELL, *et al.*,                                 :
                                                  :
                              Defendants.         :
-------------------------------------------------------x

**THE FEDERAL DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone:  (212) 637-2728
Facsimile:  (212) 637-2786
Email: christopher.harwood@usdoj.gov

CHRISTOPHER B. HARWOOD
Assistant United States Attorney

    – Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ....................................................................................................................2

    A.     Plaintiff's Complaint ...............................................................................2

    B.     The Prior Dismissal of Certain Defendants and Claims............................4

ARGUMENT .......................................................................................................................6

I.    PLAINTIFF'S FTCA CLAIMS AGAINST THE FEDERAL DEFENDANTS
    SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION......6

    A.     Legal Standard Governing Dismissal Pursuant to Rule 12(b)(1) ............6

    B.     The FTCA Precludes Plaintiff's Claims Against the Federal
           Defendants ...........................................................................................6

    C.     Plaintiff's FTCA Claims Against the United States Should Be
           Dismissed Because Plaintiff Failed to Exhaust His Administrative
           Remedies ..............................................................................................8

II    PLAINTIFFS' *BIVENS* CLAIMS AGAINST THE FEDERAL DEFENDANTS
    SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION
    AND FAILURE TO STATE A CLAIM ............................................................10

    A.     Plaintiff's *Bivens* Claims Against the Federal Defendants in
           Their Official Capacities Should Be Dismissed for Lack of Subject Matter
           Jurisdiction.........................................................................................10

    B.     Plaintiff's *Bivens* Claims Against the Federal Defendants in Their Individual
           Capacities Should Be Dismissed for Failure to State a Claim...................11

         1.     Legal Standard Governing Dismissal Pursuant to Rule 12(b)(6) .................11

         2.     Plaintiff Has Failed to Allege Facts Sufficient to Support a
               *Bivens* Claim ...................................................................................12

         3.     Plaintiff Has Failed to Allege That Any Federal Defendant
               Was Personally Involved in the Events Alleged in the Complaint...............16

CONCLUSION....................................................................................................................18

# TABLE OF AUTHORITIES

## *CASES*

*Adams by Adams v. U.S. Dep't of Housing & Urban Development*,
   807 F.2d 318 (2d Cir. 1986)...........................................................................................9

*Adeleke v. United States*, 355 F.3d 144 (2d Cir. 2004)..........................................................8, 9

*Albergottie v. New York City*, No. 08 Civ. 8331, 2011 WL 519296
   (S.D.N.Y. Feb. 15, 2011)..........................................................................................11

*In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210 (2d Cir. 1987) ........................................9

*Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009)..................................................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................11, 13, 16

*Barbera v. Smith*, 836 F.2d 96 (2d Cir. 1987) ..............................................................16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................11, 13

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
   403 U.S. 388 (1971)......................................................................................... *passim*

*Block v. North Dakota*, 461 U.S. 273 (1983) ..............................................................8

*Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704 (2d Cir. 2002)...................................................17

*Caprice v. Paterson*, No. 09 Civ. 1014, 2011 WL 3328646 (N.D.N.Y. Aug. 2, 2011) ...............17

*Carlson v. Green*, 446 U.S. 14 (1980) ..............................................................15

*Cates v. Williams*, No. 08 Civ. 1529, 2009 WL 723021 (S.D.N.Y. Mar. 19, 2009) .................7, 8

*Christopher v. Harbury*, 536 U.S. 403 (2002)..............................................................15

*Clavizzao v. United States*, 706 F. Supp. 2d 342 (S.D.N.Y. 2009)...................................................6

*Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001)...........................................................16

*Cuoco v. Hershberger*, 93 Civ. 2806, 1996 WL 648963 (S.D.N.Y. Nov. 6, 1996) ...................18

*Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130 (2d Cir. 1999)................................11

*Davis v. Passman*, 442 U.S. 228 (1979) ...................................................................15

*Davis v. United States*, No. 01 Civ. 6356, 2002 WL 31133030
    (S.D.N.Y. Sept. 25, 2002) ..........................................................................5

*FDIC v. Meyer*, 510 U.S. 471 (1994) ....................................................................10

*Farag v. United States*, 587 F. Supp. 2d 436 (E.D.N.Y. 2008) .................................12

*Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011)........................................................12

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) ..................10

*Hightower v. United States*, 205 F. Supp. 2d 146 (S.D.N.Y. 2002) ...........................6

*Kamper v. Vonderheide*, 216 F. Supp. 2d 4 (N.D.N.Y. 2002)............................ 14, 15-16

*Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071 (S.D.N.Y. Apr. 14, 2004)............................17

*Keene Corp. v. United States*, 700 F.2d 836 (2d Cir. 1983) ....................................10

*Lane v. Pena*, 518 U.S. 187 (1996)........................................................................8

*Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993) .......................................................13

*Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99 (2d Cir. 1999)....................................11

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) .....................................................14

*Lonegan v. Hasty*, 436 F. Supp. 2d 419 (E.D.N.Y. 2006) ........................................16

*Lucket v. Bure*, 290 F.3d 493 (2d Cir. 2002) ...........................................................6

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)...................................6, 8

*Mardsen v. Federal BOP*, 856 F. Supp. 832 (S.D.N.Y. 1994) .................................18

*Marsh v. Kirschner*, 31 F. Supp. 2d 79 (D. Conn. 1988)..........................................14

*Martinez v. Simonetti*, 202 F.3d 625 (2d Cir. 2000) .............................................15

*Mazloum v. District of Columbia*, 442 F. Supp. 2d 1 (D.C. Cir. 2006)............................14

*Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662 (S.D.N.Y. 2001)............................6

*Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362 (E.D.N.Y. 2005)...............................7

*Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006) ...................................................11

*Paulino-Duarte v. United States*, No. 02 Civ. 9499, 2003 WL 22533401
    (S.D.N.Y. Nov. 7, 2003) .......................................................................10

*Paulino-Duarte v. United States*, No. 02 Civ. 9499, 2003 WL 22533401
    (S.D.N.Y. Nov. 7, 2003) .......................................................................10

*Perez v. Murphy*, No. 85 Civ. 4481, 1987 WL 6928 (S.D.N.Y. Feb. 10, 1987)..........................11

*Rivera v. United States*, 928 F.2d 592 (2d Cir. 1991)...................................................6

*Rivera v. Warden of M.C.C.*, No. 95 Civ. 3779, 2000 WL 769206
    (S.D.N.Y. June 13, 2000)........................................................................5

*Roberts v. IRS*, 468 F. Supp. 2d 644 (S.D.N.Y. 2006)...................................................6

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ....................................10

*Russo v. Glasser*, 279 F. Supp. 2d 136 (D. Conn. 2003) ............................................13, 14

*Sereika v. Patel*, 411 F. Supp. 2d 397 (S.D.N.Y. 2006) ..............................................8, 9

*Shannon v. Jacobowitz*, 394 F.3d 90 (2d Cir. 2005).....................................................15

*Smith v. O'Connor*, 901 F. Supp. 644 (S.D.N.Y. 1995) ................................................14

*Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004) ........................................................15

*Stone v. Dep't of Invest. of the City of N.Y.*, No. 91 Civ. 2471, 1992 WL 25202
    (S.D.N.Y. Feb. 4, 1992) .......................................................................14

*Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006)............................................ 12, 13-14

*United States v. Mitchell*, 445 U.S. 535 (1980) .......................................................10

*United States v. Orleans*, 425 U.S. 807 (1976).........................................................6

*United States v. Sherwood*, 312 U.S. 584 (1941).......................................................10

*Vishevnik v. Sup. Ct. of the State of N.Y.*, No. 99 Civ. 3611, 1999 WL 796180,
    (S.D.N.Y. Oct. 6, 1999) .......................................................................16

*Wilkie v. Robbins*, 551 U.S. 537 (2007).............................................................16

*Williams v. United States*, 947 F.2d 37 (2d Cir. 1991) ....................................................................8

*Waters v. Sunshine*, No. 07 Civ. 4753, 2009 WL 750217 (E.D.N.Y. Mar. 12, 2009)..................15

*Woods v. Goord*, No. 01 Civ. 3255, 2002 WL 731691 (S.D.N.Y. Apr. 23, 2002)................. 17-18

## OTHER AUTHORITIES

18 U.S.C. § 1512.....................................................................................................................4, 5

28 U.S.C. § 1346.................................................................................................................... 6, 10

28 U.S.C. §§ 2671.......................................................................................................................1

28 U.S.C. § 2675........................................................................................................................8

28 U.S.C. § 2679........................................................................................................................7

29 U.S.C. § 621..........................................................................................................................5

29 U.S.C. § 623..........................................................................................................................4

Fed. R. Civ. P 12(b)(1).......................................................................................................... *passim*

Fed. R. Civ. P 12(b)(6).......................................................................................................... passim

Defendants Joseph Guccione, James Howard, Brian Murphy, and Betty Ann Pascarella (collectively, the "Federal Defendants"), employees of the United States Marshals Service (the "USMS"), by and through their attorney, Preet Bharara, the United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Peter Lindner's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff, who is proceeding *pro se*, brings this action against the Federal Defendants and others for damages he allegedly sustained in connection with an incident in which he was purportedly "intimidat[ed]" and "physically touch[ed]" by a Court Security Officer ("CSO") — CSO Newell — while visiting the federal courthouse at 500 Pearl Street in Manhattan.[1]  Plaintiff does not specify whether he is bringing this action against the Federal Defendants under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671, *et seq.*, or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  Read liberally, the Complaint could be construed as asserting claims against the Federal Defendants under both the FTCA and *Bivens*.  Accordingly, for purposes of this motion, the Federal Defendants construe the Complaint broadly as asserting claims under both avenues of relief.

Plaintiff's FTCA claims against the Federal Defendants should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  The FTCA precludes litigants from bringing common law tort claims against federal employees for actions taken within the scope of their federal employment, and provides that the only proper defendant for purposes of such claims is

---

[1] CSO Newell and two other defendants — CSO Muschitello and Akal Security, Inc. (the CSOs' employer) — have private counsel and have filed a separate motion to dismiss.

the United States.  Here, the conduct attributed to the Federal Defendants — assuming it

occurred — was undertaken within the scope of their federal employment.  Thus, for purposes of

Plaintiff's FTCA claims, the United States should be substituted as the defendant.  And, upon

substitution, the FTCA claims should be dismissed because Plaintiff did not exhaust his

administrative remedies by filing an administrative tort claim with the USMS prior to filing suit.

*See infra* Part I.

Plaintiffs' *Bivens* claims against the Federal Defendants likewise fail.  To the extent

Plaintiff is asserting *Bivens* claims against the Federal Defendants in their *official* capacities, his

claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because

the claims are properly construed as being against the United States, and the United States has

not waived its sovereign immunity from constitutional tort claims (*i.e.*, the types of claims

cognizable under *Bivens*).  Alternatively, to the extent Plaintiff is asserting *Bivens* claims against

the Federal Defendants in their *individual* capacities, his claims should be dismissed for failure

to state a claim under Rule 12(b)(6) for at least two independent reasons:  (1) Plaintiff has not

alleged facts to support a plausible inference that the Federal Defendants violated any of his

constitutional rights; and (2) Plaintiff has not alleged that any of the Federal Defendants were

personally involved in the matters about which he complains.  *See infra* Part II.

## BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff claims that in August 2010, he was assaulted by CSO Newell when he came to

the federal courthouse to pursue an appeal in another case, *Lindner v. IBM*, No. 06 Civ. 4751

(S.D.N.Y. Jan. 21, 2010).  *See* Compl. at Part III; Compl. Attachment at Part II.B.  Plaintiff

alleges that CSO Newell "attempted [to] intimidat[e]" him, "physically touch[ed]" him, and then

tried to "cover[] up the incident by lying [about it] to the US Marshal Investigator."  Compl. Attachment at Part II.B; *see id.* at Part V (alleging that CSO Newell "hit" Plaintiff).  According to Plaintiff, the alleged assault was witnessed by another CSO — CSO Muschitello.[2]  *Id.* at Part II.B.

Plaintiff also alleges that "the US Marshal in concert with the CSO[s] and their employer" engaged in a conspiracy to "cover[] up" the alleged assault.  *Id.* at Part III.  Plaintiff further asserts that "the US Marshal Investigator" failed to "properly conduct the cross-examination" of witnesses in connection with the alleged assault, and failed to "safeguard" videotapes of the alleged incident.  *See id.* at Part II.B.  Plaintiff, however, does not specify: (1) who this "Investigator" was; (2) who the "Investigator" allegedly failed to "cross-examin[e]" properly; or (3) why the "cross-examination" was inadequate.  *See id.*  Moreover, Plaintiff acknowledges that he does not actually know whether there were any videotapes of the alleged assault, or what steps were taken to safeguard any such videotapes.  Plaintiff merely speculates that there were such videotapes, *see id.* (asserting that, because the courthouse is "one of the most secure Courthouses in the USA, . . . there *must* have been video tapes of the incident" (emphasis added)), and that they may have been destroyed, *see id.* at Part V (seeking relief against certain defendants "for fail[ing] to find out the truth, and *perhaps* destroy[ing] the video tape evidence" (emphasis added)).

Notably, in a subsequent filing in this action, Plaintiff posed the following questions, thus confirming that he lacks a factual basis to support his allegations of a conspiracy, a failure to conduct an adequate investigation of the alleged assault, and a failure to safeguard evidence:

---

[2] Although Plaintiff does not describe the alleged assault in the Complaint, he acknowledges that he suffered no meaningful injuries in connection with the alleged incident. *See* Compl. Attachment at Part IV (describing Plaintiff's injuries as "[n]othing major").

"Did the US Marshal's Office indeed question both CSO Newel and CSO Muschitello?  And what of the video tapes?  Are they secured, or have they been erased or rotated to be deleted, perhaps as part of a cover up of both the assault, the lying to the federal Law Enforcement Officer, and a mechanism to protect you (SDNY US Marshal Guccione) from being implicated?"  Dkt. 9 at 2; *see id.* (asserting that "there *may* be footage on video of [the alleged assault]" (emphasis added)).  In another filing, Plaintiff alleges that "[t]he US Marshal(s)" told his former attorney "that no such videotape [of the alleged assault] exists."  Dkt. 19 at 3.  Plaintiff conclusorily speculates that this representation was "fasle[]," *see id.*, but simply ignores and fails to present facts to rebut the equally plausible possibility that the area where the alleged assault occurred is not videotaped.

### B.    The Prior Dismissal of Certain Defendants and Claims

In addition to the Federal Defendants, the two CSOs and the CSOs' private employer (Akal Security, Inc.), the Complaint names as defendants Preet Bharara, the United States Attorney for the Southern District of New York (the "U.S. Attorney"), and Margaret Lain, the Deputy Clerk for the United States Court of Appeals for the Second Circuit (the "Deputy Clerk").  *See* Compl. at Caption.  Plaintiff alleges that the U.S. Attorney failed to conduct an adequate investigation of the alleged assault (specifically, Plaintiff alleges that the U.S. Attorney failed to respond to his telephone calls or to accept his evidence about the alleged assault), and that the Deputy Clerk failed to provide him safe passage while in the courthouse.  *See* Compl. Attachment at Part II.B.  Moreover, in addition to the FTCA and *Bivens*, the Complaint asserts claims under 18 U.S.C. § 1512 and the Older Workers Benefit Protection Act (the "OWBPA"), 29 U.S.C. § 623(f).  *See id.* at Part V.  These provisions are meant to prohibit tampering with witnesses and to ensure that older workers are not coerced or manipulated into waiving their

rights under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C § 621, *et seq.*,

respectively.

By Order dated February 15, 2012, this Court (Preska, C.J.) dismissed *sua sponte* the

claims against the U.S. Attorney and the Deputy Clerk, as well as the claims under 18 U.S.C.

§ 1512 and the OWBPA.  *See* Dkt. 13 at 5-7.  The Court dismissed the claims against the U.S.

Attorney on the ground that his decision not to initiate an investigation in connection with the

alleged assault (or to accept Plaintiff's telephone calls or evidence) is protected by absolute

immunity.  *See id.* at 6.  The Court dismissed the claims against the Deputy Clerk because

Plaintiff did not allege any facts to suggest that the Deputy Clerk had personal involvement in

any of the events alleged in the Complaint.[3]  *See id.* at 5-6.  Finally, the Court dismissed the

claims under 18 U.S.C. § 1512 and the OWBPA because 18 U.S.C. § 1512 does not provide a

private right of action, and the Complaint does not allege facts implicating Plaintiff's rights

under the ADEA (thus giving Plaintiff no basis to pursue a claim under the OWBPA).  *See id.* at

6-7.

---

[3] The Complaint also purports to assert claims against two additional individuals:
(1) "Witness Security S. Jones"; and (2) "Congressional Affairs Chief D. Disrud."  *See* Compl.
at Caption.  Plaintiff has not made any effort to further identify these individuals, and there is
nothing on the docket to suggest that either individual has been served.  Accordingly, although
this Office does not represent these individuals, we note that the claims against them should be
dismissed.  *See, e.g.*, *Davis v. United States*, No. 01 Civ. 6356, 2002 WL 31133030, at *3
(S.D.N.Y. Sept. 25, 2002) (dismissing *Bivens* claims against individual defendants who had not
been served properly); *Rivera v. Warden of M.C.C.*, No. 95 Civ. 3779, 2000 WL 769206, at *1
(S.D.N.Y. June 13, 2000) ("In order to maintain a *Bivens* action against an individual defendant,
. . . the defendant must be personally served in accordance with Fed. R. Civ. P. 4(e).").
Moreover, to the extent the Complaint is read as asserting FTCA and/or *Bivens* claims against
these two individuals, the claims fail for the same reasons that Plaintiff's FTCA and *Bivens*
claims fail against the Federal Defendants, including that the Complaint does not allege any facts
to suggest that these two individuals had personal involvement in any of the events alleged in the
Complaint.  *See infra* Parts I-II.

On February 28, 2012, Plaintiff moved for reconsideration of the dismissal of the above-referenced defendants and claims.  *See* Dkt. 17.  This Court (Nathan, J.) denied Plaintiff's motion by Order dated March 7, 2012.  *See* Dkt. 18.

## ARGUMENT

## I.    PLAINTIFF'S FTCA CLAIMS AGAINST THE FEDERAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

### A.    Legal Standard Governing Dismissal Pursuant to Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the court lacks the statutory or constitutional power to adjudicate it.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 663 (S.D.N.Y. 2001).  The plaintiff bears the burden of proving that jurisdiction exists by a preponderance of the evidence.  *Lucket v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *Clavizzao v. United States*, 706 F. Supp. 2d 342, 345 (S.D.N.Y. 2009).  In deciding a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings, *id.*, and "does not draw inferences in favor of the plaintiff," *Roberts v. IRS*, 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006).

### B.    The FTCA Precludes Plaintiff's Claims Against the Federal Defendants

The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b)(1).  The FTCA states, however, that a suit against the United States is the exclusive remedy for damages resulting from such torts, 28 U.S.C. § 2679(b)(1), and it provides federal employees acting within the scope of their employment with absolute immunity from common law tort claims, *see Hightower v. United States*, 205 F. Supp. 2d 146, 153-54 (S.D.N.Y. 2002) (citing *Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991)).

Pursuant to 28 U.S.C. § 2679(d)(1), "[u]pon certification by the Attorney General that [a] defendant [federal] employee was acting within the scope of his office or employment at the time of the incident out of which the [tort] claim arose," the United States "shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *see Cates v. Williams*, No. 08 Civ. 1529, 2009 WL 723021, at *5 (S.D.N.Y. Mar. 19, 2009). Moreover, courts have held that "[a]n express petition for certification is not required and a brief on behalf of [the] named defendants may serve as a petition to certify that they were employees acting within the scope of their employment." *Cates*, 2009 WL 723021, at *5; *see Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 376 (E.D.N.Y. 2005).

Here, the Complaint is devoid of specific factual allegations regarding any of the Federal Defendants. The Complaint makes only a conclusory assertion about a "cover[] up" involving "the US Marshal," and references an unnamed "US Marshal Investigator," alleging that this individual failed to conduct a proper investigation and to safeguard videotapes of the alleged assault. *See* Compl. Attachment at Parts II.B, III. Based on these vague allegations, the Federal Defendants are not in a position to submit a scope of employment certification as to any particular Federal Defendant. The Federal Defendants do not know which of them is alleged to have engaged in the challenged conduct, or even the specific nature of the challenged conduct. However, to the extent the Federal Defendants had any interactions with Plaintiff or engaged in any conduct in connection with the alleged assault, it is clear they were acting within the scope of their federal employment. There certainly are no factual allegations in the Complaint to suggest that any Federal Defendant was acting outside the scope of his or her federal employment at any time relevant to this case. Accordingly, this brief serves as a petition to certify that the Federal Defendants were acting within the scope of their federal employment at

all relevant times, *see Cates*, 2009 WL 723021, at *5, and the United States therefore should be substituted as defendant in their place, *see Sereika v. Patel*, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006).

### C.   Plaintiff's FTCA Claims Against the United States Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies

Once the United States has been substituted for the Federal Defendants, Plaintiff's FTCA claims should be dismissed pursuant to Rule 12(b)(1) because Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit, thus depriving this Court of subject matter jurisdiction over these claims.

It is well established that the United States cannot be sued absent a waiver of its sovereign immunity.  *See Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004).  Any waiver of the Government's sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *accord Adeleke*, 355 F.3d at 150.  Moreover, any such waiver "will be strictly construed, in terms of its scope, in favor of the sovereign," *Lane*, 518 U.S. at 192, and the plaintiff bears the burden of proving that his or her claims "fall within an applicable waiver," *Makarova*, 201 F.3d at 113.  Absent such a waiver — or if the conditions under which the United States has agreed to waive its sovereign immunity have not been met — the court lacks subject matter jurisdiction over the plaintiff's claims.  *See id.*; *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991).

While the FTCA waives the United States' sovereign immunity from certain common law tort claims, one condition of the FTCA's waiver is that the plaintiff must "have first presented the claim to the appropriate Federal agency and his claim [must] have been finally denied by the agency in writing," or the agency must have failed to dispose of the claim within

six months after it was filed.  28 U.S.C. § 2675(a); *see Adeleke*, 355 F.3d at 153 (the filing of an administrative claim is a condition of the FTCA's waiver of sovereign immunity).  This requirement (that an administrative claim must first be presented to the relevant agency), "like [the] other requirements imposed in . . . [28 U.S.C.] § 2675, is jurisdictional and cannot be waived."  *Adams by Adams v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 321 (2d Cir. 1986).  Moreover, this requirement "applies equally to litigants with counsel and to those proceeding *pro se*."  *Adeleke*, 355 F.3d at 153.

Here, Plaintiff has not alleged that he filed an administrative claim with the USMS prior to filing suit.  This pleading deficiency alone requires dismissal of Plaintiff's FTCA claims.  *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (holding that the plaintiff's "complaint against the United States should have been dismissed for lack of jurisdiction" due to the plaintiff's failure to allege exhaustion of administrative remedies).  Furthermore, agency records conclusively establish that Plaintiff did not file an administrative claim with the USMS.  *See* Decl. of Gerald Auerback ¶ 5 (a "review of [the USMS's] FTCA claim records did not reveal any FTCA claims presented to the [USMS] by plaintiff arising out of the incident described in the complaint").  Accordingly, Plaintiff's FTCA claims against the United States should be dismissed for lack of subject matter jurisdiction.  *See Sereika*, 411 F. Supp. 2d at 409 (holding that the United States "must be substituted as party defendant" in place of the individuals, and dismissing the plaintiff's FTCA claims pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies).

II.   **PLAINTIFF'S *BIVENS* CLAIMS AGAINST THE FEDERAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

A.   **Plaintiff's *Bivens* Claims Against the Federal Defendants in Their Official Capacities Should Be Dismissed for Lack of Subject Matter Jurisdiction**

To the extent Plaintiff is asserting *Bivens* claims against the Federal Defendants in their official capacities, the claims fail, as the United States has not waived its sovereign immunity from such claims. *Bivens* claims (*i.e.*, constitutional tort claims) asserted against federal employees in their official capacities are considered claims against the United States. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). As set forth above, however, under the doctrine of sovereign immunity, the United States "'is immune from suit save as it consents to be sued . . . .'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). And the United States has not consented to be sued for constitutional tort claims. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Consequently, *Bivens* claims brought against the United States — and employees of the United States in their official capacities — are "routinely dismissed for lack of subject matter jurisdiction." *Keene Corp. v. United States*, 700 F.2d 836, 845 n.13 (2d Cir. 1983); *see, e.g.*, *Robinson*, 21 F.3d at 510 (affirming the dismissal of *Bivens* claims against federal employees in their official capacities on the basis of sovereign immunity); *Paulino-Duarte v. United States*, No. 02 Civ. 9499, 2003 WL 22533401, at *3 (S.D.N.Y. Nov. 7, 2003) (dismissing the plaintiff's "*Bivens* claim against the United States, BOP, MCC/NY and [an individual defendant] in his official capacity" under the doctrine of sovereign immunity). Accordingly, any *Bivens* claims asserted against the Federal Defendants in their official capacities should be dismissed under Rule 12(b)(1).

**B.    Plaintiff's *Bivens* Claims Against the Federal Defendants in Their Individual Capacities Should Be Dismissed for Failure to State a Claim**

**1.    Legal Standard Governing Dismissal Pursuant to Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court must accept as true all facts alleged in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006). To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although a *pro se* plaintiff's complaint must be liberally construed to raise the strongest claims that the allegations suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), even a *pro se* plaintiff may not rely on conclusory allegations, but must allege facts that, if proven, would entitle him or her to relief, *Perez v. Murphy*, No. 85 Civ. 4481, 1987 WL 6928, at *2 (S.D.N.Y. Feb. 10, 1987); *see Albergottie v. New York City*, No. 08 Civ. 8331, 2011 WL 519296, at *3 (S.D.N.Y. Feb. 15, 2011) ("a *pro se* party's bald assertions of a constitutional violation without any factual predicate cannot survive even the most liberal standard accorded a Rule 12(b)(6) motion" (internal quotation marks omitted)). In resolving a Rule 12(b)(6) motion, a court may consider documents attached to or referenced in the complaint, as well as "matters of which judicial notice may be taken." *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

**2.      Plaintiff Has Failed to Allege Facts Sufficient to Support a *Bivens* Claim**

The Supreme Court, in *Bivens*, 403 U.S. at 390-97, recognized a private right of action against federal employees in their individual capacities for alleged violations of constitutional rights.  To state a *Bivens* claim, a plaintiff must allege facts sufficient to create a plausible inference that he or she "has been deprived of a constitutional right."  *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006).

Here, to support his *Bivens* claims against the Federal Defendants, Plaintiff alleges that: (1) "the US Marshal" participated in a conspiracy with the CSOs and their employer to "cover[] up" the alleged assault; and (2) "the US Marshal Investigator" failed to "properly conduct the cross-examination" of witnesses in connection with the alleged assault, and failed to "safeguard" videotapes of the alleged assault.  *See* Compl. Attachment at Parts II.B, III.  Plaintiff, however, has failed to allege any facts to support these assertions.

With respect to Plaintiff's allegation of a conspiracy, the Complaint contains only the conclusory assertion that the alleged assault "was covered up by the US Marshal in concert with the CSO[s] and their employer."  *See id.* at Part III.  The Complaint does not, however, include any factual allegations to suggest that Plaintiff's assertion of a conspiracy is anything more than mere speculation.  In fact, Plaintiff has not alleged even the most basic element of a *Bivens* conspiracy claim:  that there was "a meeting of the minds" of the defendants to violate his constitutional rights.  *See Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) ("Broad allegations of conspiracy are insufficient; the plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." (internal quotation marks omitted)); *Farag v. United States*, 587 F. Supp. 2d 436, 470 (E.D.N.Y. 2008) (same).  Thus, Plaintiff has failed to state a *Bivens* conspiracy claim.

Indeed, courts routinely dismiss *Bivens* conspiracy claims where, as here, they are based solely

on conclusory allegations.  *See, e.g.*, *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("It is

well settled that claims of conspiracy 'containing only conclusory, vague, or general allegations

of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."

(quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)); *Russo v. Glasser*, 279 F. Supp. 2d

136, 144-45 (D. Conn. 2003) (dismissing the plaintiff's claims of conspiracy on the ground they

were "vague and conclusory").

    Plaintiffs' remaining allegations also fail to state a *Bivens* claim, as they too are entirely

conclusory.  Plaintiff asserts that "the US Marshall Investigator" did not "properly . . . cross-

examin[e]" witnesses, but fails to identify anything specific that the "Investigator" did or did not

do.  *See* Compl. Attachment at Part II.B.  Similarly, Plaintiff asserts that "the US Marshal

Investigator" failed to "safeguard" videotapes of the alleged assault, but does not explain what

actions the "Investigator" took or did not take in this regard.  *See id.*  Indeed, Plaintiff does not

even know whether a videotape of the alleged assault ever existed.  *See id.*  He merely assumes

that one did, and speculates that "perhaps [it was] destroy[ed]."  *Id.* at Part III.  Such conclusory

allegations are insufficient "to raise [Plaintiff's] right to relief [on his *Bivens* claims] above the

speculative level."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 ("Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of [stating a

claim] . . . ." (internal quotation marks omitted)).  Therefore, for the reasons set forth above, all

of Plaintiff's *Bivens* claims should be dismissed.

    Plaintiff's *Bivens* claims should also be dismissed because, even if this Court were to

credit his conclusory allegations, Plaintiff has failed to allege a constitutional violation.  *See*

*Thomas*, 470 F.3d at 496 (to state a *Bivens* claim, a plaintiff must allege that "he has been

deprived of a constitutional right").  Indeed, based on the allegations of the Complaint, it is not

clear what constitutional right Plaintiff is claiming the Federal Defendants violated.  To the

extent Plaintiff is claiming that the Federal Defendants violated his right to have them perform

an adequate investigation of the alleged assault and/or to have CSO Newell (and possibly others)

prosecuted in connection with the alleged assault, his allegations do not state a constitutional

violation.  "There is . . . no constitutional right to an investigation by government officials,"

*Stone v. Dep't of Invest. of the City of N.Y.*, No. 91 Civ. 2471, 1992 WL 25202, at *2 (S.D.N.Y.

Feb. 4, 1992), or "to have criminal wrongdoers prosecuted," *Russo*, 279 F. Supp. 2d at 145

(quoting *Marsh v. Kirschner*, 31 F. Supp. 79, 81 (D. Conn. 1988)).  *See also Linda R.S. v.

Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in

the prosecution or nonprosecution of another.").

    Nor is Plaintiff any better off if he is claiming that the Federal Defendants violated his

right to have them safeguard evidence (*i.e.*, the purported videotapes) so he could use the

evidence in this proceeding.  While a plaintiff has a constitutional right to access the courts that

could conceivably be violated by the destruction of evidence, *see Mazloum v. District of

Columbia*, 442 F. Supp. 2d 1, 7 (D.C. Cir. 2006), this right is violated only where "(1) the

defendant 'deliberately and maliciously interfered' with this access, and . . . (2) this interference

resulted in injury," *Kamper v. Vonderheide*, 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002) (quoting

*Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995)).  Here, Plaintiff has alleged that

"the US Marshal Investigator" failed to "safeguard" videotapes of the alleged assault.  Compl.

Attachment at Part II.B.  He has not, however, alleged any facts to suggest that "the US Marshal

Investigator" *intentionally* failed to safeguard the purported videotapes.  Thus, at most, Plaintiff

has alleged that he has been denied the purported videotapes as a result of negligence.  Such

14

allegations do not state a constitutional violation.[4]  *See, e.g.*, *Shannon v. Jacobowitz*, 394 F.3d 90, 94 (2d Cir. 2005) ("a negligent act [cannot] amount to a constitutional [due process] deprivation"); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts"); *see also Waters v. Sunshine*, No. 07 Civ. 4753, 2009 WL 750217, at *4 (E.D.N.Y. Mar. 12, 2009) (where, as here, the plaintiff "does not allege anything with respect to the intent of Defendants," the allegations should be read to "show that, at most, Defendants acted negligently").

Moreover, as explained above, Plaintiff's allegations reveal that he does not actually know whether any videotapes of the alleged assault ever existed; he merely assumes that they did.  *See* Compl. Attachment at Parts II.B, III.  Plaintiff's allegations therefore do not support a plausible inference that he was harmed by any alleged failure to "safeguard" this purported evidence.  To the extent the alleged videotapes never existed, he was not harmed.  For this additional reason, Plaintiff's allegations do not state a constitutional violation.[5]  *See Kamper*, 216

---

[4] To the extent this Court were to find that Plaintiff's allegations do state a constitutional violation, the constitutional right at issue would not be one that is clearly established. Accordingly, even in this circumstance, the doctrine of qualified immunity would shield the Federal Defendants from *Bivens* liability.  *See Martinez v. Simonetti*, 202 F.3d 625, 633-34 (2d Cir. 2000) ("The doctrine of qualified immunity entitles public officials to freedom from suit for acts undertaken in their official capacity if . . . their conduct does not violate clearly established constitutional rights . . . .").

[5] As a final matter, even if Plaintiff had alleged facts sufficient to make out a violation of his right of access to the courts, it is not clear that such allegations would state a *Bivens* claim. *See Christopher v. Harbury*, 536 U.S. 403, 412 n.6 (2002) ("express[ing] no opinion" on whether a violation of the right of access to the courts provides a cause of action under *Bivens*).  Since deciding *Bivens* (and holding that the victim of a Fourth Amendment violation had an individual-capacity claim for damages), the Supreme Court has expanded the *Bivens* doctrine to encompass only two additional constitutional violations:  (1) violations of the Eighth Amendment's prohibition on cruel and unusual punishment, *Carlson v. Green*, 446 U.S. 14, 19-23 (1980); and (2) violations of the Due Process Clause's prohibition on employment discrimination, *Davis v. Passman*, 442 U.S. 228, 244-49 (1979).  Moreover, during this time, the Supreme Court has

F. Supp. 2d at 7 (the constitutional right of access to the courts is violated only where the defendant's interference with the right causes the plaintiff injury).

### 3.    Plaintiff Has Failed to Allege That Any Federal Defendant Was Personally Involved in the Events Alleged in the Complaint

In addition to alleging that he or she has been deprived of a constitutional right, a *Bivens* plaintiff must also plead that each defendant was personally involved in the alleged constitutional violation. *See, e.g.*, *Iqbal*, 556 U.S. at 676 (a plaintiff must "plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution" (emphasis added); *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987) (holding that the complaint failed to state a *Bivens* claim against an individual defendant because "[i]t does not allege any personal involvement by [the defendant] in the [challenged] decisions"); *Lonegan v. Hasty*, 436 F. Supp. 2d 419, 439 (E.D.N.Y. 2006) ("In an action seeking damages for a constitutional deprivation pursuant to *Bivens*, . . . personal involvement is a prerequisite to liability."). Moreover, personal involvement on the part of each defendant must be pled with specificity, because *Bivens* claims can be instituted easily and are a burden on both the officials sued and the public. *See Vishevnik v. Sup. Ct. of the State of N.Y.*, No. 99 Civ. 3611, 1999 WL 796180, at *2 (S.D.N.Y. Oct. 6, 1999) ("complaints alleging the deprivation of constitutional rights[] must contain specific factual allegations to substantiate their easily made and highly disruptive claims"). This specificity requirement — which applies equally to *pro se* litigants — prevents insubstantial suits, based on vague and conclusory allegations, from proceeding to trial. *See id.*

---

"consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *see Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (stating that, "in most instances, we have found a *Bivens* remedy unjustified"). But this Court need not address whether a violation of the right of access to the courts provides a cause of action under *Bivens*, because for the reasons set forth above, Plaintiff's allegations do not implicate this right.

Here, Plaintiff does not allege facts suggesting that any of the Federal Defendants were personally involved in the matters alleged in the Complaint.  As noted above, the Complaint asserts that "the US Marshal" (*i.e.*, Federal Defendant Guccione) participated in a conspiracy to "cover[] up" the alleged assault.  *See supra* Part II.B.2.  But this assertion is entirely conclusory; Plaintiff has not pled any facts to support it.  *See id.*  Consequently, Plaintiff has failed to allege personal involvement as to Federal Defendant Guccione, and the claims against Federal Defendant Guccione should therefore be dismissed.  *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071, at *12 (S.D.N.Y. Apr. 14, 2004) ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient."); *see also Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (in ruling on a motion to dismiss, the court need not give "credence to plaintiff's conclusory allegations" (internal quotation marks omitted)); *Caprice v. Paterson*, No. 09 Civ. 1014, 2011 WL 3328646, at *2 (N.D.N.Y. Aug. 2, 2011) ("[A] conclusory claim of personal involvement is insufficient.").

With respect to the remaining Federal Defendants — Howard, Murphy and Pascarella — the Complaint does not contain any allegations at all (conclusory or otherwise).  They are not referred to by name anywhere in the body of the Complaint.  The Complaint merely refers to "the US Marshal Investigator," whom it does not identify.  *See* Compl. Attachment at Part II.B. It is well settled that where, as here, the body of a *Bivens* complaint does not describe what allegedly unconstitutional actions the named defendants took, the court should dismiss the complaint for failure to allege personal involvement.  Accordingly, Plaintiffs' claims against Federal Defendants Howard, Murphy and Pascarella should be dismissed.  *See, e.g.*, *Woods v. Goord*, No. 01 Civ. 3255, 2002 WL 731691, at *10 (S.D.N.Y. Apr. 23, 2002) ("The courts have consistently held that, where the complaint names a defendant in the caption but no allegations

17

indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to th[ose] defendant[s] should be granted." (internal quotation marks omitted)); *Mardsen v. Federal BOP*, 856 F. Supp. 832, 835-36 (S.D.N.Y. 1994) (dismissing *Bivens* complaint for failure to state a claim where the complaint did "not even mention the [named defendants] anywhere in the body of the complaint"); *see also Cuoco v. Hershberger*, 93 Civ. 2806, 1996 WL 648963, at *4 (S.D.N.Y. Nov. 6, 1996) (dismissing Bivens claims against certain defendants where the complaint contained no factual allegations with respect to them).

## CONCLUSION

For the reasons set forth above, this Court should grant the Federal Defendants' motion to dismiss.

New York, New York                                      Respectfully submitted,
July 16, 2012

                                                        PREET BHARARA
                                                        United States Attorney for the
                                                        Southern District of New York

                                        By:        _____/s/_____

                                                        CHRISTOPHER B. HARWOOD
                                                        Assistant United States Attorney
                                                        86 Chambers Street
                                                        New York, New York 10007
                                                        Telephone:  (212) 637-2728
                                                        Facsimile:  (212) 637-2786
                                                        Email: christopher.harwood@usdoj.gov