

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

August 1, 2012

*BY EMAIL: NathanNYSDChambers@nysd.uscourts.gov*
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
       11 Civ. 8365 (AJN)

Dear Judge Nathan:

   In this action, *pro se* plaintiff Peter Lindner ("Plaintiff") is pursuing claims against both federal and non-federal defendants in connection with an incident in which he was allegedly "intimidat[ed]" and "physically touch[ed]" by a court security officer while visiting the federal courthouse at 500 Pearl Street in Manhattan. Compl. Attachment at Part II.B. With respect to the federal defendants — United States Marshals Service ("USMS") employees Joseph Guccione, James Howard, Brian Murphy, and Betty Ann Pascarella (the "Federal Defendants") — Plaintiff is pursuing claims under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671, *et seq.*, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). On July 16, 2012, the Federal Defendants filed a motion to dismiss these claims. Dkt. Nos. 38-41. I write respectfully to address two documents that were entered on the docket for this case after the Federal Defendants filed their motion to dismiss: (1) a return of service form for "D. Disrud (Congressional Affairs Chief)"; and (2) a return of service form for "Witness Security S. Jones." Dkt. Nos. 42, 43. I also write in response to a document that Plaintiff filed on March 13, 2012, titled, "Motion Drop Direct Federal Law Enforcement Officer Communications Who Shall Presumably Shall Be Or Is Represented By Competent Attorney(s)" (the "motion to drop"). Dkt. No. 19.

### A.  The Return of Service Forms

   In their motion to dismiss, the Federal Defendants noted that Plaintiff's complaint purports to assert claims against "D. Disrud" and "S. Jones," but that "Plaintiff has not made any effort to further identify these individuals, and there is nothing on the docket to suggest that either individual has been served." Dkt. No. 39 at 5 n.3. While the docket now reflects return of service forms for "D. Disrud" and "S. Jones," these forms indicate

Page 2

that Plaintiff attempted to serve them by serving the USMS's Office of General Counsel. *See* Dkt. Nos. 42, 43. Although this Office does not currently represent "D. Disrud" or "S. Jones,"[1] we note that the return of service forms indicate that these individuals were not properly served in their individual capacities under Federal Rule of Civil Procedure 4(e). *See id.* Accordingly, Plaintiff's *Bivens* claims against them should be dismissed. *See, e.g., Armstrong v. Sears*, 33 F.3d 182, 186 (2d Cir. 1994) ("It is clear that the individual defendants must be served in a *Bivens* case in accordance with Rule 4(e)."); *Rivera v. Warden of M.C.C.*, No. 95 Civ. 3779, 2000 WL 769206, at *1 (S.D.N.Y. June 13, 2000) ("In order to maintain a *Bivens* action against an individual defendant, . . . the defendant must be personally served in accordance with Fed. R. Civ. P. 4(e)."). Moreover, the arguments set forth in the Federal Defendants' motion to dismiss as to why Plaintiff's FTCA and *Bivens* claims fail against the Federal Defendants apply equally to his claims against these two individuals. *See* Dkt. No. 39 at 5 n.3.

### B.    The Motion to Drop

Plaintiff's motion to drop could be construed as seeking an order prohibiting any direct communications between himself and the Federal Defendants. Now that this Office represents the Federal Defendants, the Federal Defendants will not communicate directly with Plaintiff about matters pertaining to this lawsuit; any such communications will be through this Office. The Federal Defendants respectfully submit, however, that to the extent Plaintiff visits the courthouse in the future and the Federal Defendants find it necessary to interact with him in order to fulfil their employment responsibilities and maintain courthouse security, they should be permitted to do so.

To the extent the Court would like further briefing on any of the matters addressed herein, the Federal Defendants will provide such briefing upon request. The Federal Defendants respectfully request that this letter be docketed.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2728
Facsimile: (212) 637-2786

---

[1] It is still not clear to this Office who these individuals are or whether they are employed by the USMS. Accordingly, while we identify grounds for dismissal as to these defendants, we do not represent them and request that all their rights and defenses be reserved.

Page 3

cc:     **_BY EMAIL (nyc10003@nyc.rr.com)_**
        Peter Lindner, *pro se* plaintiff

        **_BY EMAIL (jwoltz@littler.com)_**
        Jennie D. Woltz, Esq., counsel to the non-federal defendants