| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>PETER LINDNER,<br>　　　　　　　　　　　　　　　　Plaintiff<br>　　　　　-against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL,<br>CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO<br>JOHN DOE #2, 2ND CIRCUIT COURT OF<br>APPEALS CLERK MARGARET LAIN,<br>ASSISTANT US MARSHAL (USM) JAMES<br>HOWARD , USM BRIAN MURPHY, USM BETTY<br>ANN PASCARELLA,WITNESS SECURITY S.<br>JONES, CONGRESSIONAL AFFAIRS CHIEF D.<br>DISRUD, US ATTORNEY PREET BHARARA,<br>USM JOSEPH R. GUCCIONE,<br>　　　　　　　　　　　　　　　　Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br>**PLAINTIFF MOTION FOR POSTPONEMENT UNTIL US DOJ FINISHES TORT CLAIM PROCESSING** |

Sunday, July 22, 2012 1:16 PM
Filed by CM/ ECF

I have received the attached letter from the US Department of Justice dated July 18, 2012 which requests additional information on my claim, with regard to my instituting "a civil action [28 U.S.C. § 2675(a)]".

I note that I intend to file separately an FRCP 11 motion against Littler.

I respectfully request a postponement of my action, so that the law's requirements can be fulfilled, and apologize for my lack of knowledge on this point, and ask the Court's indulgence / forgiveness.

Respectfully,


_____    dated the _____ day of July  2012
Peter Lindner, Litigant Pro Se
1 Irving Place, Apt. G-23-C
NYC, NY 10003
Home/fax:  212-979-9647
Cell:　　　917-207-4962
Email:　　nyc10003@nyc.rr.com

cc:
- Christopher B. Harwood, Assistant US Attorney (AUSA), via email Christopher.Harwood@usdoj.gov
- Ms. Wolz, Esq. of Littler Mendelson, via email jwoltz@littler.com

1

## Attachment 1: Letter from DOJ

**U.S. Department of Justice**

United States Marshals Service

Office of General Counsel

2604 Jefferson Davis Highway
Alexandria, VA 22301

JUL 18 2012

*Peter Lindner*

We are in receipt of the administrative tort claim you submitted against the United States Marshals Service (USMS).

Please be advised that the Federal Tort Claims Act affords the Government six months from the date a completed tort claim is received by this agency to administratively adjudicate the claim before a claimant can institute a civil action [28 U.S.C. § 2675(a)].

Upon review of the documentation you submitted, we require the following pursuant to 28 C.F.R. §§ 14.2(a), 14.4:

\_\_\_\_\_ A completed Standard Form 95, Claim for Damage, Injury or Death. For your convenience, we have attached this form with the corresponding instructions.

\_\_\_\_\_ A sum certain, that is to say an exact amount of money you are seeking.

\_\_\_\_\_ Proof of ownership of the damaged property (copy of mortgage or tax statement) / automobile (copy of title or registration).

\_\_\_\_\_ One more estimate of repair of the damaged property / automobile or an itemized PAID receipt.

\_\_\_\_\_ Two estimates of repair of the damaged property / automobile or an itemized PAID receipt.

\_\_\_\_\_ A printed estimate for vehicle rental, if applicable, please add this total into your sum certain.

\_\_\_\_\_ The date of incident.

\_\_\_\_\_ Evidence of your authority to present a claim on behalf of your client.

[X] Reports of all attending physician(s), therapists, counselors and hospitals providing treatment to you setting forth the nature and extent of the injury, if any; the nature and extent of the treatment; any degree of temporary or permanent disability; the prognosis; period of hospitalization, if any; and any future diminished earning capacity.

[X] In addition to the above medical records, copies of your medical records for the past five years

[X] Itemized billing statements from all medical providers/facilities

\_\_\_\_\_ Lost wages MUST be on the employer's letterhead with a contact person and phone number reflecting actual time lost from employment, directly attributable to this incident, whether your client is a full or part-time employee, and the amount of wages or salary actually lost.

[X] Proof of USMS involvement giving rise to your claim.   *Janice Tate*
   *janice.tate@usdoj.gov*
\_\_\_\_\_ An email address and phone number, if available.   *202-307-9287*

[X] *Evidence to support compensable damages.*

---

Department of Justice
United States Marshals Service Headquarters
OGC
2604 Jefferson Davis Highway
Alexandria, VA 22301-1025
Official Business
Penalty for Private Use $300

$ 00.45⁰
0004207758  JUL 18 2012
MAILED FROM ZIPCODE 22202

*Peter Lindner*
*1 Irving Place, #G-23-C*
*New York, NY 10003*

10003970933

2

**Attachment 2: 28 U.S.C. § 2675**

# 28 USC § 2675 - DISPOSITION BY FEDERAL AGENCY AS PREREQUISITE; EVIDENCE

> This preliminary release may be subject to further revision before it is released again as a final version. As with other online versions of the Code, the U.S. Code Classification Tables should be consulted for the latest laws affecting the Code. Those using the USC*Prelim* should verify the text against the printed slip laws available from GPO(Government Printing Office), the laws as shown on THOMAS (a legislative service of the Library of Congress), and the final version of the Code when it becomes available.
> Current through Pub. L. 112-131. (See Public Laws for the current Congress.)

**(a)** An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

**(b)** Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

**(c)** Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

Sunday, July 22, 2012 1:22 PM
http://www.law.cornell.edu/uscode/text/28/2675