

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

September 21, 2012

<table>
<tr><td></td><td>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: SEP 2 1 2012</td></tr>
</table>

*BY EMAIL: NathanNYSDChambers@nysd.uscourts.gov*
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
    11 Civ. 8365 (AJN)

Dear Judge Nathan:

I write respectfully in response to Plaintiff's emails to the Court, dated September 20, 2012, and September 21, 2012, to respond to Plaintiff's suggestion that this Office is relying on a "false . . . certification" in this matter. While this Office regrets burdening the Court with further correspondence, we wish to underscore that we stand by our motion papers and reject Plaintiff's allegations or suggestions that this Office submitted a false declaration or engaged in any improper conduct.

Over the last two weeks, Plaintiff has sent me a number of emails, and has left me a number of voicemails, alleging that: (1) the declaration that the Federal Defendants submitted with their motion to dismiss (the "Auerbach Declaration") contains an erroneous statement — namely, that Plaintiff did not file an administrative tort claim with the United States Marshals Service prior to filing this suit; and (2) Plaintiff has evidence of potentially criminal conduct involving one of this Office's confidential informants (including that the informant has been pressured to plant child pornography on Plaintiff's computer). As I informed Plaintiff (in writing), the papers he has submitted in opposition to the Federal Defendants' motion to dismiss do not undermine the Auerbach Declaration, nor do any of the other matters he has called to my attention. I further informed Plaintiff that the Federal Defendants would provide a full response to his arguments in their reply brief.[1] With respect to Plaintiff's allegations of potentially criminal conduct, I sent him information about how to report a crime to this Office.

---

[1] In short, however, the letters that Plaintiff references in his various submissions all lacked information that must be included in a letter before it can qualify as an administrative tort claim sufficient to satisfy the Federal Tort Claims Act's exhaustion

Page 2

Finally, although Plaintiff objects that I have declined to meet with him in person, I have responded to his communications in writing.  Based on the nature of those communications and the posture of this case, no in-person meeting is required or appropriate.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2728
Facsimile:  (212) 637-2786

cc:     **BY EMAIL (nyc10003@nyc.rr.com)**
Peter Lindner, *pro se* plaintiff

**BY EMAIL (jwoltz@littler.com)**
Jennie D. Woltz, Esq., counsel to the court security officer defendants

---

requirement.  Among other things, the letters lacked "a claim for money damages in a sum certain."  28 C.F.R. § 14.2(a); *see, e.g.*, *Holmes v. United States of America*, No. 04-7652, 2005 WL 2298159, at *4 (S.D.N.Y. Sept. 20, 2005) ("A claim which fails to seek a specific sum of money does not constitute the filing of a formal administrative claim for FTCA purposes.  The FTCA requirement that the claim state a specific dollar sum is a jurisdictional requirement that cannot be waived.").