USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 5 2012

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

September 25, 2012

**BY EMAIL:** *NathanNYSDChambers@nysd.uscourts.gov*
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
           11 Civ. 8365 (AJN)

Dear Judge Nathan:

    I write respectfully in response to the affidavit that Plaintiff submitted to the Court yesterday, September 24, 2012. This affidavit is the latest in a series of documents that Plaintiff has submitted in response to the Federal Defendants' motion to dismiss — after the September 10, 2012, deadline for Plaintiff's opposition papers. As with Plaintiff's other submissions, nothing in this affidavit undermines any of the Federal Defendants' arguments, including that Plaintiff failed to exhaust his administrative remedies under the FTCA prior to bringing this lawsuit. Whether the USMS's Office of Inspection received Plaintiff's September 22, 2010, letter — or any of the other letters that Plaintiff describes in the affidavit — is irrelevant; as the Federal Defendants explained in their reply brief, those letters lacked information that must be included in a letter before it can qualify as an administrative tort claim sufficient to satisfy the FTCA's exhaustion requirement.[1]

    The Federal Defendants' motion to dismiss is now fully briefed. Accordingly, absent a request from the Court, the Federal Defendants do not plan to respond to any further unauthorized filings by Plaintiff.

---

[1] I have confirmed that: (1) the USMS's Office of Inspection received two complaint letters from Plaintiff; and as a result of those letters (2) the Office of Inspection opened investigations on September 30, 2010, and November 3, 2010. However, neither of Plaintiff's complaint letters was treated as an FTCA claim, which was entirely appropriate. Based on Plaintiff's own allegations, the letters lacked information sufficient to put the USMS on notice that Plaintiff was pursuing a tort claim against it, including "a claim for money damages in a sum certain." *See* 28 C.F.R. § 14.2(a).

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Christopher Harwood /dsj*
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2728
Facsimile: (212) 637-2786

cc: **BY EMAIL (nyc10003@nyc.rr.com)**
Peter Lindner, *pro se* plaintiff

**BY EMAIL (jwoltz@littler.com)**
Jennie D. Woltz, Esq., counsel to the court security officer defendants