UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER LINDNER,

                              Plaintiff

       -against-

COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA, WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,

                              Defendants

**Civil Action No. 11 cv 08365 (AJN-MHD)**

<u>LETTER TO USDJ NATHAN ON IMPORTANCE OF SEP2010 FILING SINCE NO RESPONSE FROM USMS</u>

Tuesday, September 25, 2012 3:21 PM

STATE OF NEW YORK    )
                            :     SS.:
COUNTY OF NEW YORK  )

      PETER LINDNER, being duly sworn, says:

1) **Affidavit Certification**

2) I am the Plaintiff in this action.

3) I make this affidavit on personal knowledge, with the help of my computer files, and to the best of my recollection.

4) I vehemently disagree with the letter of Tue, Sep 25, 2012 of US Attorney Jones (who signed as "David S. Jones, Deputy Chief, Civil Division" because "AUSA Harwood is presently out of the office").

5) The AUSA argues that even if the USMS had received my complaint in Sep2010, it would not have mattered:

> after the September 10, 2012, deadline for Plaintiff's opposition papers. As with Plaintiff's other submissions, nothing in this affidavit undermines any of the Federal Defendants' arguments, including that Plaintiff failed to exhaust his administrative remedies under the FTCA prior to bringing this lawsuit. Whether the USMS's Office

6) This is false, since if the USMS had received a document in September 2010, Ms. Janice Tate said they would notify me if it were deficient in any way, and I could correct it. This was sworn by me in my Affidavit Document 60 paragraphs 12-13:

> "12) Ms. Tate said and agreed with me that the FTCA form 95 need not be filled in, as long as I specify the name, date, location and witnesses.

1

13) I asked if I neglected to put in (say) witnesses, they would inform me that they needed that information, and Ms. Tate confirmed that."

[09/25/2012, Document 60 , AFFIDAVIT of Peter Lindner in Opposition. Document filed by Peter W. Lindner. (Entered: 09/25/2012)]

7) And, I believe that if the USMS had not acted in 6 months, I could have commenced filing a suit in Federal Court, based upon the quote from the Congressional Research Service on FTCA:

"Prior to filing suit under the FTCA, a claimant must present his claim to the federal agency out of whose activities the claim arises. 28 U.S.C. § 2675.13 This must be done within two years after the claim accrues. 28 U.S.C. § 2401.14 If, within six months after receiving a claim, the agency mails a denial of the claim to the claimant, then the claimant has six months to file suit in federal district court. 28 U.S.C. §§ 2401, 2675. No period of limitations applies to a plaintiff if the agency fails to act within six months after receiving his claim. …[Footnote 15 *Pascale v. United States*, 998 F.2d 186 (3d Cir. 1993)]"

[page CRS-3, Congr Research Svc Report for Congress on FTCA 95-717_20071211.pdf]

8) The case cited was "*Pascale v. United States*, 998 F.2d 186 (3d Cir. 1993)," in which Chief Judge Sloviter of the United States Court of Appeals, Third Circuit, clearly states that non-action by the agency would indicate that I could file. The summary in its entirety is:

a) "¶1 This case requires us to consider the interaction of the two statutory provisions governing timely filing of claims under the Federal Tort Claims Act: 28 U.S.C. § 2401(b) (1988), which requires a claimant to file suit within six months of the agency's final denial of the claim, and 28 U.S.C. § 2675(a) (1988), which authorizes a claimant to treat inaction by the agency for six months as a final denial. We conclude that the district court erred by collapsing the two provisions, and we will vacate the dismissal of plaintiff's suit as time-barred and remand."

b) http://law.justia.com/cases/federal/appellate-courts/F2/998/186/48224/

c) The Court's decision in *Pascale* goes on to note that the US Government changed their mind on this issue in favor of the person filing the complaint, and that accordingly, it should not be miserly in the interpretation. This is stated in the last 3 paragraphs of the opinion which are:

"In the new opinion, substituted at 919 F.2d 69 (8th Cir.1990), the court noted that the Department of Justice "expresse[d] regret that it misstated the United States' position before th[e] panel" in the first case. Id. at 70. We find it highly significant that the United States implicitly conceded, albeit in a somewhat different context, that these two statutory provisions are not meant to operate together.

¶65 We recognize that because the Federal Tort Claims Act represents a waiver of sovereign immunity, its provisions should be strictly construed. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990). However, "[t]hat the Act ends the immunity defense does not furnish a ground for niggardly interpretation of [it]." Kelley, 568 F.2d at 262. We find that both the statutory language and the legislative history support our holding that the six-month statute of limitations in section 2401(b) for filing suit after a final agency denial does not apply to plaintiff's filing of a complaint under section 2675(a) after six months of agency inaction, and thus his second complaint is not time-barred.

2

¶66  Conclusion

¶67 For the foregoing reasons, we will vacate the order of the district court and remand for further proceedings consistent with this opinion."

9) The Third Circuit does note that as I would feel would hold in my case ,**11 cv 08365** *Lindner v CSO Newell, et al*, I as a pro se " plaintiff [who waited sixteen months after filing claim with agency] was entitled to treat [the agency's] failure [to deny his claim] to be a final agency action at any time thereafter ".  Here's the quote:

" ¶60 It may be surprising that Congress chose not to impose a conventional statute of limitations for suits filed under the deeming provision of the Federal Tort Claims Act. As long as a claimant files an administrative claim within two years of its accrual and the agency does not send notice of final denial, the claimant may wait indefinitely before filing suit. See Boyd v. United States, 482 F.Supp. 1126, 1130 (W.D.Pa.1980) ("plaintiff [who waited sixteen months after filing claim with agency] was entitled to treat [the agency's] failure [to deny his claim] to be a final agency action at any time thereafter and is not barred by the statute of limitations in § 2401(b)") (emphasis added); see also Mack, 414 F.Supp. at 507 ("this interpretation may seem to be the equivalent of no limitation of action, [but] it appears to be the most reasonable reading of the statutory scheme"); see also McCallister v. United States ex rel. United States Dep't of Agric., 925 F.2d 841, 843-44 (5th Cir.1991) (per curiam) (following Boyd and Mack ); Taumby v. United States, 919 F.2d 69, 70 (8th Cir.1990) (same); Conn, 867 F.2d at 921 (same); Leonhard v. United States, 633 F.2d 599, 624 n. 36 (2d Cir.1980) (dictum), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). "

10) To conclude:  if the USMS admits that they received 3 notices of my claim, 2 from DOJ and 1 from me, as early as Sep 2010, then the *Pascale* precedent would allow my suit to proceed without being time-barred, which the US DOJ has admitted it wrongly stated to the "Panel"

11) I am upset also that the US Attorney would try to, as I see it, deceive the Court by saying that acceptance of my claim in Sep2010 would have had no effect, when in fact as I understand it, *Pascale* says it does.

12) I also resent that the US Attorney sent an email to Your Honor, which I am not allowed to do, which hinders my rapid response.  This grieves me, as a pro se litigant, I understand that communications to the parties should be equally fast, although I am truly sorry for not following Your Honor's Individual practices by sending email, which I won't do again, I hope, even by accident, which scares me.

**Sworn and notarized**

By: _____        Dated: New York, NY on _____ Day of September 2012

    Peter W. Lindner
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:    212-979-9647
Cell:          917-207-4962
Email:         nyc10003@nyc.rr.com

Sworn to before me

This _____Day of September, 2012

_____
Notary Public
NYC, NY

**Attachment 1: Copy of Notary Seal**

12) I also resent that the US Attorney sent an email to Your Honor, which I am not allowed to do, which hinders my rapid response. This grieves me, as a pro se litigant, I understand that communications to the parties should be equally fast, although I am truly sorry for not following Your Honor's Individual practices by sending email, which I won't do again, I hope, even by accident, which scares me.

<u>Sworn and notarized</u>

By: *[signature]* Dated: New York, NY on 25th Day of September 2012

Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:  212-979-9647
Cell:  917-207-4962
Email:  nyc10003@nyc.rr.com

Sworn to before me

This 25th Day of September, 2012

*[signature]*
Notary Public
NYC, NY

JONATHAN A. HENRY
Notary Public, State of New York
No. 01HE6260711
Qualified in New York County
Commission Expires April 30, 2016

3

4

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>PETER LINDNER,<br>                                        Plaintiff<br>        -against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br>                                       Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br>AFFIDAVIT OF SERVICE |

Tuesday, September 25, 2012 3:21 PM

I, Peter W. Lindner, declare that I have served a copy of the attached "Letter To USDJ Nathan On Importance Of Sep2010 Filing Since No Response From USMS" dated Sep 25, 2012 upon


whose addresses are:

| | |
|---|---|
| Jennie Woltz, Esq., an Associate<br>Kurt Peterson, Esq.  Partner<br>Littler Mendelson<br>900 Third Ave, 7th Floor<br>NYC 10022<br><br>Phone: 212-583-2689<br>Fax: 212-832-2719<br>Email: jWoltz@littler.com | Christopher B. Harwood, Assistant US Attorney (AUSA)<br>86 Chambers St, 3rd Floor<br>NY, NY 10007<br>Phone: 212-637-2728<br>Fax: 212-637-2786<br>Email: Christopher.Harwood@usdoj.gov |


      Dated: New York, New York

      Sep  25, 2012                                       _____

                                                                   **Peter W. Lindner**
                                                                     Plaintiff *pro se*
                                                                     1 Irving Place
                                                                     Apt. G-23-C
                                                                     NY, NY 10003
                                                                     Home/fax:     212-979-9647
                                                                     Cell:               917-207-4962