PETER LINDNER,

<div style="float:right">**Civil Action No. 11 cv 08365 (AJN-MHD)**</div>

Plaintiff

-against-

COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,

Defendants

PLAINTFF REQUEST FOR PRETRIAL CONFERENCE AS PER FRCP 16 AND ABILITY TO ADD DEFENDANTS WHO HAVE ALLEGEDLY CONSPIRED TO TAMPER WITH WITNESSES OR INFORMANTS

Wednesday, November 28, 2012 2:46 PM

## Table of Contents

Re: Plaintff Request For Pretrial Conference As Per Frcp 16 And Ability To Add Defendants Who Have Allegedly Conspired To Tamper With Witnesses Or Informants..............................................................2
**Attachment 1:  Notarized Sworn Oaths scanned** ................................................................6
**Memo of Law** ..................................................................................................................8
A)      Computation of 120 days from first service..............................................................8
B) Here is FRCP 16 with my commentary and its excerpts. ............................................9
C) Here are the excerpts on the notes...........................................................................11
D) On taking an oath of Congresswoman Maloney.........................................................12
"Rule 16. Pretrial Conferences; Scheduling; Management .............................................15
  Notes of Advisory Committee on Rules—1937 ...........................................................18
  Notes of Advisory Committee on Rules—1983 Amendment.........................................18
    *Introduction* ............................................................................................................18
    *Discussion* ..............................................................................................................19
  *Report of the National Commission for the Review of Antitrust Laws and Procedures* 28 (1979). ........21
  Notes of Advisory Committee on Rules—1987 Amendment.........................................25
  Notes of Advisory Committee on Rules—1993 Amendment.........................................25
  Committee Notes on Rules—2006 Amendment ...........................................................28
  Committee Notes on Rules—2007 Amendment ...........................................................29
*Changes Made After Publication and Comment*. See Note to Rule 1, supra." ...............29
**Attachment B: FRCP 32** ...............................................................................................30
Rule 32. Using Depositions in Court Proceedings...........................................................30
**Attachment C: FRCP 30** ...............................................................................................36
  Rule 30. Depositions by Oral Examination ...................................................................36
    Notes of Advisory Committee on Rules—1937 ..........................................................40
    Notes of Advisory Committee on Rules—1963 Amendment.......................................41
    Notes of Advisory Committee on Rules—1970 Amendment.......................................41
    Notes of Advisory Committee on Rules—1971 Amendment.......................................44
    Notes of Advisory Committee on Rules—1972 Amendment.......................................45
    Notes of Advisory Committee on Rules—1980 Amendment.......................................45
    Notes of Advisory Committee on Rules—1987 Amendment.......................................46
  Effective Date of Amendment Proposed November 20, 1972........................................46
    Notes of Advisory Committee on Rules—1993 Amendment.......................................46
    Committee Notes on Rules—2000 Amendment .........................................................49
    Committee Notes on Rules—2007 Amendment .........................................................51
**Affirmation Of Service**: .................................................................................................52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br><br>                              Plaintiff<br><br>        -against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL,<br>CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO<br>JOHN DOE #2, 2ND CIRCUIT COURT OF<br>APPEALS CLERK MARGARET LAIN,<br>ASSISTANT US MARSHAL (USM) JAMES<br>HOWARD , USM BRIAN MURPHY, USM BETTY<br>ANN PASCARELLA,WITNESS SECURITY S.<br>JONES, CONGRESSIONAL AFFAIRS CHIEF D.<br>DISRUD, US ATTORNEY PREET BHARARA,<br>USM JOSEPH R. GUCCIONE,<br><br>                            Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br>PLAINTFF REQUEST FOR PRETRIAL<br>CONFERENCE AS PER FRCP 16 AND<br>ABILITY TO ADD DEFENDANTS WHO<br>HAVE ALLEGEDLY CONSPIRED TO<br>TAMPER WITH WITNESSES OR<br>INFORMANTS |

Wednesday, November 28, 2012 2:46 PM

The Honorable USDJ Alison J. Nathan
SDNY
500 Pearl Street
NYC, NY 10007

Re: Plaintff Request For Pretrial Conference As Per Frcp 16 And Ability To Add Defendants
Who Have Allegedly Conspired To Tamper With Witnesses Or Informants

To the Honorable US District Judge Nathan:

Since several months have passed since the 120 days after filing a complaint on the defendants, I
request that a pre-trial conference be held with people able to make and keep decisions, and also
to enlarge the defendants to those who allegedly conspired to attempt to hinder or delay my
witness(es).

As I understand FRCP 16 (see attached Memo of Law), either Your Honor or Magistrate Judge
Dolinger should start a pretrial scheduling conference to facilitate discovery and scheduling and
out-of-court settlements within "120 days after any defendant has been served,"[1] which is
9/16/2012 since CSO Newell was served on 5/16/2012:

> " (2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but
> in any event within the earlier of 120 days after any defendant has been served with the
> complaint "
> [FRCP 16(b)(2)]

with the docket recording:

---

[1] Using Excel, I calculate that Wed, 5/16/2012 plus 120 days is Thu, Sep 13, 2012.  Or if 120 days means about 4
months, then Sun 9/16/2012 which becomes Mon, 9/17/2012.

| 06/01/2012 | 22 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint, served. Newell served on 5/16/2012, answer due 6/6/2012. Document filed by Peter Lindner. (mro) (Entered: 06/05/2012) |
|---|---|---|

By my calculations over 2 months have passed since that FRCP limit (75 days past the 120 days, for a total of 195 days).  Thus I ask Your Honor to facilitate the scheduling which the Cornell Law notes helps facilitate speedier trials.  The ORDER should complete discovery and:  "(A) *Required Contents*. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. "

I especially seek to start discovery in the next week of Nov 29-Dec 3 (mindful of Xmas holidays), and get immediate subpoena power for my alleged Confidential Informant, who may have been "hindered or delayed" in filing an affidavit to Your Honor, in violation of 18 USC § 1512(b)(3), which is a federal crime punishable by up to 20 years imprisonment.  I spoke to a Government Notary today and asked if he could notarize Ms. Smith's statement without a State ID, and the Notary said "No."  But when I told the Notary that Ms. Smith's passport was at someone else's place (I did not mention it was "the Boys" at the DEA/ATF), and they would not let her have it, the Notary said it did seem like an attempt to hinder or delay the testimony of a witness or informant.  Clearly, some government people take this quite seriously.

Thus I ask Your Honor's clarification and confirmation of taking witness tampering seriously, also.

I note this contrasts to: AUSA Harwood and SDNY US Attorney Bharara who do **not** take subornation of perjury seriously.  As in the Memo of Law attached, US Attorney Bharara must be present at the conference, since AUSA Harwood[2] does not have decision making power. The

---

[2] I say in the Memo of Law (reproduced here) that AUSA Harwood refused to have an in-person meeting with Ms. Smith and me at the time, location and date of his choosing, but the AUSA refused many such attempts for a variety of flimsy reasons that could have been accommodated by meeting at a secure location (in SDNY Courthouse or the US Attorney's SDNY Offices or a public  or private place such as a lawyer's office).

"  Given the runaround I have gotten from USA Harwood and perhaps the manifest lies of CSO Newell and CSO Muschitiello and the criminal acts alleged of "the Boys" of the DEA/ ATF, I note that the pretrial conferences must be attended by those able to make decisions, which I take it AUSA Harwood is unable to do:

"  **The last sentence of subdivision (c) is new**. See Wisconsin Civil Procedure Rule 802.11(2). It has been added to **meet one of the criticisms of the present practice** described earlier and **insure proper preconference preparation so that the meeting is more than a ceremonial or ritualistic event**. The reference to "authority" is not intended to insist upon the ability to settle the litigation."
[**emphasis** added]"
[ FRCP 16, Notes of Advisory Committee on Rules—1983 Amendment, *Discussion*]
http://www.law.cornell.edu/rules/frcp/rule_16

where the "The last sentence of subdivision (c)"  that  "is new" is "(P) facilitating in other ways the just, speedy, and inexpensive disposition of the action ":

"(c) Attendance and Matters for Consideration at a Pretrial Conference.
[…]

US Attorneys I referenced (including one with whom I have not named, but AUSA Harwood is aware of), Ms. Sally Smith, and her alleged DEA/ATF agents and their superiors should be required to meet under oath with a transcript (but with video of them behind a screen and their voice electronically altered) to confirm allegations (including paying or withholding of monies to Ms. Smith, and withholding of Ms. Smith's passport, and attempting to hinder or delay the sworn testimony of Ms. Smith to Your Honor of a possible federal crime, which is punishable by up to 20 years' imprisonment under 18 USC § 1512(b)(3)) and veiled threats against Ms. Smith for physical harm to her and to me (such as me "disappearing") which is a violation of 18 USC § 1512(a).  I note that given that US Presidents have appeared before Courts (notably President Clinton in the Monica Lewinsky case, but also at least one other President), there are no barriers to Congresswoman Maloney and her staff being subpoenaed under oath, as long as the incident was not happening on her way to or from a vote in the Congress.[3]

I also request that the traditional 7 hour oral deposition be in two parts, with the first of 2 hours for getting agreement on who reports to whom, and comparing with the ESI submitted prior to their being deposed, and the remaining 5 hours (thus a total of 7 hours) at a suitably later date after all the ESI is turned over and examined and redacted for the sake of my witness Ms. Sally Smith and the sake of the faithful, patriotic and brave agents of the US Government whose identity is protected under law, and for good reason.  I have no quarrel with that whatsoever.

I wish to include / add as Defendants:  "the Boys", The Honorable Carolyn Maloney as named Defendant if indeed she cautioned my witness Ms. Smith to stay away from me, and also the 3 men who approached Ms. Smith for perjury and the (government) person(s) who suggested to Ms. Smith planting child porn in my apartment.  I also add the USMS Office of Inspection General Counsel Gerald Auerbach who falsely swore under penalty of perjury that I had not filed with the USMS, I note that I only first heard of Ms. Maloney's involvement with "the Boys" on Election Day, which was on Tuesday, November 6, 2012, when I noted to Ms. Smith that I had voted for Congresswoman Maloney, and Ms. Smith said that was the name of the person who told the Boys to keep Ms. Smith separate from me; in my view, instructing marching orders for this federal agency.  I also seek to depose the other branch of the USMS that did receive my official complaint as forwarded by the USDOJ, and reserve the right to include them as co-conspirators.  I especially seek to name and then depose the ATF agent who slandered me by falsely claiming to Ms. Smith that I called 20 plus drug dealers from her cell phone,  informing

---

 (2) *Matters for Consideration.* At any pretrial conference, the court may consider and take appropriate action on the following matters:

[…]

(P) facilitating in other ways the just, speedy, and inexpensive disposition of the action."

[3] I refer to the US Constitution barring arrests of members of Congress en route to a vote, which by the way, I suggested in writing and via phone to an aide to Senator Larry Craig as a defense to his solicitation of homosexual acts in the men's room at an airport whilst Senator Craig was going to Washington, DC to vote that day or next day. The US Constitution Article I, Section 6 states:

"The Senators and Representatives…shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same…."

The deposition can be taken in The Honorable Congresswoman Maloney's Manhattan Offices, during breaks in the sessions of Congress or on weekends, as long as it is done in a reasonable time (e.g. 1-2 months).  However, I do note that 18 USC § 1512(b)(3) is a felony, and thus may qualify for an exception to arrest if Ms. Maloney balks.

those felons that Ms. Smith worked for the DEA, in order to jeopardize Ms. Smith's life. That would be an example of where ESI (the monitored phone logs) and testimony would be necessary to complement one another, and also clear up the mistrust that Ms. Smith may still have to this day about me "hacking" into her cell phone. I note for the record that I advised Ms. Smith especially to have her cell locked so that could not happen casually, and that Ms. Smith somehow thinks I nonetheless systematically called 20+ people: that's quite an accusation, especially if it is false as I so swear now in this document.

For the abovementioned reasons, I seek a speedy ORDER ("ORDER on short notice" is I believe the legal term of art for an answer within 7 days) including the pretrial conference, and the ability to subpoena witnesses without a delay of more than 1 week. I shall seek to comply[4] with FRCP 32 on 14 days' notice to the deponents, so as to allow the use of their testimony in the Court. As a pro se litigant *in forma pauperis*, I ask that the fees be waived for service, that defendants' lawyers accept service for their clients and other federal employees (such as the DEA, ATF and Ms. Smith), and that the USMS be ORDERed to serve other subpoena's instead of having me pay $40 for each service. If there are objections by the US Attorney and the Executive branch (DEA / ATF) on confidentiality, I request that standard security for video tape with screens and electronically disguised voices be used to keep the identity of agents secret, but that it be at Government expense (and expertise) with suitable conferences on redaction and permission to use in a manner consistent with confidentiality, but not at the expense of justice toward me and the deponents.

I apologize for the length of this brief, but note that the body is but 4 pages, and the bulk of the Memo of Law is the voluminous FRCP's with their committee notes, which I took pains to follow in my request for an ORDER on pretrial conferencing. I note that Ms. Woltz objected to this motion, but did not give any reason except that discovery was requested to be delayed, which was by AUSA Harwood. I sought email clarification if that was the only objection, and if she had no real objection, then by that logic, FRCP 16 should prevail.

Humbly and sincerely,

By: _____     Dated: New York, NY the _____Day of November , 2012

    Peter Lindner
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:  212-979-9647
Cell:  917-207-4962
Email:  nyc10003@nyc.rr.com

Sworn to before me

This _____Day of November, 2012

_____
Notary Public
NYC, NY

[4] See Memo of Law for full text of the various FRCP's 16, 30, 32.

**Attachment 1:  Notarized Sworn Oaths scanned**

Notarized and sworn on page 5, signed on pages 13 and 51:

Notarized and sworn on page 5, signed on pages 13 and 51:

which was by Mr.-or Mrs. Harwood.  I sought email clarification if that was the only objection, and if
she had no real objection, then by that logic, FRCP 16 should prevail.

Humbly and sincerely,

By: _____         Dated: New York, NY the 28 Day of November , 2012
Peter Lindner
Plaintiff, *Pro Se*                    Sworn to before me
1 Irving Place, Apt. G-23-C
New York, New York 10003          This 28 Day of November, 2012
Home/ Fax:  212-979-9647
Cell:          917-207-4962                    ADAM KHAN
Email:      nyc10003@nyc.rr.com              Notary Public, State of New York
                                             No. 01KH6265095
                                          Qualified in New York County
                                          Commission Expires June 4, 2016
                         Notary Public
                         NYC, NY

_____
⁴ See Memo of Law for full text of the various FRCP's 16, 30, 32.

5

suspicions are correct that my witness was threatened and that Ms. Smith was told to perjure
herself to say I (falsely) intended to harm USDJ Sullivan, and was threatened in that or later
conversation(s).

PETER   LINDNER   NYC, NY.            11/28/2012

13

Fax: 212-832-2719                    Fax: 212-637-2786
Email: JWeitz@littler.com            Email: Christopher.Harwood@usdoj.gov

By: _____    Dated: New York, NY on ___ Day of November , 2012
Peter Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:           917-207-4962
Email:       nyc10003@nyc.rr.com

51

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br><br>                   Plaintiff<br><br>    -against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br><br>                   Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br>MEMO OF LAW ON PLAINTFF REQUEST FOR PRETRIAL CONFERENCE AS PER FRCP 16 AND ABILITY TO ADD DEFENDANTS WHO HAVE ALLEGEDLY CONSPIRED TO TAMPER WITH WITNESSES OR INFORMANTS |

Tuesday, November 27, 2012 4:57 PM

**Memo of Law**

A)  Computation of 120 days from first service
Computation of 120 days from first service of May 16, 2012 equals Thu, Sep 13, and 75 days thereafter until today (Tue, Nov 27 2012), for a total of 195 days (and counting):

| | | |
|---|---|---|
| MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint, served. Newell served on 5/16/2012, answer due 6/6/2012. Document filed by Peter Lindner. (mro) (Entered: 06/05/2012) | 22 | 6/1/2012 |
| service date | | Wed, May 16, 2012 |
| FRCP 16 (b)(2) schedule pretrial conference 120 days after | 120 | Thu, Sep 13, 2012 |
| | 75 | Tue, Nov 27, 2012 |

I also wish to point out the Your Honor's document "Document 28 Filed 06/05/12" did have scheduling for discovery to be handled by the Magistrate Judge as "General Pretrial (includes scheduling, discovery, non-dispositve pretrial motions, and settlement)" :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

Plaintiff,   Peter Lindner

    -v-

Defendant.   CSO Newell, et al.

--------------------------------------------------------x

ORDER OF REFERENCE
TO A MAGISTRATE JUDGE

11 cv 8365   (AJN)(MHD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 5 2012

The above entitled action is referred to the designated Magistrate Judge for the following purpose(s):

☒ General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)

☐ Consent under 28 U.S.C. §636(c) for all purposes (including trial)

8

[…]

*Do not check if already referred for general pretrial.

Dated _Jun 5, 2012_

SO ORDERED:

United States District Judge

B) Here is FRCP 16 with my commentary and its excerpts.

I wish to point out the commentary on the benefits of a pretrial conference, especially "in Rule 16(a) by shifting the emphasis away from a conference focused solely on the trial and toward a **process of judicial management that embraces the entire pretrial phase, especially motions and discovery.** "  And that it should be done by Your Honor, since  it is " the Advisory Committee's judgment that is it preferable that this task should be handled by a district judge rather than a magistrate".

Since my filings have identified a lot of important, related (even tangled) issues, I point out that the FRCP 16 places a burden on me to do so, which I feel I have fulfilled:  " Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived. Although an order specifying the issues is intended to be binding, it may be amended at trial to avoid manifest injustice. "

Given the runaround I have gotten from USA Harwood and perhaps the manifest lies of CSO Newell and CSO Muschitiello and the criminal acts alleged of "the Boys" of the DEA/ ATF, I note that the pretrial conferences must be attended by those able to make decisions, which I take it AUSA Harwood is unable to do:

> " **The last sentence of subdivision (c) is new**. See Wisconsin Civil Procedure Rule 802.11(2). It has been added to meet one of the criticisms of the present practice described earlier and insure proper preconference preparation so that the meeting is more than a ceremonial or ritualistic event. **The reference to "authority" is not intended to insist upon the ability to settle the litigation.**"
> [**emphasis** added]

Also, given AUSA and Littler's reluctance to conference with me, I point out that FRCP 16 recommends sanctions for refusal to conference and "for failing to make discovery", which was formally requested by me in videotapes of me and later of Ms. Sally Smith being approached.  I am trying to secure an affidavit that my (ad hoc) attorney who negotiated with the USMS (and USM Howard) had previously tried to secure videotapes and was turned down, which I consider to be "failing to make discovery, " and thus sanctionable with financial penalties to be borne by the parties without resort to being compensated by their employers or by their friends or adoring public.

> " Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards. Among the sanctions authorized by the new subdivision are: preclusion order, striking a pleading, staying the proceeding, default judgment, contempt, and charging a party, his attorney, or both with the expenses,

9

including attorney's fees, caused by noncompliance. The contempt sanction, however, is only available for a violation of a court order. The references in Rule 16(f) are not exhaustive."

I note that the Committee says I can ask for sanctions (as I have repeatedly done):  " As is true under Rule 37(b)(2), the **imposition of sanctions may be sought by either the court or a party**. "[**emphasis** added]

As a computer programmer, I am seriously interested in obtaining FRCP 26 Electronically Stored Information (ESI), which is specifically mentioned in the "2006 Amendment."  I specifically seek ESI from the Boys on any communications referencing me directly or indirectly (e.g. wiretaps) and reasons if FISA  were (falsely) invoked to coverup misdeeds, which  it notes: "Form 35 is amended to call for a report to the court about the results of this discussion. In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise."

" Committee Notes on Rules—2006 Amendment

The amendment to Rule 16(b) is designed to alert the court to the possible need to address the handling of discovery of electronically stored information early in the litigation if such discovery is expected to occur. Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information if such discovery is contemplated in the action. Form 35 is amended to call for a report to the court about the results of this discussion. In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise."

I seek such ESI  in native format with the Defendants' use of clawback, but without Defendants' claiming some blanket immunity; here's what the committee says:   " For example, they may agree to initial provision of requested materials without waiver of privilege or protection to enable the party seeking production to designate the materials desired or protection for actual production, with the privilege review of only those materials to follow. "  Native format means that if the data is available in plaintext, then I should not get a "fax" or pdf of it, but rather the plaintext version; if it is in Excel, I will get Excel (etc.).

I propose that all confidential memos be isolated from the internet on a computer that will be purchased for me paid for by the government (after I consult with computer experts) and immediately sell it to me for $1 so that I have full claim to it without their tampering (namely: putting on eavesdropping, hacking or other quasi-legal unwelcome devices), and should include SAS software plus Adobe video editing software. It would be with full security with encrypted hard drive, so that if it is stolen or tampered with, it will self-destruct the data.  This will protect confidential information – anticipating government objections to giving out their data from their files.  I do not object to putting a tracking device on it whose sole purpose is to track said computer if it is stolen, but that it can not, it must not be enabled in any way to transmit or record keystrokes or data or hinder communication by me.  It should allow for creation of suitable DVDs and transfer of data via thumbnail drive, so that I can transfer both to a non-confidential computer attached to the internet:

- suitable redacted text and videos, and
- scrambled (encrypted) data  and videos

C) Here are the excerpts on the notes

Here are the excerpts on the notes, followed by the full text from FRCP 16 and the reasoning behind the rule.

" Notes of Advisory Committee on Rules—1983 Amendment

*Introduction*

Rule 16 has not been amended since the Federal Rules were promulgated in 1938. In many respects, the rule has been a success. For example, there is evidence that pretrial conferences may improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process. See 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1522 (1971). However, in other respects particularly with regard to case management, the rule has not always been as helpful as it might have been. Thus there has been a widespread feeling that amendment is necessary to encourage pretrial management that meets the needs of modern litigation. See *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979).

…

Given the significant changes in federal civil litigation since 1938 that are not reflected in Rule 16, it has been extensively rewritten and expanded to meet the challenges of modern litigation. Empirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps, the case is disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices. Flanders, *Case Management and Court Management in United States District Courts* 17, Federal Judicial Center (1977). Thus, the rule mandates a pretrial scheduling order. However, although scheduling and pretrial conferences are encouraged in appropriate cases, they are not mandated.

*Discussion*

*Subdivision (a); Pretrial Conferences; Objectives*. The amended rule makes scheduling and case management an express goal of pretrial procedure. This is done in Rule 16(a) by shifting the emphasis away from a conference focused solely on the trial and toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.

…

If a scheduling conference is not arranged within that time and the case is not exempted by local rule, a scheduling order must be issued under Rule 16(b), after some

communication with the parties, which may be by telephone or mail rather than in person. The use of the term "judge" in subdivision (b) reflects the Advisory Committee's judgment that is it preferable that this task should be handled by a district judge rather than a magistrate"

D) On taking an oath of Congresswoman Maloney.

Although I deeply respect and honor the US Constitution, I also note that Ms. Maloney is not exempt from being deposed or named as a Defendant and perhaps co-conspirator.  I wish to obey Article 1 Section 6 in not hindering Ms. Maloney, but do note that it has been done, for instance, with Representative Rand Paul:

### TSA Directly Violated US Constitution By Detaining Senator Rand Paul

**Steve Watson,** www.Prisonplanet.com
January 23, 2012



In preventing Kentucky Senator Rand Paul from flying to Washington this morning, the TSA directly violated the law as written in the US Constitution.

The **Constitution** specifically protects federal lawmakers from being detained while en route to Washington DC.

**Article I, Section 6** states:

> "The Senators and Representatives…shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same…."

Rand Paul was travelling from his home in Louisville to attend a session in the Senate today.

This is the reason that TSA officials have since put out the talking point in the media that Rand Paul was never officially detained, despite the fact that the Senator himself confirmed that he was told to sit in a cubicle and wait without any indication of when he would be allowed to leave.

The Senate is back in session at 2 p.m., and votes are scheduled for 4:30 p.m.

Senator Paul was allowed to board a second flight after a separate screening by TSA agents, however, it remains to be seen whether he will make it to the capital in time.

http://www.prisonplanet.com/tsa-directly-violated-us-constitution-by-detaining-senator-rand-paul.html

The text of the US Constitution reads that they are privileged from arrest whilst going and coming to Congress, namely "They shall in all cases, except treason, felony and breach of the peace, be privileged from arrest during their attendance at the session of their respective Houses, and in going to and returning from the same":

"**Article I**
        […]
**Section 6.**

The Senators and Representatives shall receive a compensation for their services, to be ascertained by law, and paid out of the treasury of the United States. **They shall in all cases, except treason, felony and breach of the peace, be privileged from arrest during their attendance at the session of their respective Houses, and in going to and returning from the same; and for any speech or debate in either House, they shall not be questioned in any other place.**

No Senator or Representative shall, during the time for which he was elected, be appointed to any civil office under the authority of the United States, which shall have been created, or the emoluments whereof shall have been increased during such time: and no person holding any office under the United States, shall be a member of either House during his continuance in office."
[emphasis added]
http://www.law.cornell.edu/constitution/articlei#section6

I note that President Clinton provided testimony in the Paula Jones civil case while in office in January 1988:

ARKANSAS

January 17, 1998
- Jones, Clintons Lawyers Meet To Make Deposition Plans 011398
- Jones Wants 2 Million, Apology To Settle 011298
- Jones Will Attend Clintons Deposition 010898
- Treasury Investigating IRS Audit, Jones Lawyer Say 010797
- Suit Against Clinton Moves Forward 122697

Clinton Finishes Testimony In Paula Jones Case Jones
WASHINGTON … Jan. 17 After providing more than four hours of sworn testimony in the sexual harassment suit brought against him by Paula Jones, President Bill Clinton returned to the White House late Saturday afternoon.
http://articles.cnn.com/1998-01-17/politics/clinton.jones.pm_1_jones-case-paula-jones-jones-accusations?_s=PM:ALLPOLITICS

Such statements can be made under oath, and can be done with penalties of perjury:

"Aftermath

On April 1, 1998, U.S. District Court Judge Susan Webber Wright granted summary judgment to Clinton in *Jones v. Clinton*. A witness in *Jones v. Clinton*, Monica

Lewinsky, denied having engaged in a sexual relationship with Clinton. A Lewinsky friend, Linda Tripp, had recorded conversations where Lewinsky discussed her affair with Clinton. Tripp then turned the tapes over to Kenneth Starr, an independent counsel investigating Clinton's misconduct in office. The revelations from these tapes became known as the Lewinsky scandal.

In the Court's opinion in *Clinton v. Jones*, Stevens had written, "...it appears to us highly unlikely to occupy any substantial amount of petitioner's time." The Supreme Court's ruling in *Clinton v. Jones* led to the District Court's hearing of *Jones v. Clinton*, which led to the Lewinsky scandal, when Clinton was asked under oath about other workplace relationships, which led to charges of perjury and obstruction of justice and the impeachment of Bill Clinton.

On April 12, 1999, Wright found Clinton in contempt of court for "intentionally false" testimony in *Jones v. Clinton*, fined him $90,000, and referred the case to the Arkansas Supreme Court's Committee on Professional Conduct, as Clinton still possessed a law license in Arkansas.[1]"

http://en.wikipedia.org/wiki/Clinton_v._Jones

I note with regret that USDJ Wright was wrong in ORDERing that "...it appears to us highly unlikely to occupy any substantial amount of petitioner's time", since it did take a lot of time. But part of that was that Clinton lied under oath (hey: I love the guy, and wish he had not been impeached, and that a sexual relation while in office is too trivial to be dealt with, especially since it was tangential to the President's duties.)  But, if Congresswoman Maloney, maliciously or ignorantly, stopped a witness from testifying to a federal Judge about a federal crime as per 18 USC § 1512(b)(3), especially given that I had told Maloney's staff of the USMS's actions (plural) against me, then it is a grievous misuse of power.  That being said:  I hope that Congresswoman Maloney and her staff cooperate, and perhaps apologize and reverse their actions if indeed my suspicions are correct that my witness was threatened and that Ms. Smith was told to perjure herself to say I (falsely) intended to harm USDJ Sullivan., and was threatened in that or later conversation(s).

**Attachment A:  The full text from FRCP 16**

 (indenting added) and the reasoning[5] (indenting not added) and behind the rule.

# "Rule 16. Pretrial Conferences; Scheduling; Management

(a) Purposes of a Pretrial Conference. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

> (1) expediting disposition of the action;

> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;

> (3) discouraging wasteful pretrial activities;

> (4) improving the quality of the trial through more thorough preparation; and

> (5) facilitating settlement.

(b) Scheduling.

> (1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

>> (A) after receiving the parties' report under Rule 26(f); or

>> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.

> (2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared.

> (3) *Contents of the Order.*

>> (A) *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

>> (B) *Permitted Contents.* The scheduling order may:

---
[5] Also called "Notes of Advisory Committee on Rules "

(i) modify the timing of disclosures under Rules 26(a) and 26(e)(1);

(ii) modify the extent of discovery;

(iii) provide for disclosure or discovery of electronically stored information;

(iv) include any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced;

(v) set dates for pretrial conferences and for trial; and

(vi) include other appropriate matters.

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

(c) Attendance and Matters for Consideration at a Pretrial Conference.

(1) *Attendance.* A represented party must authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference. If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement.

(2) *Matters for Consideration.* At any pretrial conference, the court may consider and take appropriate action on the following matters:

(A) formulating and simplifying the issues, and eliminating frivolous claims or defenses;

(B) amending the pleadings if necessary or desirable;

(C) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;

(D) avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702;

(E) determining the appropriateness and timing of summary adjudication under Rule 56;

(F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;

(G) identifying witnesses and documents, scheduling the filing and exchange of any pretrial briefs, and setting dates for further conferences and for trial;

(H) referring matters to a magistrate judge or a master;

(I) settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule;

(J) determining the form and content of the pretrial order;

(K) disposing of pending motions;

(L) adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

(M) ordering a separate trial under Rule 42(b) of a claim, counterclaim, crossclaim, third-party claim, or particular issue;

(N) ordering the presentation of evidence early in the trial on a manageable issue that might, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);

(O) establishing a reasonable limit on the time allowed to present evidence; and

(P) facilitating in other ways the just, speedy, and inexpensive disposition of the action.

(d) Pretrial Orders. After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

(e) Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

(f) Sanctions.

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including

attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

## Notes

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec. 1, 2007.)

Notes of Advisory Committee on Rules—1937

1. Similar rules of pre-trial procedure are now in force in Boston, Cleveland, Detroit, and Los Angeles, and a rule substantially like this one has been proposed for the urban centers of New York state. For a discussion of the successful operation of pre-trial procedure in relieving the congested condition of trial calendars of the courts in such cities and for the proposed New York plan, see *A Proposal for Minimizing Calendar Delay in Jury Cases* (Dec. 1936—published by The New York Law Society); *Pre-Trial Procedure and Administration*, Third Annual Report of the Judicial Council of the State of New York (1937), pp. 207–243; *Report of the Commission on the Administration of Justice in New York State* (1934), pp. (288)–(290). See also *Pre-Trial Procedure in the Wayne Circuit Court*, Detroit, Michigan, Sixth Annual Report of the Judicial Council of Michigan (1936), pp. 63–75; and Sunderland, *The Theory and Practice of Pre-Trial Procedure* (Dec. 1937) 36 Mich.L.Rev. 215–226, 21 J.Am.Jud.Soc. 125. Compare the English procedure known as the "summons for directions," *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 38a; and a similar procedure in New Jersey, N.J.Comp.Stat. (2 Cum.Supp. 1911–1924); N.J. Supreme Court Rules, 2 N.J.Misc.Rep. (1924) 1230, Rules 94, 92, 93, 95 (the last three as amended 1933, 11 N.J.Misc.Rep. (1933) 955).

2. Compare the similar procedure under Rule 56(d) (Summary Judgment—Case Not Fully Adjudicated on Motion). Rule 12(g) (Consolidation of Motions), by requiring to some extent the consolidation of motions dealing with matters preliminary to trial, is a step in the same direction. In connection with clause (5) of this rule, see Rules 53(b) (Masters; Reference) and 53(e)(3) (Master's Report; In Jury Actions).

Notes of Advisory Committee on Rules—1983 Amendment

*Introduction*

Rule 16 has not been amended since the Federal Rules were promulgated in 1938. In many respects, the rule has been a success. For example, there is evidence that pretrial conferences may improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process. See 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1522 (1971). However, in other respects particularly with regard to case management, the rule has not always been as helpful as it might have been. Thus there has been a widespread feeling that amendment is necessary to encourage pretrial management that meets the needs of modern litigation. See *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979).

Major criticism of Rule 16 has centered on the fact that its application can result in over-regulation of some cases and under-regulation of others. In simple, run-of-the-mill cases, attorneys have found pretrial requirements burdensome. It is claimed that over-administration leads to a series of mini-trials that result in a waste of an attorney's time and needless expense to a client. Pollack, *Pretrial Procedures More Effectively Handled*, 65 F.R.D. 475 (1974). This is especially likely to be true when pretrial proceedings occur long before trial. At the other end of the spectrum, the discretionary character of Rule 16 and its orientation toward a single conference late in the pretrial process has led to under-administration of complex or protracted cases. Without judicial guidance beginning shortly after institution, these cases often become mired in discovery.

Four sources of criticism of pretrial have been identified. First, conferences often are seen as a mere exchange of legalistic contentions without any real analysis of the particular case. Second, the result frequently is nothing but a formal agreement on minutiae. Third, the conferences are seen as unnecessary and time-consuming in cases that will be settled before trial. Fourth, the meetings can be ceremonial and ritualistic, having little effect on the trial and being of minimal value, particularly when the attorneys attending the sessions are not the ones who will try the case or lack authority to enter into binding stipulations. See generally *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976); Pollack, *Pretrial Procedures More Effectively Handled*, 65 F.R.D. 475 (1974); Rosenberg, *The Pretrial Conference and Effective Justice* 45 (1964).

There also have been difficulties with the pretrial orders that issue following Rule 16 conferences. When an order is entered far in advance of trial, some issues may not be properly formulated. Counsel naturally are cautious and often try to preserve as many options as possible. If the judge who tries the case did not conduct the conference, he could find it difficult to determine exactly what was agreed to at the conference. But any insistence on a detailed order may be too burdensome, depending on the nature or posture of the case.

Given the significant changes in federal civil litigation since 1938 that are not reflected in Rule 16, it has been extensively rewritten and expanded to meet the challenges of modern litigation. Empirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps, the case is disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices. Flanders, *Case Management and Court Management in United States District Courts* 17, Federal Judicial Center (1977). Thus, the rule mandates a pretrial scheduling order. However, although scheduling and pretrial conferences are encouraged in appropriate cases, they are not mandated.

*Discussion*

*Subdivision (a); Pretrial Conferences; Objectives*. The amended rule makes scheduling and case management an express goal of pretrial procedure. This is done in Rule 16(a) by shifting the emphasis away from a conference focused solely on the trial and toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery. In addition, the amendment explicitly recognizes some of the objectives of pretrial conferences and the powers that many courts already have assumed. Rule 16 thus will be a more accurate reflection of actual practice.

19

*Subdivision (b); Scheduling and Planning.* The most significant change in Rule 16 is the mandatory scheduling order described in Rule 16(b), which is based in part on Wisconsin Civil Procedure Rule 802.10. The idea of scheduling orders is not new. It has been used by many federal courts. See, *e.g.*, Southern District of Indiana, Local Rule 19.

Although a mandatory scheduling order encourages the court to become involved in case management early in the litigation, it represents a degree of judicial involvement that is not warranted in many cases. Thus, subdivision (b) permits each district court to promulgate a local rule under Rule 83 exempting certain categories of cases in which the burdens of scheduling orders exceed the administrative efficiencies that would be gained. See Eastern District of Virginia, Local Rule 12(1). Logical candidates for this treatment include social security disability matters, habeas corpus petitions, forfeitures, and reviews of certain administrative actions.

A scheduling conference may be requested either by the judge, a magistrate when authorized by district court rule, or a party within 120 days after the summons and complaint are filed. If a scheduling conference is not arranged within that time and the case is not exempted by local rule, a scheduling order must be issued under Rule 16(b), after some communication with the parties, which may be by telephone or mail rather than in person. The use of the term "judge" in subdivision (b) reflects the Advisory Committee's judgment that is it preferable that this task should be handled by a district judge rather than a magistrate, except when the magistrate is acting under 28 U.S.C. §636(c). While personal supervision by the trial judge is preferred, the rule, in recognition of the impracticality or difficulty of complying with such a requirement in some districts, authorizes a district by local rule to delegate the duties to a magistrate. In order to formulate a practicable scheduling order, the judge, or a magistrate when authorized by district court rule, and attorneys are required to develop a timetable for the matters listed in Rule 16(b)(1)–(3). As indicated in Rule 16(b)(4)–(5), the order may also deal with a wide range of other matters. The rule is phrased permissively as to clauses (4) and (5), however, because scheduling these items at an early point may not be feasible or appropriate. Even though subdivision (b) relates only to scheduling, there is no reason why some of the procedural matters listed in Rule 16(c) cannot be addressed at the same time, at least when a scheduling conference is held.

Item (1) assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended.

Item (2) requires setting time limits for interposing various motions that otherwise might be used as stalling techniques.

Item (3) deals with the problem of procrastination and delay by attorneys in a context in which scheduling is especially important—discovery. Scheduling the completion of discovery can serve some of the same functions as the conference described in Rule 26(f).

Item (4) refers to setting dates for conferences and for trial. Scheduling multiple pretrial conferences may well be desirable if the case is complex and the court believes that a more elaborate pretrial structure, such as that described in the *Manual for Complex Litigation*, should be employed. On the other hand, only one pretrial conference may be necessary in an uncomplicated case.

As long as the case is not exempted by local rule, the court must issue a written scheduling order even if no scheduling conference is called. The order, like pretrial orders under the former rule and those under new Rule 16(c), normally will "control the subsequent course of the action." See Rule 16(e). After consultation with the attorneys for the parties and any unrepresented parties—a formal motion is not necessary—the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery. Moreover, changes in the court's calendar sometimes will oblige the judge or magistrate when authorized by district court rule to modify the scheduling order.

The district courts undoubtedly will develop several prototype scheduling orders for different types of cases. In addition, when no formal conference is held, the court may obtain scheduling information by telephone, mail, or otherwise. In many instances this will result in a scheduling order better suited to the individual case than a standard order, without taking the time that would be required by a formal conference.

Rule 16(b) assures that the judge will take some early control over the litigation, even when its character does not warrant holding a scheduling conference. Despite the fact that the process of preparing a scheduling order does not always bring the attorneys and judge together, the fixing of time limits serves

to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

*Report of the National Commission for the Review of Antitrust Laws and Procedures* 28 (1979).

Thus, except in exempted cases, the judge or a magistrate when authorized by district court rule will have taken some action in every case within 120 days after the complaint is filed that notifies the attorneys that the case *will* be moving toward trial. Subdivision (b) is reenforced by subdivision (f), which makes it clear that the sanctions for violating a scheduling order are the same as those for violating a pretrial order.

*Subdivision (c); Subjects to be Discussed at Pretrial Conferences*. This subdivision expands upon the list of things that may be discussed at a pretrial conference that appeared in original Rule 16. The intention is to encourage better planning and management of litigation. Increased judicial control during the pretrial process accelerates the processing and termination of cases. Flanders, *Case Management and Court Management in United States District Courts*, Federal Judicial Center (1977). See also *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979).

The reference in Rule 16(c)(1) to "formulation" is intended to clarify and confirm the court's power to identify the litigable issues. It has been added in the hope of promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone. See generally *Meadow Gold Prods. Co. v. Wright*, 278 F.2d 867 (D.C. Cir.

1960). The notion is emphasized by expressly authorizing the elimination of frivolous claims or defenses at a pretrial conference. There is no reason to require that this await a formal motion for summary judgment. Nor is there any reason for the court to wait for the parties to initiate the process called for in Rule 16(c)(1).

The timing of any attempt at issue formulation is a matter of judicial discretion. In relatively simple cases it may not be necessary or may take the form of a stipulation between counsel or a request by the court that counsel work together to draft a proposed order.

Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived. Although an order specifying the issues is intended to be binding, it may be amended at trial to avoid manifest injustice. See Rule 16(e). However, the rule's effectiveness depends on the court employing its discretion sparingly.

Clause (6) acknowledges the widespread availability and use of magistrates. The corresponding provision in the original rule referred only to masters and limited the function of the reference to the making of "findings to be used as evidence" in a case to be tried to a jury. The new text is not limited and broadens the potential use of a magistrate to that permitted by the Magistrate's Act.

Clause (7) explicitly recognizes that it has become commonplace to discuss settlement at pretrial conferences. Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible. Although it is not the purpose of Rule 16(b)(7) to impose settlement negotiations on unwilling litigants, it is believed that providing a neutral forum for discussing the subject might foster it. See Moore's *Federal Practice*

16.17; 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1522 (1971). For instance, a judge to whom a case has been assigned may arrange, on his own motion or a at a party's request, to have settlement conferences handled by another member of the court or by a magistrate. The rule does not make settlement conferences mandatory because they would be a waste of time in many cases. See Flanders, *Case Management and Court Management in the United States District Courts*, 39, Federal Judicial Center (1977). Requests for a conference from a party indicating a willingness to talk settlement normally should be honored, unless thought to be frivolous or dilatory.

A settlement conference is appropriate at any time. It may be held in conjunction with a pretrial or discovery conference, although various objectives of pretrial management, such as moving the case toward trial, may not always be compatible with settlement negotiations, and thus a separate settlement conference may be desirable. See 6 Wright & Miller, *Federal Practice and Procedure: Civil* §1522, at p. 751 (1971).

In addition to settlement, Rule 16(c)(7) refers to exploring the use of procedures other than litigation to resolve the dispute. This includes urging the litigants to employ adjudicatory techniques outside the courthouse. See, for example, the experiment described in Green, Marks & Olson, *Settling Large Case Litigation: An Alternative Approach*, 11 Loyola of L.A. L.Rev. 493 (1978).

Rule 16(c)(10) authorizes the use of special pretrial procedures to expedite the adjudication of potentially difficult or protracted cases. Some district courts obviously have done so for many years. See Rubin, *The Managed Calendar: Some Pragmatic Suggestions About Achieving the Just, Speedy and Inexpensive Determination of Civil Cases in Federal Courts*, 4 Just. Sys. J. 135 (1976). Clause 10 provides an explicit authorization for such procedures and encourages their use. No particular techniques have been described; the Committee felt that flexibility and experience are the keys to efficient management of complex cases. Extensive guidance is offered in such documents as the *Manual for Complex Litigation*.

The rule simply identifies characteristics that make a case a strong candidate for special treatment. The four mentioned are illustrative, not exhaustive, and overlap to some degree. But experience has shown that one or more of them will be present in every protracted or difficult case and it seems desirable to set them out. See Kendig, *Procedures for Management of Non-Routine Cases*, 3 Hofstra L.Rev. 701 (1975).

The last sentence of subdivision (c) is new. See Wisconsin Civil Procedure Rule 802.11(2). It has been added to meet one of the criticisms of the present practice described earlier and insure proper preconference preparation so that the meeting is more than a ceremonial or ritualistic event. The reference to "authority" is not intended to insist upon the ability to settle the litigation. Nor should the rule be read to encourage the judge conducting the conference to compel attorneys to enter into stipulations or to make admissions that they consider to be unreasonable, that touch on matters that could not normally have been anticipated to arise at the conference, or on subjects of a dimension that normally require prior consultation with and approval from the client.

*Subdivision (d); Final Pretrial Conference.* This provision has been added to make it clear that the time between any final pretrial conference (which in a simple case may be the *only* pretrial

conference) and trail should be as short as possible to be certain that the litigants make substantial progress with the case and avoid the inefficiency of having that preparation repeated when there is a delay between the last pretrial conference and trial. An optimum time of 10 days to two weeks has been suggested by one federal judge. Rubin, *The Managed Calendar: Some Pragmatic Suggestions About Achieving the Just, Speedy and Inexpensive Determination of Civil Cases in Federal Courts*, 4 Just. Sys. J. 135, 141 (1976). The Committee, however, concluded that it would be inappropriate to fix a precise time in the rule, given the numerous variables that could bear on the matter. Thus the timing has been left to the court's discretion.

At least one of the attorneys who will conduct the trial for each party must be present at the final pretrial conference. At this late date there should be no doubt as to which attorney or attorneys this will be. Since the agreements and stipulations made at this final conference will control the trial, the presence of lawyers who will be involved in it is especially useful to assist the judge in structuring the case, and to lead to a more effective trial.

*Subdivision (e); Pretrial Orders*. Rule 16(e) does not substantially change the portion of the original rule dealing with pretrial orders. The purpose of an order is to guide the course of the litigation and the language of the original rule making that clear has been retained. No compelling reason has been found for major revision, especially since this portion of the rule has been interpreted and clarified by over forty years of judicial decisions with comparatively little difficulty. See 6 Wright & Miller, *Federal Practice and Procedure: Civil* §§1521–30 (1971). Changes in language therefore have been kept to a minimum to avoid confusion.

Since the amended rule encourages more extensive pretrial management than did the original, two or more conferences may be held in many cases. The language of Rule 16(e) recognizes this possibility and the corresponding need to issue more than one pretrial order in a single case.

Once formulated, pretrial orders should not be changed lightly; but total inflexibility is undesirable. See, *e.g., Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591 (2d Cir. 1964). The exact words used to describe the standard for amending the pretrial order probably are less important than the meaning given them in practice. By not imposing any limitation on the ability to modify a pretrial order, the rule reflects the reality that in any process of continuous management what is done at one conference may have to be altered at the next. In the case of the final pretrial order, however, a more stringent standard is called for and the words "to prevent manifest injustice," which appeared in the original rule, have been retained. They have the virtue of familiarity and adequately describe the restraint the trial judge should exercise.

Many local rules make the plaintiff's attorney responsible for drafting a proposed pretrial order, either before or after the conference. Others allow the court to appoint any of the attorneys to perform the task, and others leave it to the court. See Note, *Pretrial Conference: A Critical Examination of Local Rules Adopted by Federal District Courts*, 64 Va.L.Rev. 467 (1978). Rule 16 has never addressed this matter. Since there is no consensus about which method of drafting the order works best and there is no reason to believe that nationwide uniformity is needed, the rule has been left silent on the point. See *Handbook for Effective Pretrial Procedure*, 37 F.R.D. 225 (1964).

*Subdivision (f); Sanctions*. Original Rule 16 did not mention the sanctions that might be imposed for failing to comply with the rule. However, courts have not hesitated to enforce it by

appropriate measures. See, *e.g., Link v. Wabash R. Co*., 370 U.S. 628 (1962) (district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference upheld); *Admiral Theatre Corp. v. Douglas Theatre*, 585 F.2d 877 (8th Cir. 1978) (district court has discretion to exclude exhibits or refuse to permit the testimony of a witness not listed prior to trial in contravention of its pretrial order).

To reflect that existing practice, and to obviate dependence upon Rule 41(b) or the court's inherent power to regulate litigation, *cf. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), Rule 16(f) expressly provides for imposing sanctions on disobedient or recalcitrant parties, their attorneys, or both in four types of situations. Rodes, Ripple & Mooney, *Sanctions Imposable for Violations of the Federal Rules of Civil Procedure* 65–67, 80–84, Federal Judicial Center (1981). Furthermore, explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management.

Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards. Among the sanctions authorized by the new subdivision are: preclusion order, striking a pleading, staying the proceeding, default judgment, contempt, and charging a party, his attorney, or both with the expenses, including attorney's fees, caused by noncompliance. The contempt sanction, however, is only available for a violation of a court order. The references in Rule 16(f) are not exhaustive.

As is true under Rule 37(b)(2), the imposition of sanctions may be sought by either the court or a party. In addition, the court has discretion to impose whichever sanction it feels is appropriate under the circumstances. Its action is reviewable under the abuse-of-discretion standard. See *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639 (1976).

Notes of Advisory Committee on Rules—1987 Amendment

The amendments are technical. No substantive change is intended.

Notes of Advisory Committee on Rules—1993 Amendment

*Subdivision (b)*. One purpose of this amendment is to provide a more appropriate deadline for the initial scheduling order required by the rule. The former rule directed that the order be entered within 120 days from the filing of the complaint. This requirement has created problems because Rule 4(m) allows 120 days for service and ordinarily at least one defendant should be available to participate in the process of formulating the scheduling order. The revision provides that the order is to be entered within 90 days after the date a defendant first appears (whether by answer or by a motion under Rule 12) or, if earlier (as may occur in some actions against the United States or if service is waived under Rule 4), within 120 days after service of the complaint on a defendant. The longer time provided by the revision is not intended to encourage unnecessary delays in entering the scheduling order. Indeed, in most cases the order can and should be entered at a much earlier date. Rather, the additional time is intended to alleviate problems in multi-defendant cases and should ordinarily be adequate to enable participation by all defendants initially named in the action.

In many cases the scheduling order can and should be entered before this deadline. However, when setting a scheduling conference, the court should take into account the effect this setting will have in establishing deadlines for the parties to meet under revised Rule 26(f) and to exchange information under revised Rule 26(a)(1). While the parties are expected to stipulate to additional time for making their disclosures when warranted by the circumstances, a scheduling conference held before defendants have had time to learn much about the case may result in diminishing the value of the Rule 26(f) meeting, the parties' proposed discovery plan, and indeed the conference itself.

New paragraph (4) has been added to highlight that it will frequently be desirable for the scheduling order to include provisions relating to the timing of disclosures under Rule 26(a). While the initial disclosures required by Rule 26(a)(1) will ordinarily have been made before entry of the scheduling order, the timing and sequence for disclosure of expert testimony and of the witnesses and exhibits to be used at trial should be tailored to the circumstances of the case and is a matter that should be considered at the initial scheduling conference. Similarly, the scheduling order might contain provisions modifying the extent of discovery (*e.g.*, number and length of depositions) otherwise permitted under these rules or by a local rule.

The report from the attorneys concerning their meeting and proposed discovery plan, as required by revised Rule 26(f), should be submitted to the court before the scheduling order is entered. Their proposals, particularly regarding matters on which they agree, should be of substantial value to the court in setting the timing and limitations on discovery and should reduce the time of the court needed to conduct a meaningful conference under Rule 16(b). As under the prior rule, while a scheduling order is mandated, a scheduling conference is not. However, in view of the benefits to be derived from the litigants and a judicial officer meeting in person, a Rule 16(b) conference should, to the extent practicable, be held in all cases that will involve discovery.

This subdivision, as well as subdivision (c)(8), also is revised to reflect the new title of United States Magistrate Judges pursuant to the Judicial Improvements Act of 1990.

*Subdivision (c)*. The primary purposes of the changes in subdivision (c) are to call attention to the opportunities for structuring of trial under Rules 42, 50, and 52 and to eliminate questions that have occasionally been raised regarding the authority of the court to make appropriate orders designed either to facilitate settlement or to provide for an efficient and economical trial. The prefatory language of this subdivision is revised to clarify the court's power to enter appropriate orders at a conference notwithstanding the objection of a party. Of course settlement is dependent upon agreement by the parties and, indeed, a conference is most effective and productive when the parties participate in a spirit of cooperation and mindful of their responsibilities under Rule 1.

Paragraph (4) is revised to clarify that in advance of trial the court may address the need for, and possible limitations on, the use of expert testimony under Rule 702 of the Federal Rules of Evidence. Even when proposed expert testimony might be admissible under the standards of Rules 403 and 702 of the evidence rules, the court may preclude or limit such testimony if the cost to the litigants—which may include the cost to adversaries of securing testimony on the same subjects by other experts—would be unduly expensive given the needs of the case and the other evidence available at trial.

Paragraph (5) is added (and the remaining paragraphs renumbered) in recognition that use of Rule 56 to avoid or reduce the scope of trial is a topic that can, and often should, be considered at a pretrial conference. Renumbered paragraph (11) enables the court to rule on pending motions for summary adjudication that are ripe for decision at the time of the conference. Often, however, the potential use of Rule 56 is a matter that arises from discussions during a conference. The court may then call for motions to be filed.

Paragraph (6) is added to emphasize that a major objective of pretrial conferences should be to consider appropriate controls on the extent and timing of discovery. In many cases the court should also specify the times and sequence for disclosure of written reports from experts under revised Rule 26(a)(2)(B) and perhaps direct changes in the types of experts from whom written reports are required. Consideration should also be given to possible changes in the timing or form of the disclosure of trial witnesses and documents under Rule 26(a)(3).

Paragraph (9) is revised to describe more accurately the various procedures that, in addition to traditional settlement conferences, may be helpful in settling litigation. Even if a case cannot immediately be settled, the judge and attorneys can explore possible use of alternative procedures such as mini-trials, summary jury trials, mediation, neutral evaluation, and nonbinding arbitration that can lead to consensual resolution of the dispute without a full trial on the merits. The rule acknowledges the presence of statutes and local rules or plans that may authorize use of some of these procedures even when not agreed to by the parties. See 28 U.S.C. §§473(a)(6), 473(b)(4), 651–58; Section 104(b)(2), Pub. L. 101–650. The rule does not attempt to resolve questions as to the extent a court would be authorized to require such proceedings as an exercise of its inherent powers.

The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances. Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel. Finally, it should be noted that the unwillingness of a party to be available, even by telephone, for a settlement conference may be a clear signal that the time and expense involved in pursuing settlement is likely to be unproductive and that personal participation by the parties should not be required.

The explicit authorization in the rule to require personal participation in the manner stated is not intended to limit the reasonable exercise of the court's inherent powers, *e.g., G. Heileman Brewing Co. v. Joseph Oat Corp*., 871 F.2d 648 (7th Cir. 1989), or its power to require party participation under the Civil Justice Reform Act of 1990. See 28 U.S.C. §473(b)(5) (civil justice expense and delay reduction plans adopted by district courts may include requirement that representatives "with authority to bind [parties] in settlement discussions" be available during settlement conferences).

New paragraphs (13) and (14) are added to call attention to the opportunities for structuring of trial under Rule 42 and under revised Rules 50 and 52.

Paragraph (15) is also new. It supplements the power of the court to limit the extent of evidence under Rules 403 and 611(a) of the Federal Rules of Evidence, which typically would be invoked as a result of developments during trial. Limits on the length of trial established at a conference in advance of trial can provide the parties with a better opportunity to determine priorities and exercise selectivity in presenting evidence than when limits are imposed during trial. Any such limits must be reasonable under the circumstances, and ordinarily the court should impose them only after receiving appropriate submissions from the parties outlining the nature of the testimony expected to be presented through various witnesses, and the expected duration of direct and cross-examination.

Committee Notes on Rules—2006 Amendment

The amendment to Rule 16(b) is designed to alert the court to the possible need to address the handling of discovery of electronically stored information early in the litigation if such discovery is expected to occur. Rule 26(f) is amended to direct the parties to discuss discovery of electronically stored information if such discovery is contemplated in the action. Form 35 is amended to call for a report to the court about the results of this discussion. In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise.

Rule 16(b) is also amended to include among the topics that may be addressed in the scheduling order any agreements that the parties reach to facilitate discovery by minimizing the risk of waiver of privilege or work-product protection. Rule 26(f) is amended to add to the discovery plan the parties' proposal for the court to enter a case-management or other order adopting such an agreement. The parties may agree to various arrangements. For example, they may agree to initial provision of requested materials without waiver of privilege or protection to enable the party seeking production to designate the materials desired or protection for actual production, with the privilege review of only those materials to follow. Alternatively, they may agree that if privileged or protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the materials without waiver. Other arrangements are possible. In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege or of protection as trial-preparation material.

An order that includes the parties' agreement may be helpful in avoiding delay and excessive cost in discovery. *See Manual for Complex Litigation* (4th) §11.446. Rule 16(b)(6) recognizes the propriety of including such agreements in the court's order. The rule does not provide the court with authority to enter such a case-management or other order without party agreement, or limit the court's authority to act on motion.

*Changes Made After Publication and Comment*. This recommendation is of a modified version of the proposal as published. Subdivision (b)(6) was modified to eliminate the references to "adopting" agreements for "protection against waiving" privilege. It was feared that these words might seem to promise greater protection than can be assured. In keeping with changes to Rule 26(b)(5)(B), subdivision (b)(6) was expanded to include agreements for asserting claims of

protection as trial-preparation materials. The Committee Note was revised to reflect the changes in the rule text.

The proposed changes from the published rule are set out below. [Omitted]

Committee Notes on Rules—2007 Amendment

The language of Rule 16 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

When a party or its representative is not present, it is enough to be reasonably available by any suitable means, whether telephone or other communication device.

*Changes Made After Publication and Comment.* See Note to Rule 1, supra."

http://www.law.cornell.edu/rules/frcp/rule_16

**Attachment B: FRCP 32**

I seek to give the Defendants 14 days notice so that their depositions can be used in trial, as opposed to FRCP 32:

> " **Rule 32. Using Depositions in Court Proceedings**
>
> (a) Using Depositions.
> …
> >    (5) *Limitations on Use.*
> >        (A) *Deposition Taken on Short Notice.* A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken."

Text of FRCP 32:

# Rule 32. Using Depositions in Court Proceedings

(a) Using Depositions.

   (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

      (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

      (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

      (C) the use is allowed by Rule 32(a)(2) through (8).

   (2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

   (3) *Deposition of Party, Agent, or Designee.* An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

   (4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

(5) *Limitations on Use.*

(A) *Deposition Taken on Short Notice.* A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken.

(B) *Unavailable Deponent; Party Could Not Obtain an Attorney.* A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

(6) *Using Part of a Deposition.* If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

(7) *Substituting a Party.* Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

(8) *Deposition Taken in an Earlier Action.* A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

(b) Objections to Admissibility. Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.

31

(c) Form of Presentation. Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well. On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise.

(d) Waiver of Objections.

> (1) *To the Notice.* An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice.

> (2) *To the Officer's Qualification.* An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made:

>> (A) before the deposition begins; or

>> (B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known.

> (3) *To the Taking of the Deposition.*

>> (A) *Objection to Competence, Relevance, or Materiality.* An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.

>> (B) *Objection to an Error or Irregularity.* An objection to an error or irregularity at an oral examination is waived if:

>>> (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

>>> (ii) it is not timely made during the deposition.

>> (C) *Objection to a Written Question.* An objection to the form of a written question under Rule 31 is waived if not served in writing on the party submitting the question within the time for serving responsive questions or, if the question is a recross-question, within 7 days after being served with it.

> (4) *To Completing and Returning the Deposition.* An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

# Notes

(As amended Mar. 30, 1970, eff. July 1, 1970; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

Notes of Advisory Committee on Rules—1937

This rule is in accordance with common practice. In most of the states listed in the *Note* to Rule 26, provisions similar to this rule will be found in the statutes which in their respective statutory compilations follow those cited in the *Note* to Rule 26.

Notes of Advisory Committee on Rules—1970 Amendment

As part of the rearrangement of the discovery rules, existing subdivisions (d), (e), and (f) of Rule 26 are transferred to Rule 32 as new subdivisions (a), (b), and (c). The provisions of Rule 32 are retained as subdivision (d) of Rule 32 with appropriate changes in the lettering and numbering of subheadings. The new rule is given a suitable new title. A beneficial byproduct of the rearrangement is that provisions which are naturally related to one another are placed in one rule.

A change is made in new Rule 32(a), whereby it is made clear that the rules of evidence are to be applied to depositions offered at trial as though the deponent were then present and testifying at trial. This eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court. The language of present Rule 26(d) does not appear to authorize these technical objections, but it is not entirely clear. Note present Rule 26(e), transferred to Rule 32(b); see 2A Barron & Holtzoff, *Federal Practice and Procedure* 164–166 (Wright ed. 1961).

An addition in Rule 32(a)(2) provides for use of a deposition of a person designated by a corporation or other organization, which is a party, to testify on its behalf. This complements the new procedure for taking the deposition of a corporation or other organization provided in Rules 30(b)(6) and 31(a). The addition is appropriate, since the deposition is in substance and effect that of the corporation or other organization which is a party.

A change is made in the standard under which a party offering part of a deposition in evidence may be required to introduce additional parts of the deposition. The new standard is contained in a proposal made by the Advisory Committee on Rules of Evidence. See Rule 1–07 and accompanying Note, *Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates* 21–22 (March, 1969).

References to other rules are changed to conform to the rearrangement, and minor verbal changes have been made for clarification. The time for objecting to written questions served under Rule 31 is slightly extended.

Notes of Advisory Committee on Rules—1972 Amendment

*Subdivision (e)*. The concept of "making a person one's own witness" appears to have had significance principally in two respects: impeachment and waiver of incompetency. Neither

retains any vitality under the Rules of Evidence. The old prohibition against impeaching one's own witness is eliminated by Evidence Rule 607. The lack of recognition in the Rules of Evidence of state rules of incompetency in the Dead Man's area renders it unnecessary to consider aspects of waiver arising from calling the incompetent party witness. Subdivision (c) is deleted because it appears to be no longer necessary in the light of the Rules of Evidence.

Notes of Advisory Committee on Rules—1980 Amendment

*Subdivision (a)(1)*. Rule 801(d) of the Federal Rules of Evidence permits a prior inconsistent statement of a witness in a deposition to be used as substantive evidence. And Rule 801(d)(2) makes the statement of an agent or servant admissible against the principal under the circumstances described in the Rule. The language of the present subdivision is, therefore, too narrow.

*Subdivision (a)(4)*. The requirement that a prior action must have been dismissed before depositions taken for use in it can be used in a subsequent action was doubtless an oversight, and the courts have ignored it. See Wright & Miller, *Federal Practice and Procedure: Civil* §2150. The final sentence is added to reflect the fact that the Federal Rules of Evidence permit a broader use of depositions previously taken under certain circumstances. For example, Rule 804(b)(1) of the Federal Rules of Evidence provides that if a witness is unavailable, as that term is defined by the rule, his deposition in any earlier proceeding can be used against a party to the prior proceeding who had an opportunity and similar motive to develop the testimony of the witness.

Notes of Advisory Committee on Rules—1987 Amendment

The amendment is technical. No substantive change is intended.

Notes of Advisory Committee on Rules—1993 Amendment

*Subdivision (a)*. The last sentence of revised subdivision (a) not only includes the substance of the provisions formerly contained in the second paragraph of Rule 30(b)(2), but adds a provision to deal with the situation when a party, receiving minimal notice of a proposed deposition, is unable to obtain a court ruling on its motion for a protective order seeking to delay or change the place of the deposition. Ordinarily a party does not obtain protection merely by the filing of a motion for a protective order under Rule 26(c); any protection is dependent upon the court's ruling. Under the revision, a party receiving less than 11 days notice of a deposition can, provided its motion for a protective order is filed promptly, be spared the risks resulting from nonattendance at the deposition held before its motion is ruled upon. Although the revision of Rule 32(a) covers only the risk that the deposition could be used against the non-appearing movant, it should also follow that, when the proposed deponent is the movant, the deponent would have "just cause" for failing to appear for purposes of Rule 37(d)(1). Inclusion of this provision is not intended to signify that 11 days' notice is the minimum advance notice for all depositions or that greater than 10 days should necessarily be deemed sufficient in all situations.

*Subdivision (c)*. This new subdivision, inserted at the location of a subdivision previously abrogated, is included in view of the increased opportunities for video-recording and audio-recording of depositions under revised Rule 30(b). Under this rule a party may offer deposition testimony in any of the forms authorized under Rule 30(b) but, if offering it in a nonstenographic

form, must provide the court with a transcript of the portions so offered. On request of any party in a jury trial, deposition testimony offered other than for impeachment purposes is to be presented in a nonstenographic form if available, unless the court directs otherwise. Note that under Rule 26(a)(3)(B) a party expecting to use nonstenographic deposition testimony as substantive evidence is required to provide other parties with a transcript in advance of trial.

Committee Notes on Rules—2007 Amendment

The language of Rule 32 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 32(a) applied "[a]t the trial or upon the hearing of a motion or an interlocutory proceeding." The amended rule describes the same events as "a hearing or trial."

The final paragraph of former Rule 32(a) allowed use in a later action of a deposition "lawfully taken and duly filed in the former action." Because of the 2000 amendment of Rule 5(d), many depositions are not filed. Amended Rule 32(a)(8) reflects this change by excluding use of an unfiled deposition only if filing was required in the former action.

Committee Notes on Rules—2009 Amendment

The times set in the former rule at less than 11 days and within 5 days have been revised to 14 days and 7 days. See the Note to Rule 6.

References in Text

The Federal Rules of Evidence, referred to in subd. (a)(2), (8), are set out in this Appendix.

Effective Date of Amendment Proposed November 20, 1972

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub. L. 93–595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2074 of this title.

**Attachment C: FRCP 30**

Due to the nature of the alleged obstruction by the alleged "employers" (government handlers known as "the Boys") of the alleged Confidential Informant (CI) Ms. Sally Smith, I request that Oral Examination be conducted in two parts, totaling 7 hours so as to meet the reasonableness criteria of such depositions; the first part of two hours being to get the organization and reporting structure of the various people, and their emails, notes and ESI (Electronically Stored Information) on their interactions with the named (and to be added and named) Defendants, including transcriptions, notes, and call logs.  The second part constituting 5 hours will be to get the details of their actions, reconciling their comments with discovery (including ESI) after a suitable period of time.

I have the FRCP 30 below, but I added indenting.


## *Rule 30. Depositions by Oral Examination*

(a) When a Deposition May Be Taken.

> (1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

> (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

>> (A) if the parties have not stipulated to the deposition and:

>>> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

>>> (ii) the deponent has already been deposed in the case; or

>>> (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

>> (B) if the deponent is confined in prison.

(b) Notice of the Deposition; Other Formal Requirements.

> (1) *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown,

the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

(2) *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

(3) *Method of Recording.*

> (A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

> (B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

(4) *By Remote Means.* The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

(5) *Officer's Duties.*

> (A) *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

>> (i) the officer's name and business address;

>> (ii) the date, time, and place of the deposition;

>> (iii) the deponent's name;

>> (iv) the officer's administration of the oath or affirmation to the deponent; and

>> (v) the identity of all persons present.

> (B) *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)–(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

(C) *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

(c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.

(1) *Examination and Cross-Examination.* The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

(2) *Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

(3) *Participating Through Written Questions.* Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must ask the deponent those questions and record the answers verbatim.

(d) Duration; Sanction; Motion to Terminate or Limit.

(1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(2) *Sanction.* The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

(3) *Motion to Terminate or Limit.*

> (A) *Grounds.* At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

> (B) *Order.* The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

> (C) *Award of Expenses.* Rule 37(a)(5) applies to the award of expenses.

(e) Review by the Witness; Changes.

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

>> (A) to review the transcript or recording; and

>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.

> (1) *Certification and Delivery.* The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

> (2) *Documents and Tangible Things.*

>> (A) *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and

attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

> (i) offer copies to be marked, attached to the deposition, and then used as originals—after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

> (ii) give all parties a fair opportunity to inspect and copy the originals after they are marked—in which event the originals may be used as if attached to the deposition.

> (B) *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

(3) *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

(4) *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(g) Failure to Attend a Deposition or Serve a Subpoena; Expenses. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

> (1) attend and proceed with the deposition; or

> (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

## Notes

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007.)

Notes of Advisory Committee on Rules—1937

*Note to Subdivision (a).* This is in accordance with common practice. See U.S.C., Title 28, [former] §639 (Depositions *de bene esse;* when and where taken; notice), the relevant provisions of which are incorporated in this rule; Calif.Code Civ.Proc. (Deering, 1937) §2031; and statutes cited in respect to notice in the *Note* to Rule 26(a). The provision for enlarging or shortening the time of notice has been added to give flexibility to the rule.

*Note to Subdivisions (b) and (d).* These are introduced as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26.

*Note to Subdivisions (c) and (e)*. These follow the general plan of [former] Equity Rule 51 (Evidence Taken Before Examiners, Etc.) and U. S. C., Title 28, [former] §§640 (Depositions *de bene esse;* mode of taking), and [former] 641 (Same; transmission to court), but are more specific. They also permit the deponent to require the officer to make changes in the deposition if the deponent is not satisfied with it. See also [former] Equity Rule 50 (Stenographer–Appointment–Fees).

*Note to Subdivision (f)*. Compare [former] Equity Rule 55 (Depositions Deemed Published When Filed).

*Note to Subdivision (g)*. This is similar to 2 Minn. Stat. (Mason, 1927) §9833, but is more extensive.

Notes of Advisory Committee on Rules—1963 Amendment

This amendment corresponds to the change in Rule 4(d)(4). See the Advisory Committee's Note to that amendment.

Notes of Advisory Committee on Rules—1970 Amendment

*Subdivision (a)*. This subdivision contains the provisions of existing Rule 26(a), transferred here as part of the rearrangement relating to Rule 26. Existing Rule 30(a) is transferred to 30(b). Changes in language have been made to conform to the new arrangement.

This subdivision is further revised in regard to the requirement of leave of court for taking a deposition. The present procedure, requiring a plaintiff to obtain leave of court if he serves notice of taking a deposition within 20 days after commencement of the action, is changed in several respects. First, leave is required by reference to the time the deposition is to be taken rather than the date of serving notice of taking. Second, the 20-day period is extended to 30 days and runs from the service of summons and complaint on any defendant, rather than the commencement of the action. *Cf.* Ill. S.Ct.R. 19–1, S–H Ill.Ann.Stat. §101.19–1. Third, leave is not required beyond the time that defendant initiates discovery, thus showing that he has retained counsel. As under the present practice, a party not afforded a reasonable opportunity to appear at a deposition, because he has not yet been served with process, is protected against use of the deposition at trial against him. See Rule 32(a), transferred from 26(d). Moreover, he can later redepose the witness if he so desires.

The purpose of requiring the plaintiff to obtain leave of court is, as stated by the Advisory Committee that proposed the present language of Rule 26(a), to protect "a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit." Note to 1948 amendment of Rule 26(a), quoted in 3A Barron & Holtzoff, *Federal Practice and Procedure* 455–456 (Wright ed. 1958). In order to assure defendant of this opportunity, the period is lengthened to 30 days. This protection, however, is relevant to the time of taking the deposition, not to the time that notice is served. Similarly, the protective period should run from the service of process rather than the filing of the complaint with the court. As stated in the note to Rule 26(d), the courts have used the service of notice as a convenient reference point for assigning priority in taking depositions, but with the elimination of priority in new Rule 26(d) the

reference point is no longer needed. The new procedure is consistent in principle with the provisions of Rules 33, 34, and 36 as revised.

Plaintiff is excused from obtaining leave even during the initial 30-day period if he gives the special notice provided in subdivision (b)(2). The required notice must state that the person to be examined is about to go out of the district where the action is pending and more than 100 miles from the place of trial, or out of the United States, or on a voyage to sea, and will be unavailable for examination unless deposed within the 30-day period. These events occur most often in maritime litigation, when seamen are transferred from one port to another or are about to go to sea. Yet, there are analogous situations in nonmaritime litigation, and although the maritime problems are more common, a rule limited to claims in the admiralty and maritime jurisdiction is not justified.

In the recent unification of the civil and admiralty rules, this problem was temporarily met through addition in Rule 26(a) of a provision that depositions de bene esse may continue to be taken as to admiralty and maritime claims within the meaning of Rule 9(h). It was recognized at the time that "a uniform rule applicable alike to what are now civil actions and suits in admiralty" was clearly preferable, but the de bene esse procedure was adopted "for the time being at least." See Advisory Committee's note in Report of the Judicial Conference: Proposed Amendments to Rules of Civil Procedure 43–44 (1966).

The changes in Rule 30(a) and the new Rule 30(b)(2) provide a formula applicable to ordinary civil as well as maritime claims. They replace the provision for depositions de bene esse. They authorize an early deposition without leave of court where the witness is about to depart and, unless his deposition is promptly taken, (1) it will be impossible or very difficult to depose him before trial or (2) his deposition can later be taken but only with substantially increased effort and expense. *Cf. S.S. Hai Chang*, 1966 A.M.C. 2239 (S.D.N.Y. 1966), in which the deposing party is required to prepay expenses and counsel fees of the other party's lawyer when the action is pending in New York and depositions are to be taken on the West Coast. Defendant is protected by a provision that the deposition cannot be used against him if he was unable through exercise of diligence to obtain counsel to represent him.

The distance of 100 miles from place of trial is derived from the *de bene esse* provision and also conforms to the reach of a subpoena of the trial court, as provided in Rule 45(e). See also S.D.N.Y. Civ.R. 5(a). Some parts of the de bene esse provision are omitted from Rule 30(b)(2). Modern deposition practice adequately covers the witness who lives more than 100 miles away from place of trial. If a witness is aged or infirm, leave of court can be obtained.

*Subdivision (b)*. Existing Rule 30(b) on protective orders has been transferred to Rule 26(c), and existing Rule 30(a) relating to the notice of taking deposition has been transferred to this subdivision. Because new material has been added, subsection numbers have been inserted.

*Subdivision (b)(1)*. If a subpoena duces tecum is to be served, a copy thereof or a designation of the materials to be produced must accompany the notice. Each party is thereby enabled to prepare for the deposition more effectively.

*Subdivision (b)(2)*. This subdivision is discussed in the note to subdivision (a), to which it relates.

*Subdivision (b)(3)*. This provision is derived from existing Rule 30(a), with a minor change of language.

*Subdivision (b)(4)*. In order to facilitate less expensive procedures, provision is made for the recording of testimony by other than stenographic means— *e.g.*, by mechanical, electronic, or photographic means. Because these methods give rise to problems of accuracy and trustworthiness, the party taking the deposition is required to apply for a court order. The order is to specify how the testimony is to be recorded, preserved, and filed, and it may contain whatever additional safeguards the court deems necessary.

*Subdivision (b)(5)*. A provision is added to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition. This may now be done as to a nonparty deponent through use of a subpoena duces tecum as authorized by Rule 45, but some courts have held that documents may be secured from a party only under Rule 34. See 2A Barron & Holtzoff, Federal Practice and Procedure §644.1 n. 83.2, §792 n. 16 (Wright ed. 1961). With the elimination of "good cause" from Rule 34, the reason for this restrictive doctrine has disappeared. *Cf*. N.Y.C.P.L.R. §3111.

Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

*Subdivision (b)(6)*. A new provision is added, whereby a party may name a corporation, partnership, association, or governmental agency as the deponent and designate the matters on which he requests examination, and the organization shall then name one or more of its officers, directors, or managing agents, or other persons consenting to appear and testify on its behalf with respect to matters known or reasonably available to the organization. *Cf*. Alberta Sup.Ct.R. 255. The organization may designate persons other than officers, directors, and managing agents, but only with their consent. Thus, an employee or agent who has an independent or conflicting interest in the litigation—for example, in a personal injury case—can refuse to testify on behalf of the organization.

This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties now encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent." See Note, *Discovery Against Corporations Under the Federal Rules*, 47 Iowa L.Rev. 1006–1016 (1962). It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims

knowledge of facts that are clearly known to persons in the organization and thereby to it. *Cf. Haney v. Woodward & Lothrop, Inc*., 330 F.2d 940, 944 (4th Cir. 1964). The provisions should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. *E.g., United States v. Gahagan Dredging Corp*., 24 F.R.D. 328, 329 (S.D.N.Y. 1958). This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge.

*Subdivision (c)*. A new sentence is inserted at the beginning, representing the transfer of existing Rule 26(c) to this subdivision. Another addition conforms to the new provision in subdivision (b)(4).

The present rule provides that transcription shall be carried out unless all parties waive it. In view of the many depositions taken from which nothing useful is discovered, the revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription.

Parties choosing to serve written questions rather than participate personally in an oral deposition are directed to serve their questions on the party taking the deposition, since the officer is often not identified in advance. Confidentiality is preserved, since the questions may be served in a sealed envelope.

*Subdivision (d)*. The assessment of expenses incurred in relation to motions made under this subdivision (d) is made subject to the provisions of Rule 37(a). The standards for assessment of expenses are more fully set out in Rule 37(a), and these standards should apply to the essentially similar motions of this subdivision.

*Subdivision (e)*. The provision relating to the refusal of a witness to sign his deposition is tightened through insertion of a 30-day time period.

*Subdivision (f)(1)*. A provision is added which codifies in a flexible way the procedure for handling exhibits related to the deposition and at the same time assures each party that he may inspect and copy documents and things produced by a nonparty witness in response to subpoena duces tecum. As a general rule and in the absence of agreement to the contrary or order of the court, exhibits produced without objection are to be annexed to and returned with the deposition, but a witness may substitute copies for purposes of marking and he may obtain return of the exhibits. The right of the parties to inspect exhibits for identification and to make copies is assured. *Cf.* N.Y.C.P.L.R. §3116(c).

Notes of Advisory Committee on Rules—1971 Amendment

The subdivision permits a party to name a corporation or other form of organization as a deponent in the notice of examination and to describe in the notice the matters about which discovery is desired. The organization is then obliged to designate natural persons to testify on its behalf. The amendment clarifies the procedure to be followed if a party desires to examine a

non-party organization through persons designated by the organization. Under the rules, a subpoena rather than a notice of examination is served on a non-party to compel attendance at the taking of a deposition. The amendment provides that a subpoena may name a non-party organization as the deponent and may indicate the matters about which discovery is desired. In that event, the non-party organization must respond by designating natural persons, who are then obliged to testify as to matters known or reasonably available to the organization. To insure that a non-party organization that is not represented by counsel has knowledge of its duty to designate, the amendment directs the party seeking discovery to advise of the duty in the body of the subpoena.

Notes of Advisory Committee on Rules—1972 Amendment

*Subdivision (c)*. Existing. Rule 43(b), which is to be abrogated, deals with the use of leading questions, the calling, interrogation, impeachment, and scope of cross-examination of adverse parties, officers, etc. These topics are dealt with in many places in the Rules of Evidence. Moreover, many pertinent topics included in the Rules of Evidence are not mentioned in Rule 43(b), e.g. privilege. A reference to the Rules of Evidence generally is therefore made in subdivision (c) of Rule 30.

Notes of Advisory Committee on Rules—1980 Amendment

*Subdivision (b)(4)*. It has been proposed that electronic recording of depositions be authorized as a matter of course, subject to the right of a party to seek an order that a deposition be recorded by stenographic means. The Committee is not satisfied that a case has been made for a reversal of present practice. The amendment is made to encourage parties to agree to the use of electronic recording of depositions so that conflicting claims with respect to the potential of electronic recording for reducing costs of depositions can be appraised in the light of greater experience. The provision that the parties may stipulate that depositions may be recorded by other than stenographic means seems implicit in Rule 29. The amendment makes it explicit. The provision that the stipulation or order shall designate the person before whom the deposition is to be taken is added to encourage the naming of the recording technician as that person, eliminating the necessity of the presence of one whose only function is to administer the oath. See Rules 28(a) and 29.

*Subdivision (b)(7)*. Depositions by telephone are now authorized by Rule 29 upon stipulation of the parties. The amendment authorizes that method by order of the court. The final sentence is added to make it clear that when a deposition is taken by telephone it is taken in the district and at the place where the witness is to answer the questions rather than that where the questions are propounded.

*Subdivision (f)(1)*. For the reasons set out in the Note following the amendment of Rule 5(d), the court may wish to permit the parties to retain depositions unless they are to be used in the action. The amendment of the first paragraph permits the court to so order.

The amendment of the second paragraph is clarifying. The purpose of the paragraph is to permit a person who produces materials at a deposition to offer copies for marking and annexation to the deposition. Such copies are a "substitute" for the originals, which are not to be marked and which can thereafter be used or even disposed of by the person who produces them. In the light

of that purpose, the former language of the paragraph had been justly termed "opaque." Wright & Miller, *Federal Practice and Procedure: Civil* §2114.

Notes of Advisory Committee on Rules—1987 Amendment

The amendments are technical. No substantive change is intended.

Effective Date of Amendment Proposed November 20, 1972

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub. L. 93–595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2074 of this title.

Notes of Advisory Committee on Rules—1993 Amendment

*Subdivision (a).* Paragraph (1) retains the first and third sentences from the former subdivision (a) without significant modification. The second and fourth sentences are relocated.

Paragraph (2) collects all provisions bearing on requirements of leave of court to take a deposition.

Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case. Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles. Consideration should ordinarily be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions.

A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court. If these disputes cannot be amicably resolved, the court can be requested to resolve the dispute or permit additional depositions.

Paragraph (2)(B) is new. It requires leave of court if any witness is to be deposed in the action more than once. This requirement does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition. If significant travel costs would be incurred to resume the deposition, the parties should consider the feasibility of conducting the balance of the examination by telephonic means.

Paragraph (2)(C) revises the second sentence of the former subdivision (a) as to when depositions may be taken. Consistent with the changes made in Rule 26(d), providing that formal discovery ordinarily not commence until after the litigants have met and conferred as directed in revised Rule 26(f), the rule requires leave of court or agreement of the parties if a deposition is to be taken before that time (except when a witness is about to leave the country).

*Subdivision (b)*. The primary change in subdivision (b) is that parties will be authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel.

Former subdivision (b)(2) is partly relocated in subdivision (a)(2)(C) of this rule. The latter two sentences of the first paragraph are deleted, in part because they are redundant to Rule 26(g) and in part because Rule 11 no longer applies to discovery requests. The second paragraph of the former subdivision (b)(2), relating to use of depositions at trial where a party was unable to obtain counsel in time for an accelerated deposition, is relocated in Rule 32.

New paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically. A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56. Objections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c).

Paragraph (3) provides that other parties may arrange, at their own expense, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition. The former provisions of this paragraph, relating to the court's power to change the date of a deposition, have been eliminated as redundant in view of Rule 26(c)(2).

Revised paragraph (4) requires that all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards to assure the utility and integrity of recordings taken other than stenographically.

Paragraph (7) is revised to authorize the taking of a deposition not only by telephone but also by other remote electronic means, such as satellite television, when agreed to by the parties or authorized by the court.

*Subdivision (c)*. Minor changes are made in this subdivision to reflect those made in subdivision (b) and to complement the new provisions of subdivision (d)(1), aimed at reducing the number of interruptions during depositions.

In addition, the revision addresses a recurring problem as to whether other potential deponents can attend a deposition. Courts have disagreed, some holding that witnesses should be excluded through invocation of Rule 615 of the evidence rules, and others holding that witnesses may attend unless excluded by an order under Rule 26(c)(5). The revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate; and, if exclusion is

ordered, consideration should be given as to whether the excluded witnesses likewise should be precluded from reading, or being otherwise informed about, the testimony given in the earlier depositions. The revision addresses only the matter of attendance by potential deponents, and does not attempt to resolve issues concerning attendance by others, such as members of the public or press.

*Subdivision (d).* The first sentence of new paragraph (1) provides that any objections during a deposition must be made concisely and in a non-argumentative and non-suggestive manner. Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, *i.e.*, objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Directions to a deponent not to answer a question can be even more disruptive than objections. The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated: to claim a privilege or protection against disclosure (*e.g.*, as work product), to enforce a court directive limiting the scope or length of permissible discovery, or to suspend a deposition to enable presentation of a motion under paragraph (3).

Paragraph (2) is added to this subdivision to dispel any doubts regarding the power of the court by order or local rule to establish limits on the length of depositions. The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

It is anticipated that limits on the length of depositions prescribed by local rules would be presumptive only, subject to modification by the court or by agreement of the parties. Such modifications typically should be discussed by the parties in their meeting under Rule 26(f) and included in the scheduling order required by Rule 16(b). Additional time, moreover, should be allowed under the revised rule when justified under the principles stated in Rule 26(b)(2). To reduce the number of special motions, local rules should ordinarily permit—and indeed encourage—the parties to agree to additional time, as when, during the taking of a deposition, it becomes clear that some additional examination is needed.

Paragraph (3) authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer prohibited by paragraph (1). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition, when that is permitted by the local rule or order.

*Subdivision (e)*. Various changes are made in this subdivision to reduce problems sometimes encountered when depositions are taken stenographically. Reporters frequently have difficulties obtaining signatures—and the return of depositions—from deponents. Under the revision pre-filing review by the deponent is required only if requested before the deposition is completed. If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance. Signature of the deponent will be required only if review is requested and changes are made.

*Subdivision (f)*. Minor changes are made in this subdivision to reflect those made in subdivision (b). In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition. Pursuant to subdivision (f)(2), as under the prior rule, any other party is entitled to secure a copy of the deposition from the officer designated to take the deposition; accordingly, unless ordered or agreed, the officer must retain a copy of the recording or the stenographic notes.

Committee Notes on Rules—2000 Amendment

*Subdivision (d)*. Paragraph (1) has been amended to clarify the terms regarding behavior during depositions. The references to objections "to evidence" and limitations "on evidence" have been removed to avoid disputes about what is "evidence" and whether an objection is to, or a limitation is on, discovery instead. It is intended that the rule apply to any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters.

The current rule places limitations on instructions that a witness not answer only when the instruction is made by a "party." Similar limitations should apply with regard to anyone who might purport to instruct a witness not to answer a question. Accordingly, the rule is amended to apply the limitation to instructions by any person. The amendment is not intended to confer new authority on nonparties to instruct witnesses to refuse to answer deposition questions. The amendment makes it clear that, whatever the legitimacy of giving such instructions, the nonparty is subject to the same limitations as parties.

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances. This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party

to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. Finally, with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

In keeping with the amendment to Rule 26(b)(2), the provision added in 1993 granting authority to adopt a local rule limiting the time permitted for depositions has been removed. The court may enter a case-specific order directing shorter depositions for all depositions in a case or with regard to a specific witness. The court may also order that a deposition be taken for limited periods on several days.

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

Former paragraph (3) has been renumbered (4) but is otherwise unchanged.

*Subdivision (f)(1)*. This subdivision is amended because Rule 5(d) has been amended to direct that discovery materials, including depositions, ordinarily should not be filed. The rule already has provisions directing that the lawyer who arranged for the transcript or recording preserve the deposition. Rule 5(d) provides that, once the deposition is used in the proceeding, the attorney must file it with the court.

"Shall" is replaced by "must" or "may" under the program to conform amended rules to current style conventions when there is no ambiguity.

*GAP Report*. The Advisory Committee recommends deleting the requirement in the published proposed amendments that the deponent consent to extending a deposition beyond one day, and adding an amendment to Rule 30(f)(1) to conform to the published amendment to Rule 5(d) regarding filing of depositions. It also recommends conforming the Committee Note with regard to the deponent veto, and adding material to the Note to provide direction on computation of the durational limitation on depositions, to provide examples of situations in which the parties might agree—or the court order—that a deposition be extended, and to make clear that no new authority to instruct a witness is conferred by the amendment. One minor wording improvement in the Note is also suggested.

Committee Notes on Rules—2007 Amendment

The language of Rule 30 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of who noticed the deposition.

"[O]ther entity" is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries.

http://www.law.cornell.edu/rules/frcp/rule_30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER LINDNER,

                                    Plaintiff

            -against-

COURT SECURITY OFFICER (CSO) NEWELL,
CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO
JOHN DOE #2, 2ND CIRCUIT COURT OF
APPEALS CLERK MARGARET LAIN,
ASSISTANT US MARSHAL (USM) JAMES
HOWARD , USM BRIAN MURPHY, USM BETTY
ANN PASCARELLA,WITNESS SECURITY S.
JONES, CONGRESSIONAL AFFAIRS CHIEF D.
DISRUD, US ATTORNEY PREET BHARARA,
USM JOSEPH R. GUCCIONE,

                                    Defendants

**Civil Action No. 11 cv 08365 (AJN-MHD)**

AFFIRMATION OF SERVICE

Wednesday, November 28, 2012 2:46 PM

**Affirmation Of Service**:

I, Peter W. Lindner, declare that I have served a copy of the attached "Plaintff Request For
Pretrial Conference As Per FRCP 16 And Ability To Add Defendants Who Have Allegedly
Conspired To Tamper With Witnesses Or Informants" dated Nov 28, 2012 upon these people
whose addresses are:

Jennie  Woltz, Esq., an Associate
Kurt Peterson, Esq.  Partner
Littler Mendelson
900 Third Ave, 7th Floor
NYC 10022
Phone: 212-583-2689
Fax: 212-832-2719
Email: jWoltz@littler.com

Preet  Bharara, SDNY US Attorney
Christopher B. Harwood, Assistant US
Attorney (AUSA)
86 Chambers St, 3rd Floor
NY, NY 10007
Phone: 212-637-2728
Fax: 212-637-2786
Email: Christopher.Harwood@usdoj.gov

By: _____   Dated: New York, NY on _____Day of November ,  2012

        Peter Lindner
        Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:         917-207-4962
Email:        nyc10003@nyc.rr.com