UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br>       Plaintiff<br>-against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br>       Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br><u>PLAINTIFF REQUEST FOR PRETRIAL CONFERENCE UNDER ESTOPPEL AND EQUITABLE REMEDIES UNDER THE LAW FOR WRONGS</u> |

Friday, February 01, 2013 3:38 PM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-4-2013

The Honorable USDJ Alison J. Nathan
SDNY
500 Pearl Street
NYC, NY 10007

      Re: **Certified Mail #7012 0470 0000 5406 9144** from USDOJ General
      Counsel's Gerald Auerbach dated Jan 29, 2013
To the Honorable US District Judge Nathan:

  I wish Your Honor to help "arrange" a meeting of the USMS General Counsel's Office, the ADA Bharara, the USMS's vendor's lawyers Littler Mendelson and me to discuss getting the evidence which Littler refuses to allow, and which the US DOJ General Counsel Auerbach insists the US Government requires. Specifically, Mr. Auerbach signed in his own hand "Accordingly, your administrative tort claim in the amended amount of $30,000,000.00 against the United States is denied."

  In other words: it is a "Catch 22" situation, in which the USA Bharara says I must first file an administrative claim against the USMS, and that if I file after the USA and AUSA Harwood advised me of that, the USA will seek to have my Court case thrown out with prejudice. But when I prove that I submitted to the US DOJ and to the USMS such a claim, which the USMS swore under penalty of perjury did not exist, the USMS blithely admitted such a claim did exist and that the USMS did nothing and thus (as I understand the law) could proceed with my suit. But when I ask for the Discovery to commence, Littler claims they and the CSO's are blameless, and convinced the Magistrate Judge to ORDER the discovery stopped, even though FRCP requires it to begin in 90 or 120 days after my filing and serving the case. I can't produce the video tapes, since the USM Howard claims they don't exist, but if they did exist, they would be "secret". And then the DOJ's gentle reminder to the USMS Investigations Unit finally got USMS Gerald Auerbach to write today's letter "Certified Mail #7012 0470 0000 5406 9144 from USDOJ General Counsel's Gerald Auerbach dated Jan 29, 2013" saying: Hey, you idiot, we're trying to help you, but you refuse to produce evidence, so we are denying you the ability to settle this administratively or in Court (I think he used different words, but "Catch 22" is a comic novel of death and killing, so humor is appropriate here, methinks.).

                             1

This, to me, represents that there is a wrong committed, and that the Government is allowing through bureaucratic maneuvers the wrong to not be righted. General Counsel Auerbach could have written his SDNY counterpart and demanded the tapes, but chose not to. The US Marshal could have personally interviewed CSO Muschitiello, but found it convenient not to. Littler could have gotten Akal to suspend both CSO's for not reporting the incident to them and/or lying to the USMS, but their best defense is a good offense. And the Magistrate Judge rather seeks to delay justice than to ensure justice, by violating his oath of office on equal justice to the poor as well as to the rich.

Your Honor, please allow me to summarize. I went to the 2nd Circuit Court of Appeals and was told my IBM appeal was denied for being "late", when I submitted it 3 separate times (the last in person time-stamped the day before / of the deadline), and I informed the 2nd Circuit Court that they should summon the US Marshal, for as surely as if I had jumped over the counter to take a document, someone else had taken my document reporting a possible federal crime to a federal Judge, which is a criminal offense punishable by up to 20 years' imprisonment under 18 USC § 1512(b)(3). The clerks sent 2 CSO's Newell & Muschitiello, whom I (wrongly) presumed were US Marshals. When CSO Newell made a nasty remark to CSO Muschitiello that I couldn't quite hear, I asked CSO Newell to repeat it, and upon his refusal, to give me his name, which he also refused. I then asked CSO Muschitiello to allow us to go in front of said CSO to read his name plate, and CSO Newell took his name plate out of his pocket, held it inches from my eyes in a threatening / unbecoming manner, saying "You want to see my name plate? Here it is," and then hit me in the head with it.

This, Your Honor, is unacceptable in a Court of Law, which I remind you is to promulgate peace in violent situations, rather than inflict violence in peaceful situations.

CSO Newell a few minutes later apologized to me in front of CSO Muschitiello that he was sorry that he did not give me his name. I said "That's **not** what I'm angry about," and CSO Newell said (words to the effect of) "I'm sorry I hit you with my name plate", and I shook hands and/or said thanks. I reported it to the US Marshal, and they "investigated" it and said that CSO Newell denied it (hitting me with his name plate? But perhaps also denied apologizing for it in front of the other CSO). And the USMS refused to confirm that they double-checked with eyewitness, sworn peace officer CSO Muschitiello, and the USMS refused a formal request by my then lawyer Robert Ellenport, Esq. to produce the video tape[1] of that incident, which would confirm my allegations, and subject CSO Newell to a possible felony for lying to a US Marshal.

So, I asked the Court to begin the Discovery part of my jury trial against the USMS and the CSO's. However, the CSO's attorney's filed (and obtained on their 2nd try) an ORDER by the Magistrate Judge that postponed discovery indefinitely, which I feel is and was illegal as violating my right to a speedy trial guaranteed by the US Constitution and by the FRCP on discussing / exchanging / listing ESI (Electronically Stored Information) prior to discovery. I note that videotapes, emails, and electronic notes constitute ESI, and have been the law of the

---

[1] Specifically, in the attached affidavit (Attachment 2) of Robert S. Ellenport, Esq. of NY/ NJ Bar, wrote in ¶7:

> " 7. Marshal Howard then stated that he wanted to address various items and complaints that Lindner had raised. He first stated that based upon his review there were no videos of the assault and intimidation of which Lindner had complained in his letter to the Court of Appeals Clerk of August 24, 2010."

2

land as issued by the US Supreme Court in December 2006's revision of the FRCP's (16 and 32).[2] In other words, I suggest my rights are being violated since more than 120 days have passed and the " Pretrial Conferences; Scheduling " have not been issued. And now in the letter[3] of Jan 29, 2013, General Counsel Auerbach says "we have no record, nor have you provided any evidence to substantiate, that you suffered any ... injury ... or that such injury was caused by a USMS employee." I take "employee" to include "employees, subcontracted employees, vendors, sworn private citizens as deputy marshals, etc."

General Counsel Auerbach told me today on the phone after unsuccessfully trying to pawn me off to an underling, even though he signed the letter, and confirmed that he read it prior to signing it, that he (Auerbach) would call the AUSA Harwood to arrange a meeting. Auerbach, however, refused to make a 3-way call on that so that it would be done immediately (which, by the way, is how things work in the private sector: you don't "promise" you'll contact the other

---

[2] FRCP 16 says "The judge must issue the scheduling order as soon as practicable, but in any event within ... 120 days "

### " Rule 16. Pretrial Conferences; Scheduling; Management

(a) Purposes of a Pretrial Conference. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
    (1) expediting disposition of the action;
    (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
    (3) discouraging wasteful pretrial activities;
    (4) improving the quality of the trial through more thorough preparation; and
    (5) facilitating settlement.
(b) Scheduling.
    (1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge— or a magistrate judge when authorized by local rule—must issue a scheduling order:
        (A) after receiving the parties' report under Rule 26(f); or
        (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.

    (2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared."

FRCP 32 says:
### " Rule 32. Using Depositions in Court Proceedings
(a) Using Depositions.
    (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
        (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
        (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
        (C) the use is allowed by Rule 32(a)(2) through (8).
    (2) *Impeachment and Other Uses.* Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence. "[...]
http://www.law.cornell.edu/rules/frcp/rule_32

[3] See Attachment 1

3

party who was obstructionist to meeting, and ask said party to meet with me, and not even keep me apprised of the events, but rather, the 3 parties would talk immediately on the phone or leave a joint voicemail message.  However, maybe that's "not' the US Government way, or the USMS way.  I don't believe that, though.  In law enforcement, one acts quickly, or in a calculated way, act slowly so as to leave the perception of action while doing nothing.)  I hope I'm mistaken, but AUSA Harwood would not even meet me privately so that I could produce a CI (Confidential Informant) whose life / liberty /safety / money was threatened in order to "frame" me with perjured information / evidence.

This is simple to remedy by Your Honor:

**I ask that all the parties meet, and that Mr. Auerbach flatly request the USMS at SDNY to inventory the videotapes related to my complaint, and certify which of them are applicable, and which have been destroyed (and why), and to release the "investigation" file that contains the CSO's denials, reminding them that tampering with evidence is a federal offense, and misleading or lying to a federal Law Enforcement Officer is a felony.  Parts of the testimony may require some of the defendants to not be present for the safety of the CI, who shall be there, too, for her story (told to me under the strictest of confidences by her) shows that persons unknown tried to bribe the CI to say I was threatening USDJ Sullivan of the IBM case, and later that (ostensibly) the CI was asked to plant child porn in my apartment / computer.**

Otherwise:  Mr. Bharara will blithely say that he's too important to attend to corruption in his office, and Mr. Harwood will again refuse to meet in person, and Littler will try to postpone this meeting, and Mr. Auerbach will conclude that I did not bother to try to get the evidence.

I thus request an ORDER that within 14 days by Monday, Feb 18, 2013 the aforementioned parties meet in the SDNY Court House with a stenographer supplied by the US Government, and under oath, each party explain the disposition of the video tapes, the inventory of them, their investigation and their testimony, which can and will be held against them in a criminal proceeding (a la Miranda rights).  The session shall have at least 1 hour for each participant (for the named defendants), and for the attorneys representing them, unless all parties agree that less time is needed.  And that should said meeting not occur, then Your Honor will arrange for Court personnel to arrest and bring to the meeting any person who is late or missing.

Humbly and sincerely,

By: _____  Dated: New York, NY the ___1ST___ Day of February , 2013
Peter Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:              917-207-4962
Email:           nyc10003@nyc.rr.com

Sworn to before me

This 1ST Day of February, 2013

_____
Notary Public
NYC, NY

JOHN POPESCU
Notary Public - State of New York
NO. 01PO6142750
Qualified in Bronx County
My Commission Expires 03/20/14

4

cc: via fax, email and/or USPS:
The Honorable USDJ Alison J. Nathan
SDNY
500 Pearl Street
NYC, NY 10007
NathanNYSDChambers@nysd.uscourts.gov
Courtroom: 23B
Chambers Phone: (212) 805-0278
Deputy Phone:     (212) 805-0142

Gerald M. Auerbach, General Counsel
U.S. Marshals Service
2604 Jefferson Davis Highway
Alexandria, VA 22301
Voice: 202-307-9054
Fax:     703-308-0058
Email: gauerbach@usms.doj.gov

Preet Bharara
US Attorney, SDNY
Christopher B. Harwood, Assistant US Attorney (AUSA)
86 Chambers St, 3rd Floor
NY, NY 10007
Phone: 212-637-2728
Fax: 212-637-2786
Email: Christopher.Harwood@usdoj.gov

Eric A. Johnson, Special Agent in Charge
Investigations Division
U.S. Department of Justice
Office of the Inspector General

Assistant Inspector General for Investigations
1425 New York Avenue, N.W.,
Suite 7100
Washington, D.C. 20530-2001
Voice  202-616-4760
Fax 202-616-9881
oig.hotline@usdoj.gov

Janice Tate
202-307-9287
Asst to USMS General Counsel Auerbach, Esq.
Janice.tate@usdoj.gov

Office of Inspection 202 307-9155
Sharon Duncan, Asst Chief Inspector
Fax: 202-307-9268 O.of I. is in charge of the US Marshal's for  civil misconduct complaints; Wednesday, December 28, 2011 2:21 PM
Email:   internal.affairs@usdoj.gov

Jennie Woltz, Esq., an Associate
Kurt Peterson, Esq.  Partner
Littler Mendelson
900 Third Ave, 7th Floor
NYC 10022
Phone: 212-583-2689
Fax: 212-832-2719
Email: jWoltz@littler.com

**Attachment 1: Scan of Certified Mail #7012 0470 0000 5406 9144 from USDOJ General Counsel's Gerald Auerbach dated Jan 29, 2013**



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

*2604 Jefferson Davis Highway*

*Alexandria, VA 22301*

JAN 2 9 2013

CERTIFIED MAIL #    7012 0470 0000 5406 9144

Peter Lindner
One Irving Place, #G-23-C
New York, New York 10003

Re: Administrative Tort Claim

Dear Mr. Lindner:

This responds to the administrative tort claim, dated July 16, 2012, you filed with the U.S. Marshals Service (USMS) in the amount of $3,500,000.00. Via e-mail on October 4, 2012, you notified this office that you amended your claim, in the amount of $30,000,000.00. You allege (1) "tampering/hindering with communications to a federal judge"; (2) physical intimidation by Court Security Officer "Newell" who allegedly hit you with his badge; and (3) that two unspecified government men approached your friend and asked "for his/her perjury to frame [you]." These events are alleged to have occurred on an unspecified date in August 2010.

The applicable provisions of the Federal Tort Claims Act (FTCA) [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government while acting within the scope of his or her employment.

Our review of the circumstances surrounding your statements giving rise to your claim discloses no evidence of negligence or wrongdoing on the part of any USMS employee. Specifically, we have no record, nor have you provided any evidence to substantiate, that you suffered any compensable injury under the FTCA, or that such injury was caused by a USMS employee. Additionally, on July 18, 2012, this office sent you a letter, requesting certain information and documentation required to substantiate your claim, to include reports of physicians and medical documentation, itemized bills and proof of USMS involvement as well as evidence to support any compensable damages under the FTCA. We never received the requested documentation. Thus, you have failed to substantiate your claim within the six months allowed to the Government to adjudicate the claim.

Finally, to the extent that you allege that CSO Newell hit you with his badge, CSOs are government contract employees, not USMS employees. Accordingly, the United States is not liable under the Federal Tort Claims Act for acts of independent contractors. See 28 U.S.C. § 2671 and Logue v. United States, 412 U.S. 521 (1973).

Accordingly, your administrative tort claim in the amended amount of $30,000,000.00 against the United States is denied. If you are dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial.

Sincerely,

Gerald M. Auerbach
General Counsel

**Attachment 2: PDF of December 13, 2012 by Robert Ellenport, Esq. on lack of videotape purported by USMS**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER, ) | |
| PLAINTIFF, ) | CIVIL NO. 11-CV-8365(AJN-MHD) |
| v. ) | CERTIFICATION OF ATTORNEY |
| NEWELL, ET AL., ) | ROBERT S. ELLENPORT |
| DEFENDANTS. ) | |
| ) | |

ROBERT S. ELLENPORT, being of full age, certifies and says as follows:

1. I am an attorney admitted to practice in the States of New Jersey and New York as well as in the Federal Court for the Southern District of New York. I make this Certification upon personal knowledge and at the request of Peter Lindner, Plaintiff in this matter ("Lindner").

2. In late August 2010 through September 2010, Lindner, who had been a prior client of mine in matters other than the instant lawsuit, telephoned me on various occasions to discuss that on August 20, 2010 he was hit by a court official and felt intimidated when he had gone to the Clerk's Office of the Second Circuit Court of Appeals in the U.S. Courthouse at Foley Square. He informed me that he had filed a letter of complaint with the Clerk's Office and that his letter had been referred to the U.S. Marshal. Lindner further stated that since he had no reply from the U.S. Marshal to his letter to the Clerk that he had written a letter directly to the U.S. Marshal setting forth his complaint and requesting that any videotapes of the incident be preserved.

8

3.   In late September 2010, Lindner telephoned me and requested that I represent him only with regard to his dealings with the U.S. Marshals concerning his complaint about being hit and intimidated as well as his dealings with building and court security personnel when he was at the U.S. Courthouse. I agreed to so represent him and was retained by Lindner in late September 2010.

4.   In conjunction with my retention as Lindner's counsel, Lindner informed me that at the request of U.S. Marshal James Howard a meeting with Lindner had been arranged for late afternoon on Wednesday, September 29, 2010 at the U.S. Courthouse.

5.   I attended the September 29th meeting with Lindner. According to my notes and recollection of the meeting, also in attendance were U.S. Marshals James Howard, Murphy and Paul Brunhuber.

6.   The September 29th meeting began with my advising Marshal Howard that I would speak on behalf of Lindner and that all communications should be directed to him through me. Marshal Howard agreed and stated that he would be the contact person for the U.S. Marshal Service and all communications that Lindner wished to make should be directed to him.

7.   Marshal Howard then stated that he wanted to address various items and complaints that Lindner had raised. He first stated that based upon his review there were no videos of the assault and intimidation of which Lindner had complained in his letter to the Court of Appeals Clerk of August 24, 2010. Marshal Howard further stated that Mr. Newell was not a U.S. Marshal but a Court Security Officer ("CSO"). Marshal Howard went on to state that no formal complaint file had been created as the preliminary investigation showed no evidence confirming Lindner's version of events. I then asked Marshal Howard to review Lindner's initial letter of complaint and interview the participants mentioned by Lindner and further investigate Lindner's complaint. Marshal Howard said that he would review the procedures involving CSOs. Marshal Howard then stated that in the future when Mr. Lindner entered the U.S. Courthouse, Lindner could give prior notice to Marshal Howard so as to lessen Lindner's direct dealings with CSO employees.

8.     I then asked Marshal Howard if he had investigated Lindner's initial complaint of a delay in his legal papers reaching the Court of Appeals Clerk's Office, which was the purpose of Lindner's visit on August 20th, 2010.  Marshal Howard stated he was unaware of any delay and that he would investigate this complaint.  I also mentioned that Lindner's complaints to U.S. Marshals had improperly been turned over to non-law enforcement agency personnel.  Marshal Howard stated that such action would be improper and asked me to provide him with information regarding such a situation, which I did by e-mail on Monday, October 4, 2010.

9.    To date, I have not received information from Marshal Howard or anyone else from the U.S. Marshal Office with regard to the results of further investigation of Lindner's complaint of being assaulted and intimidated at the U.S. Courthouse on August 20, 2010 or of the delay in his legal papers being delivered to the Court of Appeals Clerk's Office.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  December 13, 2012         _____
                                                         ROBERT S. ELLENPORT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br><br>                                          Plaintiff<br>         -against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br>                                           Defendants | **Civil Action No. 11 cv 08365 (AJN-MHD)**<br><br>AFFIRMATION OF SERVICE |

Friday, February 01, 2013 3:38 PM

**Affirmation Of Service**:
I, Peter W. Lindner, declare that I have served a copy of the attached "Plaintiff Request For Pretrial Conference Under Estoppel And Equitable Remedies Under The Law For Wrongs " dated Feb 1, 2013 upon these people whose addresses are:

The Honorable USDJ Alison J. Nathan
SDNY
500 Pearl Street
NYC, NY 10007
NathanNYSDChambers@nysd.uscourts.gov
Courtroom: 23B
Chambers Phone: (212) 805-0278
Deputy Phone:     (212) 805-0142

Gerald M. Auerbach, General Counsel
U.S. Marshals Service
2604 Jefferson Davis Highway
Alexandria, VA 22301
Voice: 202-307-9054
Fax:    703-308-0058
Email: gauerbach@usms.doj.gov

Preet Bharara
US Attorney, SDNY
Christopher B. Harwood, Assistant US Attorney (AUSA)
86 Chambers St, 3rd Floor
NY, NY 10007
Phone: 212-637-2728
Fax: 212-637-2786

11

Email: Christopher.Harwood@usdoj.gov

Eric A. Johnson, Special Agent in Charge
Investigations Division
U.S. Department of Justice
Office of the Inspector General
Assistant Inspector General for Investigations
1425 New York Avenue, N.W.,
Suite 7100
Washington, D.C. 20530-2001
Voice  202-616-4760
Fax 202-616-9881
oig.hotline@usdoj.gov

Janice Tate
202-307-9287
Asst to USMS General Counsel Auerbach, Esq.
Janice.tate@usdoj.gov

Office of Inspection 202 307-9155
Sharon Duncan, Asst Chief Inspector
Fax: 202-307-9268 O.of I. is in charge of the US Marshal's for  civil misconduct complaints;
Wednesday, December 28, 2011 2:21 PM
Email:   internal.affairs@usdoj.gov

Jennie Woltz, Esq., an Associate
Kurt Peterson, Esq.  Partner
Littler Mendelson
900 Third Ave, 7th Floor
NYC 10022
Phone: 212-583-2689
Fax: 212-832-2719
Email: jWoltz@littler.com

By: _____   Dated: New York, NY on __1st__ Day of February , 2013

      Peter Lindner
      Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:      212-979-9647
Cell:                  917-207-4962
Email:              nyc10003@nyc.rr.com





Peter W. Lindner
Apt. G-23-C
1 Irving Place
NYC, NY 10003

SDNY Pro Se Office
500 Pearl Street, Room 230
NYC, NY 10007

SAT 02 FEB 2013 08:43 PM

RECEIVED FEB - 4 2013 PRO SE OFFICE

USM SDNY