UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LINDNER,<br><br>                                       Plaintiff<br><br>      -against-<br><br>COURT SECURITY OFFICER (CSO) NEWELL, CSO MUSCHITIELLO, CSO JOHN DOE #1, CSO JOHN DOE #2, 2ND CIRCUIT COURT OF APPEALS CLERK MARGARET LAIN, ASSISTANT US MARSHAL (USM) JAMES HOWARD , USM BRIAN MURPHY, USM BETTY ANN PASCARELLA,WITNESS SECURITY S. JONES, CONGRESSIONAL AFFAIRS CHIEF D. DISRUD, US ATTORNEY PREET BHARARA, USM JOSEPH R. GUCCIONE,<br><br>                       Defendants | Civil Action No. 11 cv 08365 (AJN-MHD)<br><br>MOTION TO RECONSIDER AND PLAINTIFF RESPONSE TO AUSA COVERUP AND VIOLATION OF NY STATE LAW ON INTENT TO DECEIVE THE COURT, ATTACHMENTS OF SWORN NOTARIZED SIGNATURE OF PLAINTIFF |

~~Was: Thursday, March 28, 2013 11:20 AM~~
~~Is: Tuesday, April 09, 2013 11:00 PM~~
~~Was: Thursday, March 28, 2013 11:20 AM~~
~~Is: Tuesday, April 09, 2013 11:00 PM~~
Is: Friday, April 12, 2013 4:04 PM

**To USDJ Nathan**:.................................................................................................................. 1
**Attachment 1:  Document 87 of AUSA Harwood saying case should be dismissed** .................... 2
**Attachment 2: NY Judiciary §487 on "intent to deceive" any Court in NY State**...................... 6
    **Auerbach's First Declaration (inconsistent with Third Declaration):** ...................................... 7
    **Auerbach's Third Declaration (inconsistent with First Declaration under penalty of perjury):**........................................................................................................................ 8
    **Proof of USMS Getting Complaint in 2010** ........................................................................ 9
**Attachment 3: Formal notice to US Attorney Preet Bharara that Auerbach may be violating perjury laws and NY Judiciary §487 on "intent to deceive" any Court in NY State** ................ 15

**To USDJ Nathan**:

Here are the attachments to Document 95, as requested by Pacer staff 4/12/2013.
Humbly and sincerely,

By: ___/s/ Peter Lindner_____   Dated: New York, NY the 12th Day of April , 2013
        Peter Lindner
        Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:        917-207-4962
Email:      nyc10003@nyc.rr.com

**Attachment 1:  Document 87 of AUSA Harwood saying case should be dismissed**

AUSA Harwood also says with intent to deceive Your Honor , a criminal misdemeanor under NY Judiciary §487 on "intent to deceive" any Court in NY State, that I have a "premature FTCA claim", when in fact USMS General Counsel Auerbach went against his previous sworn document that I had not filed a FTCA claim and then recanted.  Thus, my claim could not be "premature", since I waited more than 6 (or 12) months before filing this instant case (11 cv 8365 *Lindner v. CSO Newell, et al.*).

> by the USMS.  *See* Dkt. 86 at 6-7 (USMS letter).  Plaintiff submitted his July 16, 2012 administrative tort claim after he filed this lawsuit, in an apparent attempt to cure his failure to submit an administrative tort claim prior to filing suit.[1]  However, filing an administrative tort claim after suit has been brought cannot cure a premature FTCA claim.  *See* Dkt. 56 at 5-6 (citing cases).  Accordingly, the USMS's recent denial of Plaintiff's post-lawsuit administrative tort claim has no effect on the Federal Defendants' prior showing that Plaintiff's FTCA claim should be dismissed.[2]

> [pp. 1-2, Ibid.]

However, Document 62 filed by Harwood admits that I filed an FTCA claim with DOJ which was forwarded to the USMS on Sep 30, 2010 and Nov 3, 2010.

> [1] I have confirmed that:  (1) the USMS's Office of Inspection received two complaint letters from Plaintiff; and as a result of those letters (2) the Office of Inspection opened investigations on September 30, 2010, and November 3, 2010.  However, neither
> [footnote on page 1 of " Document 62 Filed Sep 25 2012 by US Atty Harwood that now reveals Lindner filed in Sep2010.pdf"]

Thus, Harwood as an Officer of the Court has attempted to deceive this Court in violation of NY Judiciary §487 on "intent to deceive" any Court in NY State, which is a criminal misdemeanor, by saying I only filed on July 16, 2012, misrepresenting that I filed on Sep 30, 2010.

I seek therefore a finding of "intent to deceive" so that I may collect treble damages under a separate civil suit.

Here's the text of Document 87  Feb 7, 2013 of AUSA Harwood saying case should be dismissed :



U.S. Department of Justice

United States Attorney
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 0 7 2013

86 Chambers Street, 3rd floor
New York, New York 10007

February 7, 2013

**BY EMAIL:  NathanNYSDChambers@nysd.uscourts.gov**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
           11 Civ. 8365 (AJN) (MHD)

Dear Judge Nathan:

    This Office represents the Federal Defendants in the above-referenced lawsuit, in which Plaintiff is pursuing *pro se* claims under the Federal Tort Claims Act ("FTCA") and *Bivens*.  All defendants (the Federal Defendants and the CSO Defendants) have moved to dismiss the complaint, and briefing on their motions was completed in September 2012.  We write respectfully in response to Plaintiff's February 4, 2013 submission (Dkt. 86), in which he seeks an order requiring the parties to meet to address various discovery-related issues.  We respectfully submit that such a meeting is unnecessary and inappropriate given the posture of this case.  Indeed, Plaintiff's previous requests to pursue discovery prior to the resolution of the parties' fully-dispositive motions to dismiss have been denied.  *See* Dkts. 44, 84.

    Plaintiff's request for a meeting seemingly was prompted by a letter he received from the United States Marshals Service ("USMS") dated January 29, 2013, by which the USMS denied his administrative tort claim dated July 16, 2012, because he had failed to substantiate that he had suffered a compensable injury under the FTCA that was caused by the USMS.  *See* Dkt. 86 at 6-7 (USMS letter).  Plaintiff submitted his July 16, 2012 administrative tort claim after he filed this lawsuit, in an apparent attempt to cure his failure to submit an administrative tort claim prior to filing suit.[1]  However, filing an

---

    [1] Before filing suit, Plaintiff submitted complaints regarding the alleged assault involving CSO Newell to various government agencies, including the USMS.  But as the Federal Defendants have previously explained, those complaints do not qualify as an administrative tort claim sufficient to satisfy the FTCA's exhaustion requirement.  *See* Dkt. 56 (Federal Defendants' Reply Brief) at 2-5; Fed. Defs.' 10/12/12 Ltr. at 1-2.

Page 2

administrative tort claim after suit has been brought cannot cure a premature FTCA claim. *See* Dkt. 56 at 5-6 (citing cases). Accordingly, the USMS's recent denial of Plaintiff's post-lawsuit administrative tort claim has no effect on the Federal Defendants' prior showing that Plaintiff's FTCA claim should be dismissed.[2]

With respect to Plaintiff's allegation of potentially criminal conduct involving a confidential informant (which appears to have nothing to do with the conduct at issue in this case), we previously sent Plaintiff information about how to report a crime to this Office.

We respectfully request that this letter be docketed. Thank you for your consideration.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2728
Facsimile:  (212) 637-2786

cc:     ***BY EMAIL and FIRST CLASS MAIL (nyc10003@nyc.rr.com)***
        Peter Lindner, *pro se* Plaintiff
        1 Irving Place, Apt. G-23-C
        New York, NY 10003

        ***BY EMAIL (jwoltz@littler.com)***
        Jennie D. Woltz, Esq., counsel to the CSO Defendants

---

[2] In light of the USMS's recent denial of Plaintiff's administrative tort claim, Plaintiff could now file a new lawsuit in federal district court raising this claim. However, it appears that doing so would be futile. Among other things, the alleged assault involving CSO Newell appears to have been committed by a "government contract employee[], not [a] USMS employee[]," and "the United States is not liable under the Federal Tort Claims Act for acts of independent contractors." Dkt. 86 at 7; *see* 28 U.S.C. § 2671; *Logue v. United States*, 412 U.S. 521, 527-30 (1973) (discussing the factors relevant to whether the contractor exception to the FTCA applies).

**Attachment 2: NY Judiciary §487 on "intent to deceive" any Court in NY State**

I note that this law sets a higher standard than perjury for Officers of the Court, by making even an unsuccessful attempt to deceive the Court a criminal misdemeanor (not a civil one).  The penalty then is treble damages, recoverable in a separate civil suit, and the lawyer can get disbarred.

This is one of the oldest laws (from medieval England) and is virtually identical, and has been established in NY in the 1800's and revised as late as the 1980's / 1990's in NY State.

## "N.Y. JUD. LAW § 487 : NY Code - Section 487: Misconduct by attorneys

An attorney or counselor who:
   1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
   2. Wilfully delays his client's suit with a view to his own gain;  or, wilfully  receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
   Is guilty of a misdemeanor, and in addition to the punishment prescribed  therefor  by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."

http://codes.lp.findlaw.com/nycode/JUD/15/487

In 11 cv 8365 *Lindner v. CSO Newell, et al.*, AUSA Harwood was not acting as a witness, but rather as an attorney when the US Attorney informed the Court on Feb 7, 2017 that I filed my administrative claim on July 16, 2012, when in fact it was established by USMS General Counsel Auerbach (who initially claimed no prior claims by me) later "found" my claims of Sep 2010.  So, Harwood was acting as an attorney, and not as a witness; this is important under which says:

" In *People v. Canale*, 240 A.D.2d 839, 658 N.Y.S.2d 715 (3d Dept. 1997), the Third Department affirmed dismissal of a indictment of an attorney in violation of Judiciary Law § 487.  In so doing, the Court stated:
'...we are persuaded that criminal actions brought against an attorney under *Judiciary Law § 487* should be limited to situations where an attorney was acting as an advocate representing a client and not as a witness.' … "

http://newsandinsight.thomsonreuters.com/New_York/Insight/2012/02_-_February/Judiciary_Law_%C2%A7_487_%E2%80%93_Increase_in_claims_asserted_and_dismissed/

This article in "Thomson Reuters" concludes that the attorney must be a representing attorney, which USA Harwood is:

   " LESSONS LEARNED

   Judiciary Law § 487 is not a panacea for complaints about lawyer (mis)conduct.  And Section 487 is not available as a vehicle to resolve fee disputes or malpractice claims.

Instead, a Section 487 claim is viable only when an attorney, acting in such capacity in a lawsuit, is chargeable with intentional collusion or deceit in the action in which s/he appeared as counsel.

Invocation of Section 487 for tactical, retaliatory or diversionary reasons is, in all likelihood, doomed to failure. "
[Ibid.]

I further note that USMS General Counsel Gerald Auerbach is (or may be) a "witness", by not representing clients (although a case could be made that he was representing the USMS and thus was more than just a "witness" but an attorney acting for the USMS to The Court and to USA Harwood).  However, his statement that I filed no claims prior to July2012, when his office had records filed under my last name Lindner filed in Sep2010, and thus timely prior to my filing suit in 11 cv 8365 *Lindner v. CSO Newell, et al.* (the 11 means filed in 2011), Auerbach wrote that his statement was true "under the penalty of perjury."  Also (and maybe not incidentally), it was signed as the "General Counsel" of the USMS.  This to me indicates that Auerbach is representing himself as the Attorney for the Organization of the USMS, and thus does not need a notary, since his title of attorney allows his Honor and ABA certification to be reliable in and of itself – it is that reliability upon which the Court depends, and upon which NY Judiciary §487 on "intent to deceive" any Court in NY State also depends.  This would be different if, for instance, Auerbach were a witness in a court room, since General Counsel Auerbach is representing the USMS to the US Attorney's Office.  As noted in the main section of this brief (page **Error! Bookmark not defined.** , section " **Error! Reference source not found.** "), Auerbach wrote such a declaration twice, and then a third time Auerbach recanted said declaration saying that my Sep2010 filing was found.

### Auerbach's First Declaration (inconsistent with Third Declaration):



5.  The review of the FTCA claim records did not reveal any FTCA claims presented to the United States Marshals Service by plaintiff arising out of the incident described in the complaint.

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Gerald M. Auerbach
General Counsel
United States Marshals Service
Arlington, Virginia 22202
(202) 307-9054

Executed on: _6 / 27 / _, 2012

**Figure 1 Document 40 DECLARATION of Gerald Auerbach  16Jul2012.pdf**

However, I filed a sworn counter affidavit that I did send a complaint to the USMS:

to the United States Marshal Service", when I did submit a complaint with date, time, location, person on "Wednesday, September 22, 2010 8:51 PM " to:

US Marshals Service

Office of Inspection

Washington, DC 20530

[...]

45) For the above reasons and in the interest of Justice and Due Process (both of which are Constitutional reasons for my suit), I humbly request that the parties, Mr. Auerbach shall be present via encrypted videoconference call, which I am fairly sure the DOJ has.

**Sworn and notarized**

By: _____   6:43pm   Dated: New York, NY on ___247th___, September ____, 2012

Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:    212-979-9647
Cell:          917-207-4962
Email:        nyc10003@nyc.rr.com

Sworn to before me

This 24th Day of September, 2012

Notary Public
NYC, NY

JONATHAN A. HENRY
Notary Public, State of New York
No. 01HE6260711
Qualified in New York County
Commission Expires April 30, 2016

In filing #62 (Sep 25, 2012), AUSA Harwood admits that the "USMS's Office of Inspection received two complaint letters from the plaintiff; and as a result of those letters (2) the Office of Inspection opened investigations on September 30, 20101 and November 3, 2010":

The Federal Defendants' motion to dismiss is now fully briefed. Accordingly, absent a request from the Court, the Federal Defendants do not plan to respond to any further unauthorized filings by Plaintiff.

_____

[1] I have confirmed that: (1) the USMS's Office of Inspection received two complaint letters from Plaintiff; and as a result of those letters (2) the Office of Inspection opened investigations on September 30, 2010, and November 3, 2010. However, neither of Plaintiff's complaint letters was treated as an FTCA claim, which was entirely appropriate. Based on Plaintiff's own allegations, the letters lacked information sufficient to put the USMS on notice that Plaintiff was pursuing a tort claim against it, including "a claim for money damages in a sum certain." *See* 28 C.F.R. § 14.2(a).

**Figure 2 Document 62 Filed Sep 25 2012 by US Atty Harwood that now reveals Lindner filed in Sep2010.pdf**

## Auerbach's Third Declaration (inconsistent with First Declaration under penalty of perjury):

Here is Auerbach's 3rd declaration that my claim was submitted in 2010. :

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PETER LINDNER,                          )
      PLAINTIFF,                   )
                    )
v.                                      )
                    )      CIVIL NO. 11-CV-8365
NEWELL, ET AL.,                         )
      DEFENDANTS.                   )
_____

**THIRD DECLARATION OF GERALD M. AUERBACH**

I, Gerald M. Auerbach, declare the following to be true and correct:

    1.  I am the General Counsel for the United States Marshals Service, Department of Justice, Arlington, Virginia and am responsible for overseeing the administrative tort claims received by this office.  I submit this declaration in further support of a pending motion to dismiss the above-referenced lawsuit.

    2.  This office is the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to the United States Marshals Service under the Federal Tort Claims Act (FTCA).   All such claims are forwarded to the Office of General Counsel for disposition.

[…]

    5.  On September 24, 2012, my office (the Office of General Counsel) learned that the Office of Inspection had received two complaints from plaintiff Peter Lindner.  The first led to a case (#10-0519) being opened on September 30, 2010.  This case was closed on October 20, 2010.  The second led to a case (#11-0056-I) being opened and closed on November 3, 2010.

**Figure 3 blandly labeled "10.12.12 Declaration.pdf"**

---

## Proof of USMS Getting Complaint in 2010

This is followed by Exhibit A (page 3 of 21) showing I filed against CSO Newell.  Please note that the USMS address has a check mark (✓) indicating that this copy/original went to them on Wed, Sep 22, 2010 at 8:51pm, which is more than 6 (or 12) months before I filed suit in Federal Court as 11 cv 8365 *Lindner v. CSO Newell, et al.*, contrary to what USA Harwood alleges.

Wednesday, September 22, 2010 8:51 PM

**To the 3 agencies: Admin, USM, FBI:**

1) Administrative Office of the US Courts
   One Columbus Circle NE
   Washington, DC 20544

2) US Marshals Service
   Office of Inspection
   Washington, DC 20530

3) FBI
   Criminal Investigative Division
   Washington, DC 20535-0002

Sirs:

I was referred by the US DOJ (address below and 9/13/2010 letter attached) to your 3 agencies.

> US Department of Justice
> Office of the Inspector General
> Investigations Division
> 1425 New York Ave NW, Suite 7100
> Washington, DC 20530

I had a problem that has been ongoing, and the DOJ letter refers to my letter of 8/13/2010, which I can't find. However, in the meantime there has been a new development, of me being assaulted on Friday, August 20th, 2010 by the Court Security Officer Newel in front of the Clerk's Office for the Second Circuit Court of Appeals .

**I hereby file my complaint to you about an Assault and Battery and intimidation** by (CSO) Court Security Officer Newel in front of the 2nd Circuit Court of Appeals, between 3:30pm and 5:15pm on Friday Aug 20, 2010 on the 3rd floor of 500 Pearl St., while I was reporting a series of mail delayed to the 2nd Circuit. I have proof of envelopes stamped USM and SDNY when the address shows the letter was address to the 2nd Circuit. I have been unable so far to file / report a criminal complaint done by a powerful person. I had also called the US Attorney civilian criminal complaint line the day after the incident, and have not been called back.

Figure 4  page 4 of 21 "Exhibit A" of "10.12.12 Declaration.pdf"

Under the principle of Estoppel the US Attorney should be estopped from saying I did not file an administrative claim, since I also tried to **hand deliver** the complaint to the US Attorney, who refused to take said letter. This is included in Auerbach's 3rd Declaration (p. 6 of 21):

## Attachment 2: 8 page letter returned to me by SDNY US Attorney

Friday, September 10, 2010 6:55 AM
Via Hand-Carried

To the New York US Attorney:

## Summary of key Crime

I hereby file my complaint to you about an Assault and Battery and intimidation by (CSO) Court Security Officer Newel in front of the 2nd Circuit Court of Appeals, between 3:30pm and 5:15pm on Friday Aug 20, 2010 on the 3rd floor of 500 Pearl St., while I was reporting a series of mail delayed to the 2nd Circuit. I have proof of envelopes stamped USM and SDNY when the address shows the letter was address to the 2nd Circuit. I have been unable so far to file / report a criminal complaint done by a powerful person. I had also called the US Attorney civilian criminal complaint line the day after the incident, and have not been called back.

I am trying to finish this letter quickly, since it is 8:30 am and have to give this to the hand courier before he/she leaves.

I attach copies of some photos which show (although blurry) that the documents addressed to the 2nd Circuit were (first) intercepted and stamped by the SDNY (Southern District of NY). I swear this is true to the best of my knowledge and ability, and can get this notarized.

## History

Moreover, this is a string of events, where my communications to a federal judge about possible federal crimes were (knowingly) delayed, in violation of 18 USC 1512(b)(3) in the summer of 2009. However, with the physical assault in August 2010, I believe this moves the crime to 18 USC 1512(a), which means from 20 to 30 years of maximum imprisonment for each of the parties who engaged. The possible federal crimes included witness tampering by IBM in June 2009, and the federal Judge was SDNY Chief Judge Preska in July-August-September 2009; and now the Judges are also the 2nd Circuit in June-August 2010. I have actual letters (which can be tested for contact DNA and fingerprints) and photos of them. There may be video tapes of the Newell (Newel?) incident, and eyewitness including CSO Muschitello, which I hope will not be tampered with. Also, CSO Newel reported (circa 8/26/2010) to USM Betty Ann Pascarella that he (CSO Newell) did not make physical contact with me, which I think is now also a federal crime to mislead a USM. Additionally, ORDER #130 by USDJ Sullivan in 06cv4751 (first page attached below) is an attempt to intimidate, influence, delay or hinder me from reporting to the federal Law Enforcement Officer known as the US Marshal a possible federal crime of witness tampering by IBM, which I pointed out the next day to USDJ Sullivan was in and of itself a crime by him to do so knowingly – yet the ORDER was not lifted for several months.

Figure 5 Letter to be hand delivered to US Attorney, but US Attorney refused to accept it

Moreover, the FTCA does **not** require a specific form:  " Claimants **may** use form SF-95 to file a claim under the FTCA".[1]  Since USMS (and Auerbach  in particular) was " unable to verify the date they received the claim " via the wrong declarations #1 & #2 of Auerbach, the USMS "may be liable for claims that fail to meet the statute of limitation requirements "

> "An agency may be liable for claims that fail to meet the statute of limitation requirements if that agency is unable to verify the date they received the claim."

We have established that the USMS has failed to verify the date(s) of my claim, and then misrepresented that to The Court (in Declarations 1 & 2 of Auerbach).  But now the burden is upon the US Attorney and the USMS to respond to every allegation:

> " **Respond to Every Allegation**.  The TCR must address all allegations made by the claimant.  The administrative report must  address and respond to every allegation made in the administrative claim, even if the allegation appears to be irrelevant.  Administrative claims may vary a great deal in length.  Form SF-95 may contain only two lines while other claims have 10 page attachments.   The information regarding the allegation must be sufficient for OGC to reach a determination. "

---

[1]  [**emphasis** added, p.9, " Policies and Procedures, … Tort Claims Administration ", 1/25/1999. I could only find the US Dept of Agriculture, but it surely is similar or identical for the other US agencies / Departments]

Additionally, the agency (USMS and US Attorney) are liable if they do not keep records:

**"8. Procedures For Handling Administrative Claims**

**Date Stamp**

All REE offices which receive a claim for money damages, including form SF-95's or any correspondence that shows an intent to sue for money damages, must attach the following information to the claim:
- The day, month, and year the claim was received.
- The name of the location receiving the claim.
- The name of the employee receiving the claim.

This information is essential in determining the validity of a claim and the agency's ability to support that determination in court.

The date used in determining compliance with the statute of limitation requirements is the date the appropriate Federal agency received the claim.  All other dates (the date the claim was prepared, signed by the claimant, or mailed) are irrelevant.  An agency may be liable for claims that fail to meet the statute of limitation requirements if that agency is unable to verify the date they received the claim."
[page 11]
http://www.afm.ars.usda.gov/ppweb/pdf/227-01.pdf

12

[page 17, Ibid.]

I did find some USMS Directives on handling FTCA Tort Claims, and it seems that the USMS
did not follow USMS protocol on giving me a Form 95 back in Sep2010:

> during the execution of USMS law enforcement duties.  District employees should inform persons, who
> contact them seeking compensation for damages, of the need to complete an administrative tort claim for
> submission to the Office of General Counsel at headquarters.

In context it reads:

**TORT CLAIMS**

Instructions for Submitting an Administrative Tort Claim with the United States Marshals Service

A.     **Administrative Tort Claims:** Sometimes the action of USMS employees, acting within the scope of their
employment, cause tort-type damage and injury claims to be filed with the U.S. Marshals Service.  Motor
vehicle accidents, misplaced prisoner property, and false arrest claims, to name a few, sometimes occur
during the execution of USMS law enforcement duties.  District employees should inform persons, who
contact them seeking compensation for damages, of the need to complete an administrative tort claim for
submission to the Office of General Counsel at headquarters.

    1.     A copy of the Standard Form 95 (SF 95), *Claim for Damage, Injury, or Death*, and the *Additional
Instructions* are posted on the OGC Website.  The SF 95 is the prescribed form with which to file
such claims.  These documents may be accessed through the USMS Intranet, under
**Administrative**, **Legal**, **Tort Claims** then select the type of claim involved:

       a.     Motor Vehicle Accident

       b.     Prisoner

       c.     Law Enforcement/Other

    2.     After providing the SF 95 and the Additional Instructions to claimants, refer them to the OGC for
any future questions or assistance and send the completed claim to then address in the
*Additional Instructions.*

[Page 4 of 10, ," USMS Directives " ]
http://www.usmarshals.gov/foia/Directives-Policy/general_management/3_Legal_Authority.pdf

As to my form / complaint being incomplete, the Agency / Department is required to timely
notify " claim as soon as possible.  This notification must identify the deficiencies and cite the
law supporting that determination. ", which USMS and the US Attorney did not do:

> " **Invalid or Incomplete Claims**
> The designated TCR will notify in writing any party submitting form SF-95 or written
> correspondence that does not meet the requirements of an administrative claim as soon as
> possible.  This notification must identify the deficiencies and cite the law supporting that
> determination.
>
> However, if the TCR does not receive a corrected administrative claim from the claimant
> within 4 months after receipt of the initial claim, the TCR will contact OGC to determine
> the appropriate course of action.  A claimant may elect to treat 6 months after the filing of

a claim as a denial and initiate court action.  (See Section 13, Lawsuits Against the United States.)  In this case, the claimant may intentionally ignore the TCR's request for information and demand for substantiation of the claim. "
[p. 14]

**Attachment 3: Formal notice to US Attorney Preet Bharara that Auerbach may be violating perjury laws and NY Judiciary §487 on "intent to deceive" any Court in NY State**



Page 1 of 11

VIA USMAIL   US Atty Bharara: office is, I allege, now guilty of a criminal misdemeanor

Peter Lindner

"intent to deceive" NY Judiciary §487, by twice submitting affidavits of USMS General Counsel

From:     "Peter Lindner" <nyc10003@nyc.rr.com>
Date:     Friday, October 05, 2012 9:59 AM
To:       "Christopher (USANYS) Harwood" <Christopher.Harwood@usdoj.gov>
Cc:       "Jennie Woltz, Esq" <jwoltz@littler.com>; "Kurt Peterson" <KPeterson@littler.com>; "David Jones" Auerbach that
          <David.Jones6@usdnj.gov>; "Janice Tate" <janice.tate@usdoj.gov>    will claim are filed with
Attach:   Document 57 Exhibit by Auerbach Filed 22 Sep2012 Reply by US Atty Harwood to dismiss.pdf; Document 40   him In
          DECLARATION of Gerald Auerbach 16Jul2012.pdf; Judiciary Law 487 rotated (2).pdf; Document 62 Filed Sep indexed
          25 2012 by US Atty Harwood that now reveals Lindner filed in Sep2010.pdf; Reference to 3 agencies by DOJ and NONE
          OIG on Sep 13 2010.doc; Reference to 3 agencies by DOJ OIG on Sep 13 2010.pdf    were from me.
Subject:  Fw- Please correct your, Preets and USMS GC Auerbachs intent to deceive the Court in NY State by giving
          information on Sep 27 2012 that you know now is false on Oct 3 2012 (or earlier)    And then in a foot note

Chris:                                                                        on 9/25/2012 retracting

1) Please forward this to Preet Bharara, SDNY US Attorney, whose name is on the 2 page Document 62    that claim, but not
of Wed, Sep 25, 2012.                                                         explaining why he having Auerbach

Case 1:11-cv-08365-AJN-MHD   Document 62   Filed 09/25/12   Page 2 of 2    explain why.

Page 2                                                                       The case 11cv8365 could
                                                                             have been thrown out on the
                                                                             basis of Auerbach's misleading
                                                                             or indeed false

Respectfully submitted,                                                      DECLARATION under
                                                                             "penalty of perjury"

PREET BHARARA
United States Attorney                                                       As you know,
                                                                             "intent to deceive"
By: Christopher Harwood /ss/                                                 does NOT have to
CHRISTOPHER B. HARWOOD                                                        be successful to
Assistant United States Attorney                                             be a criminal misdemeanor
86 Chambers Street, Third Floor                                              subjecting Harwood,
New York, New York 10007                                                     Auerbach and now you
Telephone: (212) 637-2728                                                     to losing your license to
Facsimile: (212) 637-2786                                                    practice law in NY State

cc:   BY EMAIL (nyc10003@nyc.rr.com)                                          & SDNY.
      Peter Lindner, pro se plaintiff

      BY EMAIL (jwoltz@littler.com)                                           Lindner
      Jennie D. Woltz, Esq., counsel to the court security officer defendants    10/5/2012
                                                                             1845 AM

2) For "due diligence", did you ask USMS General Counsel Auerbach why he did not find my Sep2010
and the DOJ Sep2010 and the DOJ followup a year later on my claim?

    5.  The review of the FTCA claim records revealed that, prior to July 16, 2012, plaintiff
    had never submitted any FTCA claims to the United States Marshals Service — whether arising
    out of the alleged assault described in the complaint here or otherwise.

10/5/2012

15