

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

April 16, 20[--]

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: APR 16 201[-]

**BY EMAIL:** *NathanNYSDChambers@nysd.uscourts.gov*
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
11 Civ. 8365 (AJN) (MHD)

Dear Judge Nathan:

    This Office represents the Federal Defendants in the above-referenced lawsuit, in which Plaintiff is pursuing *pro se* claims under the Federal Tort Claims Act and *Bivens*. On March 26, 2013, this Court issued an Opinion and Order dismissing this case as to both the Federal Defendants and the CSO Defendants. On April 15, 2013, this Court issued an Order denying Plaintiff's motion for reconsideration. Plaintiff recently contacted me asking why a letter I had submitted to the Court on October 12, 2012 (which contained substantive argument and attached several documents) was not posted on the docket. To ensure that the record is complete in the event of an appeal, I respectfully request that the October 12, 2012 letter be docketed. For the Court's convenience, I am submitting herewith a courtesy copy of that letter with the attachments.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By: _____

    CHRISTOPHER B. HARWOOD
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, New York 10007
    Telephone: (212) 637-2728
    Facsimile: (212) 637-2786

Page 2

cc:    **_BY EMAIL and FIRST CLASS MAIL (nyc10003@nyc.rr.com)_**
Peter Lindner, *pro se* Plaintiff
1 Irving Place, Apt. G-23-C
New York, NY 10003

    **_BY EMAIL (jwoltz@littler.com)_**
Jennie D. Woltz, Esq., counsel to the CSO Defendants



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

October 12, 2012

**BY EMAIL:  NathanNYSDChambers@nysd.uscourts.gov**
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lindner v. Court Security Officer (CSO) Newell, et al.*
    11 Civ. 8365 (AJN) (MHD)

Dear Judge Nathan:

    This Office represents the Federal Defendants in the above-referenced lawsuit, in which Plaintiff is pursuing *pro se* claims under the Federal Tort Claims Act ("FTCA") and *Bivens*. The Federal Defendants have moved to dismiss the complaint, and briefing on their motion was completed on September 22, 2012. We write respectfully to request: (1) a stay of discovery pending resolution of the Federal Defendants' motion to dismiss; and (2) leave to file the attached declaration in further support of that motion. The declaration attaches copies of two complaints that the United States Marshals Service's ("USMS") Office of Inspection received from Plaintiff in 2010. We referenced these complaints in a September 25, 2012, letter to the Court, and Plaintiff has since contacted the USMS directly seeking copies of these complaints. As discussed below, the complaints corroborate the Federal Defendants' showing that Plaintiff did not properly exhaust his administrative remedies under the FTCA prior to filing this lawsuit.

    While our motion papers already demonstrate that the complaint should be dismissed, it would be beneficial to supplement the record to include the above-referenced complaints. This is especially true because since we submitted our September 25, 2012, letter, Plaintiff has sent this Office numerous emails, and left us multiple voicemails, making baseless allegations of misconduct against us and the USMS. He maintains that the fact that the Office of Inspection received the two complaints in 2010 confirms that: (1) he submitted an FTCA claim to the USMS in 2010; and thus (2) our position — and the statements in the USMS's prior declarations — that he did not submit an FTCA claim to the USMS prior to filing this lawsuit are false. Additionally, Plaintiff has contacted at least two current employees of the USMS directly in an attempt to obtain the Office of Inspection complaints.

Page 2

Accordingly, with this letter, we are submitting copies of the Office of Inspection complaints. *See* 10/12/12 Auerbach Decl. ¶ 6 & Exs. A, B. A review of these complaints confirms that they lacked information sufficient to put the USMS on notice that Plaintiff was pursuing a tort claim against it. Neither of the complaints includes a claim for money damages — much less the requisite claim for money damages in a sum certain. *See* 28 C.F.R. § 14.2(a). In fact, the complaints assert that the conduct described therein violated various criminal statutes; thus, Plaintiff appears to have been seeking criminal prosecutions rather than civil damages. *See* 10/12/12 Auerbach Decl. Exs. A, B. In addition, the complaints focused on the alleged conduct of CSO Newell and Judge Sullivan — individuals who are not employed by the USMS. *See id.* Complaints like these — which lack a claim for money damages in a sum certain, as well as other basic information necessary to put an agency on notice that the claimant is pursuing a tort claim against it — do not qualify as FTCA claims sufficient to satisfy the FTCA's exhaustion requirement. *See* Fed. Def. Reply Mem. 4-5 (citing cases).

We also respectfully request that the Court stay all discovery pending resolution of the Federal Defendants' motion to dismiss. The motion is fully briefed, and the arguments raised therein are compelling and fully dispositive. Moreover, no amount of discovery could cure the deficiencies in Plaintiff's claims. Furthermore, the stay is needed because over the last several weeks, Plaintiff has sent multiple emails (and made multiple calls) to the USMS and us seeking not only the Office of Inspection complaints, but also other documents and information.[1] Finally, Plaintiff would not be unfairly prejudiced by the limited stay we are requesting.[2] Indeed, Plaintiff is primarily seeking the Office of Inspection complaints, and through this submission, we are providing them to him. Accordingly, the stay is warranted. *See Integrated Sys. & Power v. Honeywell Int'l, Inc.*, No. 09-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion."); *Niv v. Hilton Hotels Corp.*, No. 06-7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) ("Good cause [for a stay] may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short

---

[1] For example, Plaintiff has requested: (1) an in-person meeting with a court stenographer so that this Office may "confirm or deny that Ms. Sally Smith testified in Court for the AUSA's case as a CI, and that during that episode, Ms. Smith was confronted to perjure herself"; (2) "any communications" that refer to Plaintiff between this Office and the USMS's declarant in this case, USMS General Counsel Gerald Auerbach; and (3) "a sworn affidavit from USMS GC Auberbach on all interactions on this matter."

[2] After the Federal Defendants filed their motion to dismiss, Plaintiff submitted an SF-95 FTCA claim form ("SF-95") to the USMS. *See* Fed. Def. Reply Mem. 5. The SF-95 was deficient and the USMS has since told Plaintiff what he needs to do to perfect his claim. *See id.* at 6 n.9. The stay we are seeking would not preclude Plaintiff from communicating with the USMS to the extent it is for the purpose of perfecting this claim.

Page 3

period of time, and the opposing party will not be prejudiced by the [stay]."); *Gandler v. Nazarov*, No. 94-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where the defendants had filed a "potentially dispositive" motion to dismiss that "appear[ed] to be not unfounded in the law," and the "plaintiffs ha[d] not presented any evidence to suggest that they w[ould] be unfairly prejudiced by a stay").

Notably, on July 20, 2012, in response to a motion from Plaintiff seeking discovery from the non-Federal Defendants, this Court (Dolinger, J.) stayed all discovery as to the non-Federal Defendants pending resolution of their separate motion to dismiss. *See* Dkt. No. 44. The Federal Defendants are merely seeking an extension of that stay.

Given the tenor of Plaintiff's filings in this case and prior communications to us and the USMS, we have not conferred with him regarding the discovery stay we are seeking. We assume that Plaintiff will oppose the requested relief.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2728
Facsimile:  (212) 637-2786

cc:   **BY HAND**
The Honorable Michael H. Dolinger, U.S. Magistrate Judge

**BY EMAIL and FIRST CLASS MAIL (nyc10003@nyc.rr.com)**
Peter Lindner, *pro se* Plaintiff

**BY EMAIL (jwoltz@littler.com)**
Jennie D. Woltz, Esq., counsel to the non-Federal Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER LINDNER,          )
     PLAINTIFF,     )
               )
v.                )       CIVIL NO. 11-CV-8365
               )
NEWELL, ET AL.,       )
     DEFENDANTS.   )

## THIRD DECLARATION OF GERALD M. AUERBACH

I, Gerald M. Auerbach, declare the following to be true and correct:

1. I am the General Counsel for the United States Marshals Service, Department of Justice, Arlington, Virginia and am responsible for overseeing the administrative tort claims received by this office. I submit this declaration in further support of a pending motion to dismiss the above-referenced lawsuit.

2. This office is the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to the United States Marshals Service under the Federal Tort Claims Act (FTCA). All such claims are forwarded to the Office of General Counsel for disposition.

3. As a routine business practice, this office maintains a record of each such claim. The claims are indexed by claimant.

4. The United States Marshals Service, Office of Inspection, maintains a separate record of complaints received by it.

5. On September 24, 2012, my office (the Office of General Counsel) learned that the Office of Inspection had received two complaints from plaintiff Peter Lindner. The first led to a case (#10-0519) being opened on September 30, 2010. This case was closed on October 20, 2010. The second led to a case (#11-0056-I) being opened and closed on November 3, 2010.

6. On October 4, 2012, my office obtained a copy of the complaints that led to the case openings referenced above in paragraph 5. These complaints were forwarded to my office by the Office of Inspection. Neither of these complaints was treated by the United States Marshals Service as an FTCA claim. Indeed, prior to October 4, 2012, neither of the complaints had been forwarded to the Office of General Counsel. Accordingly, neither of the complaints was entered into the United States Marshals Service's FTCA claims database. A true and correct copy of the complaint for case 10-0519 (as received by my office from the Office of Inspection) is attached hereto as Exhibit A, and a true and correct copy of the complaint for case 11-0056-I (as received by my office from the Office of Inspection) is attached hereto as Exhibit B.

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Gerald M. Auerbach
General Counsel
United States Marshals Service
Arlington, Virginia 22202
(202) 307-9054

Executed on: _10 / 12_____, 2012

# Exhibit A

Wednesday, September 22, 2010 8:51 PM

**To the 3 agencies: Admin, USM, FBI;**

1) Administrative Office of the US Courts
   One Columbus Circle NE
   Washington, DC 20544

2) US Marshals Service
   Office of Inspection
   Washington, DC 20530

3) FBI
   Criminal Investigative Division
   Washington, DC 20535-0002

Sirs:

I was referred by the US DOJ (address below and 9/13/2010 letter attached) to your 3 agencies.

US Department of Justice
Office of the Inspector General
Investigations Division
1425 New York Ave NW, Suite 7100
Washington, DC 20530

I had a problem that has been ongoing, and the DOJ letter refers to my letter of 8/13/2010, which I can't find. However, in the meantime there has been a new development, of me being assaulted on Friday, August 20th, 2010 by the Court Security Officer Newel in front of the Clerk's Office for the Second Circuit Court of Appeals.

**I hereby file my complaint to you about an Assault and Battery and intimidation** by (CSO) Court Security Officer Newel in front of the 2nd Circuit Court of Appeals, between 3:30pm and 5:15pm on Friday Aug 20, 2010 on the 3rd floor of 500 Pearl St., while I was reporting a series of mail delayed to the 2nd Circuit. I have proof of envelopes stamped USM and SDNY when the address shows the letter was address to the 2nd Circuit. I have been unable so far to file / report a criminal complaint done by a powerful person. I had also called the US Attorney civilian criminal complaint line the day after the incident, and have not been called back.

I attach my letter of "Friday, September 10, 2010 6:55 AM, Via Hand-Carried" to the NY US Attorney, which they mailed back to me. If you see the last page of that letter, it will have the letter clearly addressed to the Second Circuit Court of Appeals, but stamped by the US Marshal in SDNY and the SDNY Pro Se Office. This is a violation of 18 USC §1512(b)(3). I believe the assault by CSO Newel makes it a more serious violation of 18 USC §1512(a).

Yesterday, the Assistant US Marshal James Howard agreed to meet with me, and I plan to see him with my lawyer on one of 3 dates I proffered him today. He maintains there is no such thing as a case number or complaint number for the US Marshal, but I am skeptical. I wish to get a formal complaint number, for this violation of the law, punishable by up to 20 years imprisonment, for attempting to hinder or delay my communication to a federal judge about a possible federal crime (to wit: witness tampering).

Sincerely yours,

Peter W. Lindner
1 Irving Place, #G-23-C
NYC, NY 10003
home/fax: 212-979-9647
cell:        917-207-4962
email:    nyc10003@nyc.rr.com

Attachments:
1) Letter of 9/13/2010 from DOJ
2) 8 page letter returned to me by SDNY US Attorney

## Attachment 2: 8 page letter returned to me by SDNY US Attorney

Friday, September 10, 2010 6:55 AM
Via Hand-Carried

To the New York US Attorney:

### Summary of key Crime

I hereby file my complaint to you about an Assault and Battery and Intimidation by (CSO) Court Security Officer Newel in front of the 2nd Circuit Court of Appeals, between 3:30pm and 5:15pm on Friday Aug 20, 2010 on the 3rd floor of 500 Pearl St., while I was reporting a series of mail delayed to the 2nd Circuit. I have proof of envelopes stamped USM and SDNY when the address shows the letter was address to the 2nd Circuit. I have been unable so far to file / report a criminal complaint done by a powerful person. I had also called the US Attorney civilian criminal complaint line the day after the incident, and have not been called back.

I am trying to finish this letter quickly, since it is 8:30 am and have to give this to the hand courier before he/she leaves.

I attach copies of some photos which show (although blurry) that the documents addressed to the 2nd Circuit were (first) intercepted and stamped by the SDNY (Southern District of NY). I swear this is true to the best of my knowledge and ability, and can get this notarized.

### History

Moreover, this is a string of events, where my communications to a federal judge about possible federal crimes were (knowingly) delayed, in violation of 18 USC 1512(b)(3) in the summer of 2009. However, with the physical assault in August 2010, I believe this moves the crime to 18 USC 1512(a), which means from 20 to 30 years of maximum imprisonment for each of the parties who engaged. The possible federal crimes included witness tampering by IBM in June 2009, and the federal Judge was SDNY Chief Judge Preska in July-August-September 2009; and now the Judges are also the 2nd Circuit in June-August 2010. I have actual letters (which can be tested for contact DNA and fingerprints) and photos of them. There may be video tapes of the Newell (Newel?) incident, and eyewitness including CSO Muschitello, which I hope will not be tampered with. Also, CSO Newel reported (circa 8/26/2010) to USM Betty Ann Pascarella that he (CSO Newell) did not make physical contact with me, which I think is now also a federal crime to mislead a USM. Additionally, ORDER #130 by USDJ Sullivan in 06cv4751 (first page attached below) is an attempt to intimidate, influence, delay or hinder me from reporting to the federal Law Enforcement Officer known as the US Marshal a possible federal crime of witness tampering by IBM, which I pointed out the next day to USDJ Sullivan was in and of itself a crime by him to do so knowingly – yet the ORDER was not lifted for several months.

I appealed his decision of Summary Judgment to the 2nd Circuit Court of Appeals, which today I went to talk to them, and while talking to a US Marshal about someone messing with my mail to the 2nd Circuit, a US Marshal hit me in the forehead with his name tag between 3:30pm and 5:15pm on Friday Aug 20, 2010 on the 3rd floor of 500 Pearl St.

I had gone to the 2nd Circuit to see if IBM was making a frivolous motion about denying me an extension of time. I had sent in 3 submissions to the 2nd Circuit, two of which came back to me with SDNY stamps on it or SDNY stationary. I complained to the 13th Precinct and also to the USPS Postal Police. I found out on Aug 20th that on Aug 18, Judge Chin denied my extension to Sep 2010, so I told the 2nd Circuit Clerks that they should call the Police, and they reluctantly called the US Marshal. I spoke to CSO Muschitello and some other US CSO came by and said something as a nasty aside, and I said "What did you say?" and he said "None of your business" (words to that effect). I said "What is your name", and he refused to tell me. Since the CSOs wear a blazer that has a plastic plaque that goes in the breast pocket, I asked CSO Muschitello if I can pass by that other CSO to see his name tag. That CSO then took the plaque out of his pocket (CSO Newell) and held it inches in front of my eyes (I wear glasses). And then CSO Newel bumped the name tag plaque against my face, right side temple near eyes. If I were a woman or old person (I'm 60), that would be incredible, and it was a bit intimidating. I reported it via phone at about 8-9pm on the US Attorney Civilian Criminal Complaint line. Two separate calls: one for someone attempting to hinder or delay my communications to a federal judge about a possible federal crime, and the 2nd one for being hit in the face by CSO Newell.

I will add that he apologized (as I was leaving the 3rd floor office of the 2nd Circuit Clerk, escorted out by CSO Muschitello) for putting the name tag so close to me. I said You didn't put it close to me, you hit me with it. Will you apologize for that? And he apologized for that and we shook hands. But later a friend said to me that that was a crime, and that he had not heard of a Federal officer doing such an (out of control) thing. That's why I called the US Attorney. Afterwards, I wondered, there must have been a lot of pressure on the Marshals / CSOs to stop me, and maybe that's why he went ballistic. Is the pressure due to my inquiries about USDJ Sullivan?

I also determined that my mail had been intercepted by the US Marshals, re-routed to the SDNY, and then sent to the 2nd Circuit, since a US Marshal (either USM Howard or USM Murphy) looked at my cell phone photos outside the Court House (cell phones are checked at the front entrance), and said the stamp on the envelope was USM.

I think I'm being denied due process in the Court House (by USDJ Sullivan) and abuse of discretion, when I could not depose the named defendants in the IBM case, and my Summary Judgment reply to IBM was filed and USDJ Sullivan wouldn't take it (I had injuries that were told to USDJ Sullivan), and then ruled that since it was not filed, then IBM wins the Summary Judgment. Now the 2nd Circuit has my 3 submissions in wrong order (#3, then #2 and #1), where #1 was the full 40 page motion, and #2 and #3 were the 4 page request for extension. I have asked my US Congressional Representatives to look into impeaching USDJ Sullivan for violation of Article III of the Constitution on holding office during "good behavior."

Mr. US Attorney, something rotten is going on here. I think we need to have someone official take down my complaint against USDJ Sullivan's ORDER #130 (Oct2009) and the intimidation / assault by CSO Newel on Fri Aug 20 2010 at 4:15-5:15pm (I have 4:59pm in my Daytimer). I hope, as my friend pointed out, the US Marshal or CSO doesn't "lose" the video tapes. And if CSO Newel will assault me in front of his colleague and on video tape, what will happen if they get me to an area that is not taped? Will I be killed? Or "accidentally" fall down the stairs?

I'm alleging that USDJ Sullivan's ORDER#130 was a violation of 18 USC 1512(b)(3), which is a criminal act punishable by up to 20 years imprisonment. If USDJ Sullivan is indeed a lawbreaker, and now: corrupt, wouldn't others jump in to protect their corrupt judge as a "get out of jail free" card? [A monopoly game card reference, but in this situation, get out of jail for a fee.] Would felons (corporate, mob) and civil offenders (corporate) cherish USDJ Sullivan, and not want to lose His Honor from the bench?

If the US Marshal's Office stamped a letter and twice gave it to the SDNY instead of the 2nd Circuit, wouldn't it appear that they are violating 18 USC 1512(b)(3) and now also USPS regulations on tampering with the mail? I asked the next pair of Marshals, who took me to their Office (4th Floor): US Marshal James Howard and his subordinate Brian Murphy, about what they would do if someone reported the mail problem, he said "no crime would have been committed," and he would just give a disciplinary note to any Marshal in his employ who had done so. Marshal Howard did say he would fill out a USM11 report on the incident, but said the document has no number or identifying tag on it except the date.

Summary

So, maybe I can convince you to take down the attempted intimidation by USDJ Sullivan in Oct2009, and the assault and intimidation complaint by CSO Newel while I was making a complaint about a possible federal crime to the 2nd Circuit authorities, who called the CSO or the Marshals, who called in the CSO's.

By the way, the 2nd Circuit Clerk Margaret Lain told me in August that I mis-addressed the envelope to 500 Pearl St, when it should go to Foley Square. But in the 3rd floor of 500 Pearl St's 2nd Circuit Clerk's office, I saw and photocopied a schedule for the day that listed 2nd Circuit at 500 Pearl St. So, that proves my address was correct. I have a copy of that document, too.

Regards,
      Peter
Peter Lindner
1 Irving Place, #G-23-C
NYC, NY 10003
home/fax: 212-979-9647
cell:   917-207-4962
email: nyc10003@nyc.rr.com

**ORDER #130 of USDJ Sullivan which I interpreted as an attempt to hinder or delay my communication to a federal Law Enforcement Officer about a possible federal crime**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER W. LINDNER,

                           Plaintiff,

     -v-

INTERNATIONAL BUSINESS MACHINES
CORP., ROBERT VANDERHEYDEN, HEATHER
CHRISTO HIGGINS, JOHN DOE #1, and JOHN
DOE #2,

                    Defendants.



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/09

No. 06 Civ. 4751 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court has been forwarded a letter dated October 2, 2009, sent by Plaintiff to the United States Marshals. The letter berates the Court in deeply personal terms, suggesting that the undersigned should be impeached for being corrupt and for receiving bribes from Defendant IBM. The letter is attached to this order.

By order dated September 2, 2009, the Court instructed Plaintiff that all litigants, including pro se litigants, are obligated to treat their adversaries and the Court with respect. This order followed Plaintiff's comparison of the Court to "disgraced President Nixon" and the Nazi collaborators of Vichy France. Accordingly, Plaintiff IS HEREBY ORDERED to show cause why he should not be sanctioned under 18 U.S.C. § 401 for accusing the Court of being corrupt and accepting bribes, in direct contravention of the Court's prior order. Plaintiff shall submit a letter to the Court no later than Wednesday, October 14, at 5:00 p.m.

**Attachment 1: Letter of 9/13/2010 from DOJ**



Letter clearly addressed to 2nd Circuit





USM Stamp on envelope addressed to 2nd Circuit, but stamped by US Marshal SDNY and by Pro Se
Office of SDNY



**Letter clearly addressed to 2nd Circuit but envelope from SDNY**



# Exhibit B

| Case # | Open Date: | Date Assigned: | Close Date: | Type Case: | Inspector: | Investigating Agency: |
|---|---|---|---|---|---|---|
| 11-0056-I | 11/3/2010 | | 11/3/2010 | Administrative | | OIA |

| Date Sent to OIG: | Date Received from OIG: | OIG Case Number: | Date Sent to CRD: | Date Received from CRD: |
|---|---|---|---|---|
| | 9/13/2010 | 2010-009670 | n/a | |

| Last Name: | First Name: | Middle Name: | Position: | Prior Cases: |
|---|---|---|---|---|
| Unidentified | | | | n/a |

| District/Division: | SSN: | EOD: | DOB: | Noteable? ☐ |
|---|---|---|---|---|
| S/NY | | | | |

**Allegation**

Violation of the Code of Professional Responsibility

**Allegation Detail:**

Scheme/conspiracy

**Allegation**

**Allegation**

**Allegation**

| Complainant: | Private Citizen/Title: | Anger Management Issue? ☐ | Case Link: |
|---|---|---|---|
| Linder, Peter | Private Citizen | | \\usms-nas-hq3\oi-shared\oia\cas |

| Date sent to ERT: | Discretionary Closure? ☐ | Disposition: | Initial Case Information: |
|---|---|---|---|
| | | Information Only No Investiga | |

| OIG report required?: ☐ | OIG report sent?: ☐ | Date report sent: | Disposition Date: | Disposition Link: | Destroyed: |
|---|---|---|---|---|---|
| | | | | | |

| AD/DD Letters: |
|---|
| |

**MEMO:**

Complainant alleges that he wrote a letter to a U.S. Marshal, indicating that a federal judge violated "18 USA section 1512(b)(3)". This U.S. Marshal allegedly forwarded the letter to the judge in question.



**U.S. Department of Justice**

Office of the Inspector General

*Investigations Division*

---

*1425 New York Avenue NW, Suite 7100*
*Washington, D.C. 20530*

September 13, 2010

**MEMORANDUM**

**TO:**      Jill C. Sayenga
            Deputy Director
            Administrative Office of the U.S. Courts

**FROM:**    Eric A. Johnson
            Special Agent in Charge
            Special Operations Branch
            Investigations Division

**SUBJECT:**   Richard Sullivan

The attached complaint was received by this office on August 13, 2010.

After reviewing this complaint, we have determined that an investigation by the Office of the Inspector General is not warranted.  Therefore, this matter is being referred to you for whatever action you deem appropriate.

This information was also provided to the Federal Bureau of Investigation, Criminal Division, for review.

The Inspector General Act requires that the identity of complainants not be disclosed unless disclosure is unavoidable during the course of an investigation.  Please keep this request in mind in connection with any action that you should take regarding this matter.

Please refer to OIG file No. 2010-009670 in any correspondence relating to this matter.

**Attachment**

**CC:**

**Stanley E. Griscavage**
**Assistant Chief**
**U.S. Marshals Service, Office of Inspection**

OIG - INVESTIGATIONS DIVISION  -  Complaint Form        OIG NO.: NY-498-2010-009670-X

Received By: LERCH, COURTNEY          Date Received:  08/13/2010   How Received:  H

SUBJECT: Sullivan, Richard                        Key: 501895    SSNO:
Title: JUDGE                         Pay Plan:                  D.O.B.:
Component: COURT                     EOD Date:             Alien No.:
Misc: US District Judge                                    F.B.I.No.:
Home:                                                      B.O.P.No.:
Phone:                               ZIP:           D/L No.:
Work: 500 Pearl Street, New York, NY                      Offenses: 498
Phone:                               ZIP:                           688

SUBJECT: Unidentified, USM                        Key: 280983    SSNO:
Title: UNID                          Pay Plan:                  D.O.B.:
Component: USM                       EOD Date:             Alien No.:
Misc:                                                      F.B.I.No.:
Home:                                                      B.O.P.No.:
Phone:                               ZIP:           D/L No.:
Work:                                                     Offenses: 402
Phone:                               ZIP:                           688

COMPLAINANT: Lindner, Peter                       Key: 501896    SSNO:
Title: CIVIL                         Pay Plan:                  D.O.B.:
Component: CITZN                      EOD Date:             Alien No.:
Misc:                                                      F.B.I.No.:
Home: 1 Irving Place, #G-23-C, New York, NY               B.O.P.No.:
Phone:                               ZIP: 10003     D/L No.:
Work:
Phone:                               ZIP:
Confidential:                        Revealed:             Authority:

Details:
The complaint was received via the OIG Civil Rights/Liberties fax hotline on 8/13/2010.

The Complainant reported that Subject Sullivan violated "18 USA section 1512(b)(3)" by
attempting to prevent the Complainant from reporting a potential federal crime to a federal
law enforcement officer. The Complainant stated that in a letter to a U.S. Marshal, he (the
Complainant) said that he wanted to report a possible crime and "that it may lead to USDJ
Sullivan being part of the scheme/conspiracy. Wisely or unwisely, the US Marshal forwarded
that letter to USDJ Sullivan who issued the aforesaid ORDER #130 which threatened me with
Contempt of Court unless I show cause why I should not be held in contempt for what I wrote,
the US Marshal. This to me is proof positive in black and white that my communication about
a possible federal crime was attempted to be hindered/delayed/threatened or intimidated by
USDJ Sullivan. It is legal under 1512 to communicate to a LEO, and it is illegal to attempt
to hinder or delay such communications, about a 'possible' federal crime." [all sic]

ALLEGATIONS: 498 Non-DOJ Official Misconduct
Occurrence Date:                     TIME:
CITY: New York                       State: NY                 Zip:

DISPOSITION DATA: Disposition:   X   Date:  09/03/2010    Approval: JOHNSON, ERIC A.

Referred to Agency: COURT        Date Sent:  09/13/2010    Component: COURT

Patriot Act: N    Civil Rights:N    Recovery Act:    Component Number:

Sensitive: N    Whistleblower:  N         Consolidated Case Number:

OIG - INVESTIGATIONS DIVISION  -  Complaint Form     OIG NO.: NY-498-2010-009670-X

Remarks:

9/13/2010 - Referred to Courts and FBI Criminal Division; cc to USMS/OIA.
Ackno sent to Complainant. [cnl]

08/13/2010 09:26 FAX  2129799647

*[handwritten]* 2010-009670

☑0001/0003

# Department of Justice
# Office of the Inspector General

*[handwritten]* (X) counts
cc FBI crim
cc USM/OIA
a ckno complainant
SMB 8/13/10

# Online Complaint Form for Reporting Violations of Civil Rights or Civil Liberties

This form allows individuals to report a violation of civil rights or civil liberties by a Department of Justice employee.  Section 1001 of the USA Patriot Act directs the Inspector General to review information and receive complaints alleging abuses of civil rights and civil liberties by Department of Justice employees. The OIG has created a special section in its Investigations Division to process these complaints. This section will identify the more serious civil rights and civil liberties allegations and assign them to OIG employees for investigation. The OIG will refer other complaints to Department components for their review and handling.

For the Privacy Act Notice associated with this form please visit  http://www.usdoj.gov/oig/FOIA/privacyComplaint.htm

**Instructions:**

Fill in the form at right.

To provide information by mail or facsimile, send to:
Department of Justice
Office of the Inspector General
Civil Rights and Civil Liberties
950 Pennsylvania Avenue, N.W.
Room 4706
Washington, DC 20530
FAX # 202-616-9898

## Your Information

| | |
|---|---|
| Your Name | Peter Lindner |
| Address Type | Home |
| Street Address | 1 Irving Place, #G-23-C |
| City | NYC |
| State | New York |
| Zip Code | 10003 |
| Country | USA |
| Phone Number | 9172074962 |
| Fax Number | 2129799647 |
| E-mail | nyc10003@nyc.rr.com |
| Year of birth | 1949 |
| Last four digits of SSN | 0792 |

## Information about the Person you are complaining about

| | |
|---|---|
| Name | USDJ Richard Sullivan |
| Job Title | US District Judge |
| Address Type | Work |
| Street Address | 500 Pearl St |
| City | NYC |
| State | New York |
| Zip Code | |
| Country | USA |
| Phone Number | |
| Fax Number | |
| E-mail | |

08/13/2010 09:27 FAX  2129799647                                    ☑0003/0003

Today I called several agencies and may have been given the run-around / wild-goose-chase. They are:
• NYPD IAB Sgt. Casella and Sgt. Catalano 212-741-8401,
• NYC Inspector General with Detective Mastrogiacomo 212-825-5963,
• US DOJ Inspector General 800-869-4499

Please list any other government entities you are notifying about this incident:

NYPD IAB, US Senator Gillibrand, US Senator Schumer, US Representative Carolyn Maloney

ONLINE SUBMIT BUTTON DO NOT WORK YESTERDAY 8/12/2010

**Certification**

I certify that the information contained herein is true and correct to the best of my knowledge.

Name: Peter W. Lindner                              9:23am 8/13/2010

| Clear | Submit | Print Form |

*Supporting documentation may be included as an attachment in the e-mail*